UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN, ) | Civil Action No.: 05-11167MLW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | DEFENDANTS' MEMORANDUM |
| ) | OF LAW IN SUPPORT OF |
| ) | THEIR MOTION FOR |
| YUM! BRANDS, INC. AND LOJON ) | SUMMARY JUDGMENT |
| PROPERTY II, LLC ) | |
| ) | |
| Defendants. ) | |

## BACKGROUND

This action arises out of Plaintiff's alleged fall in the parking lot of the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts on June 21, 2002. Plaintiff filed her Complaint on or about May 18, 2005. Defendants removed this action to this Court by Notice of Removal dated June 3, 2005.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Genuine issues of fact are those "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202, 213 (1986). A material fact is one that affects the outcome of the suit. *See id.* at 248.

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v. Catrett,*

477 U.S.317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." *Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (citing *Celotex*, 477 U.S. at 323, *Anderson*, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. *See Carroll v. Xerox Corp.*, 294 F.3d 231, 236-37 (1st Cir. 2002).

## ARGUMENT

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 822, 82 L. Ed. 1188, 1194, (1938). In Massachusetts, a Plaintiff has the burden of proving each and every element of a claim of negligence: duty; breach of duty, or the element of negligence; causation, actual and proximate; and damages. *Bennett v. Eagle Brook Country Store, Inc.*, 408 Mass. 355, 358, 557 N.E. 2d 1166, 1168 (Mass. 1990). Here, Plaintiff fails to show a duty on the part of either of these Defendants and for this reason her claim must fail.

**1.    YUM! Brands, Inc. Neither Owned Nor Operated the Location Where the Claimed Incident Occurred.**

As set forth in the Affidavit of Linda Gregg, Assistant Secretary of YUM! Brands, Inc., (hereafter, "YUM"), YUM neither owned nor operated the premise where Plaintiff claims to have been injured. (Affidavit of Linda Gregg, ¶¶ 11 - 13, a copy of Ms. Gregg's affidavit is attached hereto as Exhibit A, original will be filed with the court upon receipt thereof). As a stranger to the premises, YUM has no duty toward the Plaintiff. In the absence of such duty, Plaintiff's negligence claim against YUM must fail.

**2.     While YUM! Brands, Inc. was the Corporate Parent of the Owner of the Location Where the Claimed Incident Occurred, Plaintiff Shows No Reason for the Court to Disregard Its Separate Existence.**

Corporations are generally to be regarded as separate from each other and from their respective stockholders where there is no occasion "to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries." *My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 618, 233 N.E.2d 748, 751 (Mass. 1968), *quoting M. McDonough Corp. v. Connolly*, 313 Mass. 62, 65-66, 46 N.E.2d 576, 579 (Mass. 1943).  While the general principle is not absolute, a party seeking to disregard a corporate entity must show (1) common ownership; (2) pervasive control; (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporation's funds by dominant shareholder; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud. *Attorney General v. M.D.K., Inc.*, 432 Mass. 546, 555, 736 N.E.2d 373, 380 n.19 (Mass. 2000).

The Affidavit of Linda Gregg indicates that YUM and the entities which owned or own the premises where the alleged incident occurred are separate and distinct and that YUM did not and does not exercise day to day control of the restaurant where the incident is alleged to have occurred. (Affidavit of Linda Gregg, ¶¶ 3 - 10). For the above reasons, disregarding the separate existence of YUM is unwarranted.

**3.     LOJON PROPERTY II LLC Did Not Own the Location Where the Claimed Incident Occurred at the Time of the Incident.**

As set forth in the Affidavit of Linda Gregg, ownership of the premises where the alleged incident occurred did not transfer to LOJON PROPERTY II LLC (hereafter "LOJON") until the year after the incident. (Affidavit of Linda Gregg, ¶ 14). As LOJON did not own the premises where the alleged incident occurred at the time it occurred, Plaintiff fails to show a duty on the

part of LOJON. Accordingly, in the absence of such duty, Plaintiff's claim of negligence against LOJON must fail.

## CONCLUSION

As demonstrated by the Plaintiff's complaint and the Affidavit of Linda Gregg, no facts have been offered which would show a duty on the part of either of these Defendants. Pursuant to Fed. R. Civ. P. 56(c), there is no issue of material fact for a trier of fact to consider which would allow the Plaintiff to recover from these Defendants. The Defendants hereby request that their Motion for Summary Judgment of the Plaintiff's Complaint be granted and all Court costs and attorney's fees be taxed against the Plaintiff.

THE DEFENDANTS,
YUM! BRANDS, INC. and
LOJON PROPERTY II, LLC
By Their Attorney,

_____
Bruce G. Tucker, Esq.
BBO# 553668
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: August 25, 2005

## CERTIFICATE OF SERVICE

I, Bruce G. Tucker, Esquire, hereby certify that on the 25 day of August 2005, I caused to be served the foregoing document by first class mail, postage prepaid to all counsel of record.

_____
Bruce G. Tucker, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YUM! BRANDS, INC. AND LOJON | ) | AFFIDAVIT |
| PROPERTY II, LLC | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF KENTUCKY
COUNTY OF JEFFERSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the above named jurisdiction, *Linda J. Gregg*, who, after being first duly sworn, stated upon her oath as follows:

1. My name is *Linda J. Gregg* and I have personal knowledge of the matters and things stated in this affidavit.

2. I am Assistant Secretary for YUM! Brands, Inc. I am fully familiar with the corporate structure of YUM! Brands, Inc., the type of business in which it is involved, and its relationship to KFC of America, Inc. and KFC Corporation.

3. KFC of America, Inc. was and KFC Corporation is a wholly-owned subsidiary of YUM! Brands, Inc. However, YUM Brands, Inc. is and has been a separate and distinct corporate entity from KFC of America, Inc. and KFC Corporation.

4. YUM! Brand, Inc. is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY.

5. KFC of America, Inc. was a California corporation with its principal place of business in Louisville, Kentucky and was, on December 31, 2002 merged into KFC

Corporation, a Delaware corporation with its principal place of business in Louisville, Kentucky.

6. The management of YUM! Brands, Inc. is and was separate and distinct from that of KFC of America, Inc. and KFC Corporation. YUM! Brands, Inc. conducts and conducted separate directors' meetings from those of KFC of America, Inc. and KFC Corporation and has separate directors and employees.

7. YUM Brands, Inc.'s assets are and were distinct from those of KFC of America, Inc. and KFC Corporation and each corporation is responsible for its own assets and liabilities.

8. YUM! Brands, Inc. is not a retailer selling KFC food products.

9. YUM! Brands, Inc. does not directly own any KFC restaurants in the State of Massachusetts.

10. YUM! Brands, Inc. did not and does not exercise control over the day-to-day activities of KFC of America, Inc. or KFC Corporation.

11. At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts.

12. On June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned and operated by KFC of America, Inc.

13. With the merger of KFC of America, Inc. into KFC Corporation on December 31, 2002, KFC Corporation became the owner and operator of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA.

14. The premises at 625 American Legion Highway, Roslindale (Boston), MA was transferred by KFC Corporation to LOJON PROPERTY II LLC on August 15, 2003.

FURTHER AFFIANT sayeth not.

*Linda J. Gregg*
YUM! Brands, Inc.
ITS: Assistant Secretary

STATE OF KENTUCKY
COUNTY OF JEFFERSON

SWORN TO AND SUBSCRIBED BEFORE ME on this 25th day of August, 2005.

*[signature]*
NOTARY PUBLIC
My Commission Expires:

Notary Public, State at Large, KY
My commission expires Sept. 6, 2005