UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>) |
| YUM! BRANDS, INC. and<br>LOJON PROPERTY II LLC,<br>    Defendants | )<br>)<br>) |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF LINDA J. GREGG**
and
**FOR SANCTIONS PURSANT TO RULE 56(g)**

In support of their motion for summary judgments, the defendants have procured and filed the Affidavit of Linda J. Gregg, attached as Exhibit 1, who holds herself out to be "Assistant Secretary for YUM! Brands, Inc. ("YUM"). Leaving aside the question of what an "Assistant Secretary" is or does to give her personal knowledge of the matters set forth in the Affidavit,[1] most of her statements are either conclusory,[2] contradictory, untrue or half true, none of which complies with Fedf.R.Civ.P 56(e)'s requirement for Affidavits setting forth facts within the personal knowledge of the Affiant.

---

[1] Notably, like the other unsubstantiated, conclusory statements in her Affidavit, she does not say that she is an officer or a director or provide any facts to support her affirmation, but rather the plaintiff and this Honorable Court is left to take her at her word that, by virtue of her being an "Assistant Secretary for YUM! Brands, Inc." she has "personal knowledge of the matters and things stated in this affidavit."

[2] Notably not a single document, such as lists of employees, officers and directors, Board minutes or bank accounts, is attached to her affidavit as factual support for her statements.

-2-

In particular, her statement in Paragraph 14, that "The premises at 625 American Legion Highway, Roslindale (Boston), MA was transferred by KFC Corporation to LOJON Property II LLC on August 15, 2003." is contradicted by LOJON's Answer, which states that on the date of the plaintiff's accident, June 21, 2002, it had "demised" the property to a third party who assumed responsibility for maintenance of the property under the terms of the Lease. Answer, Paragraph 6.

Paragraph 8 of her Affidavit, that "YUM! Brands,Inc. is not a retailer selling KFC food products" is contradicted by YUM's Form 10-K Annual Report to the Securities and Exchange Commission (Exhibit 1 to the plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, hereinafter "Opposition Memorandum"), which states that:

> *YUM is the world's largest quick service restaurant ("QSR") company* based on number of system units, with nearly 33,000 units in over 100 countries and territories. *The YUM organization is currently made up of six operating companies* organized around five restaurant concepts including its three original concepts, *KFC*, Pizza Hut and Taco Bell, and two acquired concepts, LJS and A&W (the "Concepts"). The six operating companies are KFC, Pizza Hut, Taco Bell, LJS, A&W and YRI. [Emphasis added].
>
> Through its five Concepts, *the Company develops, operates, franchises and licenses a worldwide system of restaurants* which prepare, package and sell a menu of competitively priced food items. *These restaurants are operated by the Company* or, under the terms of franchise or license agreements, by franchisees or licensees who are independent third parties, or by affiliates in which we own a non-controlling equity interest.[3]

and Paragraph 9 of her affidavit, that "YUM! Brands, Inc. did not and does not directly own any restaurants in the State [sic] of Massachusetts." is a half-truth, as it was actively engaged in

---

[3]KFC of America Inc was not and KFC Corporation is not a franchisee, licensee or affiliate in which YUM has a non-controlling equity interest; but rather the former was and the latter is a "wholly owned subsidiary of YUM! Brands, Inc." (Gregg Affidavit, ¶3)

-3-

opening a KFC restaurant in Worcester until the Appeals Court reversed the Worcester Zoning Boards grant of a license. <u>Awad v. Tricon Global Restaurants, Inc.</u>, et al., 60 Mass.App.Ct. 1116, 803 N.E.2d 359 (2004)[4](attached as Exhibit 3 to Opposition Memorandum).

