SCANNED
DATE: 9-22-05
BY: [signature]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANTS' MEMORANDUM |
| | ) | IN OPPOSITION TO |
| | ) | PLAINTIFF'S MOTION TO |
| YUM! BRANDS, INC. AND LOJON | ) | STRIKE AND FOR SANCTIONS |
| PROPERTY II, LLC | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants YUM! Brands, Inc. (hereafter "YUM") and LOJON PROPERTY II, LLC, (hereafter "LOJON"), by and through their counsel, and for their Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Affidavit of Linda Gre[g] and for Sanctions state as follows:

**FACTUAL SUMMARY**

This action arises out of Plaintiff's alleged fall in the parking lot of the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts on June 21, 2002. Plai[ntiff] filed her Complaint on or about May 18, 2005. Defendants removed this action to this Court [by] Notice of Removal dated June 3, 2005.

Defendants filed their Motion for Summary Judgment on or about August 25, 2005. O[n] or about September 1, 2005, Plaintiff filed her Motion to Strike the Affidavit of Linda J. Greg[g] (attached hereto as "Exhibit A") and for Sanctions and this memorandum is in opposition there[to]. Plaintiff also filed on or about September 1, 2005 her Opposition to Defendants' Motion for Summary Judgment, to which Defendants reply separately.

1

## STANDARDS OF RULES 56(e) AND 56(g)

Under Rule 56(e) a supporting affidavit shall be made on personal knowledge, set for such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e); *see also, Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991). The First Circuit has stated that employing Rule 56(e) "requires a scalpel, not a butcher knife." *Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 ( Cir. 2001). When parsing an affidavit, "personal knowledge is the touchstone," and such personal knowledge must concern facts as opposed to conclusions, assumptions, or surmise." at 315-16. In distinguishing between facts and non-facts, the court is to bear in mind that "mc often, facts are susceptible to objective verification. Conclusions, on the other hand, are empirically unverifiable in the usual case." *Teragram Corp. v. Marketwatch.com, Inc.*, 2004 U.S. Dist. LEXIS 26410, *40 (D. Mass. 2004); *quoting The Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 16 (1st Cir. 1989).

Under Rule 56(g) a party presenting an affidavit in bad faith or solely for the purpose ( delay may be ordered to pay the other party's reasonable expenses which the filing of the affidavit caused, including attorney's fees. Fed. R. Civ. P. 56 (g). There is little case law applying Rule 56(g). *Ft. Hill Builders, Inc. v. National Grange Mut. Ins. Co.*, 866 F.2d 11, 16 Cir. 1989). The rare instances in which Rule 56(g) sanctions have been imposed, the conduct has been particularly egregious. *Id.*, (citations omitted).

## ARGUMENT

**Introduction.**

Plaintiff's Motion to Strike alleges that the statements in the Affidavit of Linda J. Gregg are "either conclusory, contradictory, untrue of half true." Memorandum in Support of Plaintiff's Motion to Strike Affidavit of Linda J. Gregg, page 1. Plaintiff, however, fails to show how such statements are as she claims.

**Plaintiff Fails to Show That the Statements Made by Ms. Gregg Are Outside the Scope of Her Personal Knowledge.**

Plaintiff willfully seeks to evade the fact that Ms. Gregg states that she is Assistant Secretary of YUM! Brands, Inc. and has personal knowledge of the matters discussed. Plaintiff fails to show that the matters set forth in the affidavit would fall outside the sphere of personal knowledge of an officer of a publicly traded corporation. The facts set forth in Ms. Gregg's affidavit are "susceptible to objective verification" and Plaintiff has failed to show any evidence to the contrary. *Teragram Corp.*, 2004 U.S. Dist. LEXIS 26410 at *40.

