UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANTS' ASSENTED TO |
| | ) | MOTION FOR LEAVE OF COURT |
| | ) | TO FILE A REPLY TO PLAINTIFF'S |
| YUM! BRANDS, INC. AND LOJON | ) | OPPOSITION TO DEFENDANTS' |
| PROPERTY II, LLC | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT AND THE |
| Defendants. | ) | SUPPLEMENTAL AFFIDAVIT OF |
| | ) | OF LINDA J. GREGG |

NOW COME Defendants YUM! Brands, Inc. and LOJON PROPERTY II, LLC, by a through their counsel, and pursuant to Local Rule 7.1(b)(3) seek leave of Court to file a Reply Plaintiff's Opposition to Defendants' Motion for Summary Judgment and the Supplemental Affidavit of Linda J. Gregg in the form filed herewith. Plaintiff has assented to this Motion.

Respectfully submitted,

THE DEFENDANTS,
YUM! BRANDS, INC. and
LOJON PROPERTY II, LLC
By Their Attorney

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

1

ASSENTED TO:

Plaintiff,
By her Attorney

*/s/ John N. Lewis/LRH by permission.*
John N. Lewis, Esq.
BBO# 298520
John N. Lewis & Associates
21 Merchants Row, 5th Floor
Boston, MA 02109

Dated: September 22, 2005

CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esquire, hereby certify that on the 22nd day of September 200, I caused to be served the foregoing document by facsimile and first class mail, postage prepai, all counsel of record.

*/s/ Lawrence R. Holland*
Lawrence R. Holland, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPLY MEMORANDUM TO |
| | ) | PLAINTIFF'S OPPOSITION TO |
| | ) | DEFENDANTS' MOTION FOR |
| YUM! BRANDS, INC. AND LOJON | ) | SUMMARY JUDGMENT |
| PROPERTY II, LLC | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants YUM! Brands, Inc. (hereafter "YUM") and LOJON PROPERTY II, LLC, (hereafter "LOJON"), by and through their counsel, and for their Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment state as follows:

**FACTUAL SUMMARY**

This action arises out of Plaintiff's alleged fall in the parking lot of the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts on June 21, 2002. Plair filed her Complaint on or about May 18, 2005. Defendants removed this action to this Court Notice of Removal dated June 3, 2005.

Defendants filed their Motion for Summary Judgment on or about August 25, 2005. ( or about September 1, 2005, Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment and this memorandum is in reply thereto. Plaintiff has also filed on September 1, 2 a Motion to Strike the Affidavit of Linda Gregg, which Defendants oppose separately.

1

## SUMMARY JUDGMENT STANDARD

"[M]erely denying the existence of facts set forth (and supported by record evidence) the context of a motion for summary judgment does not make a fact disputed." *Jefferson Ins. Co. v. Roberts*, 349 F.Supp.2d 101, 105 (D. Mass. 2004). A plaintiff may not obtain a trial merely on the allegations of its complaint or by showing that there is "some metaphysical dou as to the material facts." *Id.*, (citations omitted).

To avoid summary judgment an opposing party "must produce at least some evidence reasonably affording an inference supporting the existence of a triable issue of fact [with resp to the element which the opposing party must establish at trial]." *Id.* at 105-106, *quoting Santiago v. Group Brasil, Inc.* 830 F.2d 413, 416 (1st Cir. 1987).

## ARGUMENT

**Introduction.**

Plaintiff's opposition relies upon tortured misconstruction, gainsaying and irrelevancie but fails to present any evidence which shows a genuine issue of material fact for trial. Defendants' motion for summary judgment is based on the facts that neither of them owned o operated the restaurant where Plaintiff claims to have injured herself. Plaintiff has produced evidence to the contrary.

**Defendants' Answer Does Not Contradict the Affidavit of Linda Gregg.**

Plaintiff claims that the Defendants' answer contradicts the Affidavit of Linda Gregg. does not. Linda Gregg stated in Paragraph 12 of her Affidavit that on June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned ar operated by KFC of America, Inc. The answer of Defendants stated, perhaps inartfully, that

2

property was demised as of the date of the Plaintiff's accident to a third party...." Defendants' Answer, ¶ 6. While it would have been clearer if the answer had simply stated that LOJON didn't own the property on the date of the Plaintiff's alleged accident, the import of the answer the same. If, as plaintiff alleges, the property was owned by LOJON and transferred by LOJC on that date, this could be shown by simply producing a certified copy of the instrument of transfer. However, there was no transfer on the date of Plaintiff's alleged accident and no suc deed is produced.

