UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-11167 MBB |
| | ) | |
| YUM! BRANDS, INC., ET AL., | ) | |
| Defendants | ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENT BY DEFENDANT KFC CORPORATION**

This is an action in tort brought by the plaintiff, Gloria Brown, to recover for her injury when she fell in a hole in the parking lot of a Kentucky Fried Chicken ("KFC") restaurant in Roslindale, Massachusetts on June 21, 2002.  In the course of discovery, the plaintiff made specific requests to the defendant  KFC Corporation for the production of documents relating to *the condition* of the parking lot on the date of her injury:

>     4.  All documents and materials of any kind regarding or relating to the following:
>
>>     e.  The inspection, maintenance, repair, improvement *or condition* of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and *including June 25, 2002*. [emphasis added].
>
>     8.  All documents and materials regarding, relating to or evidencing *the condition of the parking lot* of the KFC restaurant located at 625 American Legion Highway, Boston (Roslindale), Massachusetts, *in 2002.* [emphasis added].

At the deposition of Mr. Victor Gonzales, Jr.,  a former employee of the Roslindale KFC restaurant, February 24, 2006, he testified as to having <u>written</u> an incident report which he <u>sent</u> to KFC:

-2-

A. [Mr. Gonzales]   No. I filed all that, it should be in the file some place.
Q. [Atty. Mehl] Oh, really.
A.  Oh, yeah, **I write everything down** that happens. [emphasis added].
Q.  So you wrote down the summary of what you saw?
A  **Yeah, I made an incident report, and we send everything in to them.** [emphasis added].
Q.  Where is that incident report?
A.  **Incident report it should be at KFC main office**. The manager sends all that stuff to them once a month.
Q.  The main office down in Louisville, Kentucky?
A.  Louisville, Kentucky, yeah.

On many occasions after Mr. Gonzales' deposition , the plaintiff's attorneys requested a copy of the "incident report", and on various dates, the defendants' counsel promised to forward the "incident report".  However, on May 5, 2006, the defendants' counsel instead forwarded a "Hotline Report" of a telephone interview between Mr. Gonzales and Gallagher Bassett, the adjusting company, and professed that there was no "incident report" prepared by Mr. Gonzales. (See Exhibit 1 attached hereto).  Not only did Mr. Gonzales testify that he wrote a report and gave it to the manager, but the fact that the adjusting company for KFC contacted Mr. Gonzales after the fact proves indisputably that he did report it.

Moreover,  the Hotline Report, which appears to be a contemporaneous interview with Mr. Gonzales about the incident, is redacted.  It is not a privileged or protected document and the plaintiff has a right to know what KFC is hiding.  Fed.R.Civ.P. 26(b)(3) provides:

Subject to the provisions of subdivision(b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect

-3-

against disclosure of the mental impressions, conclusions, opinions, or legal
theories of an attorney or other representative of a party concerning the litigation.

The burden is upon the party resisting discovery to demonstrate that the materials sought are

indeed work product within the scope of Rule 26(b)(3). Colonial Gas Co. v. Aetna Cas. & Sur.

Co., 144 F.R.D. 600, 605 (D.Mass.1992); Sham v. Hyannis House Hotel, Inc., 118 F.R.D. 24, 25

(D.Mass.1987); Fairbanks v. American Can Co., Inc., 110 F.R.D. 685, 687 (D.Mass.1986).

This Court and the First Circuit have adopted a case-by-case approach to determine whether

documents prepared by an insurance investigator comprise documents made in anticipation of

litigation. Sham v. Hyannis Heritage House Hotel, Inc. 118 F.R.D. 24 (D.Mass.1987); Pasteris v.

Robillard, 121 F.R.D. 18, (D.Mass.1988). The mere possibility that a certain event might lead to

future litigation does not render privileged all documents prepared subsequent to that event. City

of Worcester v. HCA Management Co., Inc., 839 F.Supp. 86, 88 (D.Mass.1993); In re Atlantic

Financial Management Securities, Ltd., 121 F.R.D. 141, 144 (D.Mass.1988). The determinative

question is whether the prospect of litigation was the primary motivating purpose behind the

creation of a particular document. City of Worcester, *supra* at 88.

Fed.R.Civ.P 26(b)(3) does not protect materials compiled in the ordinary course of

business, pursuant to regulatory requirements or for other nonlitigation purposes. Fairbanks v.

American Can Co., Inc., 110 F.R.D. 685, 687 (D.Mass.1992). Moreover, the fact that documents

produced in the ordinary course of business for the purpose of gathering and beneficially using

information, might ultimately be useful to a party in case of future litigation does not cloak those

documents with the protection of Rule 26(b)(3).  The controlling test is whether, in light of the

nature of the document and the factual context of the particular case, the document can fairly be

-4-

said to have been prepared or obtained because of the prospect of litigation. Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass.1992).   In Sham, supra, the defendant's conclusory assertions, that its insurer's investigatory notes and report were motivated by a need to "obtain facts for use at a possible later trial" and that "the facts of the drowning accident, at the very outset, compelled a conclusion that the probability of litigation was substantial," were insufficient to demonstrate that the documents were work product under.  Similarly, in Pasteris, supra, an insured's statement to his insurer, made by the insured after the insurer received notice of an injured third party's demand for payment, was not protected from discovery as work product, because the insurer obtained the statement three months before the injured third party secured counsel, more than one year before the insured's counsel corresponded with the injured third party's attorney, and nearly one and one-half years before commencement of the action.  A fortiori in the present case, where the interview was immediately after the incident, even before Ms. Brown had made a claim.

WHEREFORE, plaintiff moves this Honorable Court to compel the defendants to produce the incident report prepared by Mr. Gonzales and to produce an unredacted copy of the Hotline Report to the Plaintiff with ten (10) days and for sanctions, attorney's fees, pursuant to Rule 37(a)(4) and for such other relief and/or other sanctions as this Honorable Court may determine to be appropriate.

-5-

The plaintiff,
By her attorneys,

_____/s/ Lawrence R. Mehl_____
Lawrence R. Mehl
John N. Lewis
BBO# 298520
Lawrence Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April , 2006.

_____/s/ Lawrence R. Mehl_____
Lawrence R. Mehl

## LOCAL RULE 7.1 and FED.R.CIV.P. 37(2(A)CERTIFICATION

I, Lawrence R. Mehl, co-counsel for the plaintiff, do hereby certify pursuant to Local Rule 7.1 that prior to filing of this Motion, I conferred on May 8, 2006, with Lawrence R. Holland, Esq., counsel for the defendants in an effort to resolve or narrow the issues raised by this Motion and that, pursuant to Fed.R.Civ.P 37(2)(A) I conferred in good faith with counsel for the Plaintiffs in an effort to secure the documents without court action.

_____/s/ Lawrence R. Mehl_____
Lawrence R. Mehl