Greg's statement in Paragraph 3, that "YUM! Brands, Inc. is and has been a separate and distinct corporate entity from KFC of America and KFC Corporation is a matter of opinion, not fact. So too are her statements in Paragraph 6, that YUM had separate management, conducted separate directors' meetings and has separate directors and employees; Paragraph 10, that YUM did not exercise any control over the day to day activities of KFC or America, Inc. or KFC Corporation, which is contradicted by YUM's Form 10-K; and Paragraph 11, which states that YUM had no control over the the KFC where the plaintiff was injured or in Massachusetts, which is contradicted by YUM's Form 10-K and the Awad case.

WHEREFORE, plaintiff respectfully moves this Honorable Court to strike the Affidavit of Linda J. Gregg and for sanctions, including an award of attorney's fees.

Respectfully submitted,

The plaintiff,
By her attorneys,

John N. Lewis
BBO# 298520
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

**CERTIFICATE OF SERVICE**

hereby certify that I served a copy of the foregoing on the attorney of record for each party and/or party pro se by mail on 9/1/05.
Sworn and subscribed to _____

---

[4]On May 16, 2002, YUM! Brands, Inc. changed its name from TRICON Global Restaurants, Inc. See YUM! Brands, Inc.'s December 28, 2002 Form 10-K report to the United States Securities and Exchange Commission, p. 3, attached as Exhibit 1 to Opposition Memorandum, and Massachusetts Secretary of State's Certificate, attached as Exhibit 2 to Opposition Memorandum.

YUM LAW                    Fax:15028742454              Aug 25 2005  15:01          P.02

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN, | Civil Action No.: 05-11167MLW |
| Plaintiff, | |
| v. | |
| YUM! BRANDS, INC. AND LOJON PROPERTY II, LLC | AFFIDAVIT |
| Defendants. | |

STATE OF KENTUCKY
COUNTY OF JEFFERSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the above named jurisdiction, *Linda J. Gregg*, who, after being first duly sworn, stated upon her oath as follows:

1. My name is *Linda J. Gregg* and I have personal knowledge of the matters and things stated in this affidavit.

2. I am Assistant Secretary for YUM! Brands, Inc. I am fully familiar with the corporate structure of YUM! Brands, Inc., the type of business in which it is involved, and its relationship to KFC of America, Inc. and KFC Corporation.

3. KFC of America, Inc. was and KFC Corporation is a wholly-owned subsidiary of YUM! Brands, Inc. However, YUM Brands, Inc. is and has been a separate and distinct corporate entity from KFC of America, Inc. and KFC Corporation.

4. YUM! Brand, Inc. is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY.

5. KFC of America, Inc. was a California corporation with its principal place of business in Louisville, Kentucky and was, on December 31, 2002 merged into KFC

Corporation, a Delaware corporation with its principal place of business in Louisville, Kentucky.

6. The management of YUM! Brands, Inc. is and was separate and distinct from that of KFC of America, Inc. and KFC Corporation. YUM! Brands, Inc. conducts and conducted separate directors' meetings from those of KFC of America, Inc. and KFC Corporation and has separate directors and employees.

7. YUM Brands, Inc.'s assets are and were distinct from those of KFC of America, Inc. and KFC Corporation and each corporation is responsible for its own assets and liabilities.

8. YUM! Brands, Inc. is not a retailer selling KFC food products.

9. YUM! Brands, Inc. does not directly own any KFC restaurants in the State of Massachusetts.

10. YUM! Brands, Inc. did not and does not exercise control over the day-to-day activities of KFC of America, Inc. or KFC Corporation.

11. At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts.

12. On June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned and operated by KFC of America, Inc.

13. With the merger of KFC of America, Inc. into KFC Corporation on December 31, 2002, KFC Corporation became the owner and operator of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA.

14. The premises at 625 American Legion Highway, Roslindale (Boston), MA was transferred by KFC Corporation to LOJON PROPERTY II LLC on August 15, 2003.

FURTHER AFFIANT sayeth not.

_____
Linda J. Gregg
YUM! Brands, Inc.
ITS: Assistant Secretary