**Defendants' Answer Does Not Contradict the Affidavit of Linda J. Gregg.**

Plaintiff claims that the Defendants' answer contradicts the Affidavit of Linda J. Gregg. Ms. Gregg states in Paragraph 12 of her Affidavit that on June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned and operated KFC of America, Inc. The answer of Defendants stated, perhaps inartfully, that "the property was demised as of the date of the Plaintiff's accident to a third party...." Defendants' Answer, ¶ While it would have been clearer if the answer had simply stated that LOJON didn't own the property on the date of the Plaintiff's alleged accident, the import of the answer is the same. If,

as plaintiff alleges, the import of Paragraph 6 of Defendants' answer was that the property w;
owned by LOJON and transferred by LOJON on that date, this could be shown by simply
producing a certified copy of the instrument of transfer. However, there was no transfer on t
date of Plaintiff's alleged accident and no such deed is produced.

**YUM's SEC Form 10K Does Not Contradict the Affidavit of Linda J. Gregg**

Plaintiff claims that the SEC Form 10K of YUM contradicts the Affidavit of Linda J. Gregg. It is only through an exercise of willful misconstruction that Plaintiff is able to make such a claim. None of the sections of the 10K quoted by Plaintiff in any way support the noti that YUM's subsidiaries are mere agents or departments of the parent corporation. *See, Commonwealth v. Beneficial Fin. Co.*, 360 Mass. 188, 229, 275 N.E.2d 33, 93 (Mass. 1971). Plaintiff fails to show that Ms. Gregg, in her capacity as Assistant Secretary of YUM, would have personal knowledge of this.

***Awad v. Tricon Global Restaurants, Inc.* Does Not Contradict the Affidavit of Linda J. Gregg.**

Plaintiff claims that the unpublished opinion in *Awad v. Tricon Global Restaurants, In* 60 Mass. App. Ct. 1116 (2004) contradicts the Affidavit of Linda J. Gregg. It does not. Ms. Gregg stated in Paragraph 11 of her Affidavit: "At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts."

While *Awad* does indicate that YUM's predecessor was a party to a zoning dispute in Massachusetts, it does not in any way contradict the Affidavit of Ms. Gregg. The zoning dispu dealt with a proposed KFC restaurant that had not yet been built and certainly was not in

operation. *Awad*, 60 Mass. App. Ct. at 1116. Even if the location referred to in *Awad* had be operated by YUM's predecessor, which it was not, it is irrelevant to the matter at hand, as Plaintiff produces no evidence that YUM operated, managed or controlled the premises wher Plaintiff claims to have been injured. *Id.*

**Plaintiff Fails to Show Conduct Which Would Justify Sanctions under Rule 56(g).**

In the rare instances in which Rule 56(g) sanctions have been imposed, the conduct h; been particularly egregious. *Ft. Hill Builders, Inc.*, 866 F.2d at 16. In such cases a litigant ha reasserted substantially the same grounds for summary judgment after the court had already twice rejected the theory, *Alart Associates, Inc. v. Aptaker*, 402 F.2d 779 (2d Cir. 1968); attempted at the eleventh hour to create a material issue of fact by contradicting prior sworn testimony, *Barticheck v. Fidelity Union Bank/First National State*, 680 F. Supp. 144 (D.N.J. 1988); and presented an affidavit flatly at odds with facts indisputably within affiant's knowledge, *Acrotube, Inc. v. J.K. Financial Group, Inc.*, 653 F. Supp. 470, 478 (N.D. Ga. 198 No such comparable conduct is involved here, and accordingly, such sanctions are unwarrante

### CONCLUSION

Plaintiff fails to show either that the statements in the Affidavit of Linda J. Gregg are without the scope of her personal knowledge, that they would be inadmissible or that she wou not be competent to testify on their subject matter. Plaintiff further fails to show conduct whic would warrant the imposition of sanctions pursuant to Rule 56(g). Accordingly, Defendants a:

5

that Plaintiff's Motion to Strike and for Sanctions Pursuant to Rule 56(g) be denied.

                Respectfully submitted,

                THE DEFENDANTS,
                YUM! BRANDS, INC. and
                LOJON PROPERTY II, LLC
                By Their Attorney,

                Lawrence R. Holland, Esq.
                BBO# 554839
                Legal Management Services LLC
                55 Hammarlund Way
                Middletown, RI 02842
                (401) 843-8400

Dated: September 21, 2005

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esquire, hereby certify that on the 21st day of September 200[ ] caused to be served the foregoing document by first class mail, postage prepaid to all counsel [of] record.

                Lawrence R. Holland, Esq.