### *Awad v. Tricon Global Restaurants, Inc.* Does Not Contradict the Affidavit of Linda Greg

Plaintiff claims that the unpublished opinion in *Awad v. Tricon Global Restaurants, Ii* 60 Mass. App. Ct. 1116 (2004) contradicts the Affidavit of Linda Gregg. It does not. Linda Gregg stated in Paragraph 10 of her Affidavit: "At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts."

While *Awad* does indicate that YUM's predecessor was a party to a zoning dispute in Massachusetts, it does not in any way contradict the Affidavit of Ms. Gregg. The zoning disp dealt with a proposed KFC restaurant that had not yet been built and certainly was not in operation. *Awad*, 60 Mass. App. Ct. at 1116. Even if the location referred to in *Awad* had be operated by YUM's predecessor, which it was not, it is irrelevant to the matter at hand, as the s still no evidence produced that YUM operated, managed or controlled the premises where Plaintiff claims to have been injured. *Id.*

### YUM's SEC Form 10K Does Not Contradict the Affidavit of Linda Gregg

Plaintiff claims that the SEC Form 10K of YUM contradicts the Affidavit of Linda Gregg. It is only through an exercise of willful misconstruction that Plaintiff is able to make such a claim. None of the sections of the 10K quoted by Plaintiff in any way support the noti that YUM's subsidiaries are mere agents or departments of the parent corporation. *See, Commonwealth v. Beneficial Fin. Co.*, 360 Mass. 188, 229, 275 N.E.2d 33, 93 (Mass. 1971). Plaintiff has failed to show evidence which would support even a metaphysical doubt as to th separateness of YUM and its subsidiaries. *Jefferson Ins. Co*, 349 F.Supp.2d at 105.

## CONCLUSION

Plaintiff's denials of the Defendants' evidence, without more, do not create a genuine issue of material fact. For the reasons set forth above, and pursuant to Fed. R. Ci 56(c), Defendants ask that Defendant's outstanding motion for summary judgment be granted

Respectfully submitted,

THE DEFENDANTS,
YUM! BRANDS, INC. and
LOJON PROPERTY II, LLC
By Their Attorney,

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: September 22, 2005

## CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esquire, hereby certify that on the 22nd day of September 200(, I caused to be served the foregoing document by facsimile and first class mail, postage prepai , all counsel of record.

_____
Lawrence R. Holland, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YUM! BRANDS, INC. AND LOJON | ) | SUPPLEMENTAL AFFIDAVIT |
| PROPERTY II, LLC | ) | OF LINDA J. GREGG |
| | ) | |
| Defendants. | ) | |

STATE OF KENTUCKY
COUNTY OF JEFFERSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the above named jurisdiction, *Linda J. Gregg*, who, after being first duly sworn, stated upon her oath as follows:

1. My name is *Linda J. Gregg* and I have personal knowledge of the matters and things stated in this affidavit.

2. As stated in my original Affidavit, I am Assistant Secretary for YUM! Brands, Inc. I have been employed in this position for seven years.

3. My responsibilities as Assistant Secretary include maintaining the corporate records for Yum! Brands, Inc. and its subsidiaries, including KFC Corporation and its predecessor KFC of America, Inc. In connection with my maintenance of these records, I regularly review documents concerning the corporate structure of Yum! Brands, Inc. and its subsidiaries.

4. Furthermore, I am also responsible for preparation of the minute books concerning KFC Corporation. In addition, I prepared and filed all of the corporate documents in connection with the restructuring of the KFC entities in 2002, including the merger of KFC of America, Inc. into KFC Corporation.

5. Finally, the statements in my original Affidavit concerning the transfer of ownership of the premises at 625 American Legion Highway, Roslindale (Boston), MA from KFC Corporation to LOJON PROPERTY II LLC on August 15, 2003 are based upon a review of KFC Corporation's records concerning that transfer.

FURTHER AFFIANT sayeth not.

*Linda J. Gregg*
Linda J. Gregg
YUM! Brands, Inc.
ITS: Assistant Secretary

STATE OF KENTUCKY
COUNTY OF JEFFERSON

SWORN TO AND SUBSCRIBED BEFORE ME on this 20th day of September, 2005.

_____
NOTARY PUBLIC
My Commission Expires:

Notary Public, State at Large, KY
My commission expires Mar. 31, 2007

CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esquire, hereby certify that on the 22nd day of September 200 I caused to be served the foregoing document by facsimile and first class mail, postage prepai all counsel of record.

_Lawrence R. Holland, Esq._

5