UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  CIVIL ACTION NO.<br>)  05-CV-11167 MBB<br>) |
| KFC CORPORATION, ET AL.,<br>    Defendants. | )<br>)<br>) |

**DEFENDANT KFC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND DEFENDANTS' REQUEST FOR AN AWARD OF ITS EXPENSES**

Defendant KFC Corporation hereby opposes Plaintiff's Motion to Compel Production of Document and, pursuant to Fed. R. Civ. P. 37(4)(B), moves for an award of its expenses incurred in connection with this Opposition, including reasonable attorney's fees. Defendant's Opposition is as follows:

**INTRODUCTION**

This matter arises out of an incident on June 21, 2002 in which Plaintiff claims to have fallen in the parking lot of the KFC restaurant located at 625 American Legion Highway in Roslindale, Massachusetts ("the KFC Restaurant"). Notwithstanding defendants' attempts to respond in good faith and a timely manner to plaintiff's discovery requests, she has brought a Motion to Compel the production of 1) a handwritten report concerning the alleged incident by the General Manager of the KFC Restaurant, Victor Gonzalez, Jr. ("Gonzales") and 2) an unredacted copy of defendant's so-called "Hotline Report."

The handwritten written report of Gonzales does not exist. Moreover, defendant has produced a complete copy of the Hotline Report even though it was not requested in

plaintiff's document requests to defendants. Accordingly, plaintiff's instant Motion should be denied. Furthermore, because plaintiff is seeking to compel production of documents that she has not even submitted a document request to defendant for, defendant is entitled to an award of its expenses incurred in connection with this Opposition.

## ARGUMENT

Although there is no request in plaintiff's document requests to defendants for the document, defendant produced a copy of the Hotline Report to plaintiff. The Hotline Report is a series of questions that the manager of the KFC Restaurant was asked concerning the alleged incident by defendants' incident reporting service, and these questions are asked in all incidents that occur at KFC restaurants that might result in litigation. The particular copy of the Hotline Report that was produced to plaintiff was contained within the investigative claim notes of defendants' claims investigator/adjuster, Gallagher Bassett Services, Inc. ("Gallagher Bassett"). Accordingly, the copy of the Hotline Report that was produced to plaintiff is redacted above and below the Hotline Report since those portions of the document are not part of the Hotline Report, but rather part of Gallagher Bassett's investigative claim notes. [See Affidavit of Lawrence R. Holland, Esq. ("Holland Aff."), ¶ 5].

Even if defendant had not already produced an unredacted copy of the Hotline Report, there is absolutely no basis on which the Court could compel production of it. In her instant Motion, plaintiff purports to rely on requests numbers 4(e) and 8 of her Requests for Production of Documents to defendant to support her claim to compel production of an unredacted copy of the Hotline Report. These requests do not seek

2

production of the Hotline Report. Rather, the requests seek production of reports concerning the condition of the premises of the KFC Restaurant and, more specifically, the parking lot. Specifically, Request No. 4(e) asked for documents concerning the "inspection, maintenance, repair, improvement or condition" of the premises of the KFC Restaurant "prior to and including June 25, 2002" and Request No. 8 asked for documents concerning "the condition of the parking lot" of the KFC Restaurant in 2002. [See Defendant KFC Corporation's Response to Request for Production of Documents Propounded by Plaintiff Gloria Brown, pp. 3, 8].[1] As such, these requests provide no basis whatsoever to compel production of the Hotline Report as they do not request documents concerning the alleged incident in any regard. Nor is there any other request in plaintiff's document request which seeks production of the Hotline Report.[2]

As stated above, the redacted portions of the document containing the Hotline Report that was produced to plaintiff are not part of the Hotline Report, but rather part of Gallagher Bassett's investigative notes concerning the alleged incident. None of plaintiff's document requests seek production of these investigative notes, and, as such, there is no basis on which to compel production of the investigative notes either.

Moreover, if production of the investigative notes had been requested by plaintiff, defendant would have objected based upon the work product doctrine. Fed. R. Civ. P. 26(b)(3) clearly provides that documents prepared in anticipation of litigation by a party's representative, including a party's "attorney consultant, surety, indemnitor, insurer, or

---

[1] A true and accurate copy of defendant's response to plaintiff's document request is attached hereto as Exhibit A.

[2] Although Request No. 6 seeks production of "statements, reports or accounts" of the incident, it does not seek such documents generally, but rather only statements, reports or accounts "by the plaintiff". As such, in response to this request, defendant produced a copy of the transcript of the recorded statement that plaintiff provided to Gallagher Bassett.

3

agent", are protected from discovery by the work product doctrine. As plaintiff's counsel has been informed, Gallagher Bassett is defendant's investigator/adjuster with respect to all potential litigation matters and claims against KFC Restaurants such as the incident alleged by plaintiff. Furthermore, the Gallagher Bassett investigative notes contain the mental impressions and opinions of the investigator concerning the incident. [See Holland Aff., ¶¶ 3, 4]. As a result, the investigative notes are privileged and would not be subject to production to plaintiff even if plaintiff's document request contained a request for them.

As stated above, plaintiff's Motion also seeks production of a handwritten incident report referred to by Gonzalez during his deposition. No such handwritten report exists. Quite obviously, defendant cannot produce what it does not have. Furthermore, here again, there is no document request in plaintiff's request for production of documents to defendant which seeks production of the handwritten notes, so even if they existed, plaintiff would not have any basis on which to compel production of them.

WHEREFORE, defendants respectfully request that the Court:

(a) deny Plaintiff's Motion to Compel;

(b) enter an order pursuant to Fed. R. Civ. P. 37(4)(B) awarding defendant its expenses incurred in connection with this Opposition, including reasonable attorneys' fees; and

(c) enter such other and further relief that the Court deems just and proper.

                        Defendant, KFC Corporation
                        By its Attorneys,

                        Lawrence R. Holland, Esq.
                        BBO# 554839
                        Legal Management Services, LLC
                        55 Hammarlund Way
                        Middletown, RI 02842
                        (401) 843-8400

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Opposition and will receive service in that fashion.

                        Lawrence R. Holland

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO.<br>)   05-CV-11167 MBB<br>) |
| KFC CORPORATION, ET AL.,<br>    Defendants. | )<br>)<br>)<br>) |

**DEFENDANT KFC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, AND DEFENDANTS' REQUEST FOR AN AWARD OF ITS EXPENSES**

Defendant KFC Corporation hereby opposes Plaintiff's Motion to Compel Production of Document and, pursuant to Fed. R. Civ. P. 37(4)(B), moves for an award of its expenses incurred in connection with this Opposition, including reasonable attorney's fees. Defendant's Opposition is as follows:

## INTRODUCTION

This matter arises out of an incident on June 21, 2002 in which Plaintiff claims to have fallen in the parking lot of the KFC restaurant located at 625 American Legion Highway in Roslindale, Massachusetts ("the KFC Restaurant"). Notwithstanding defendants' attempts to respond in good faith and a timely manner to plaintiff's discovery requests, she has brought a Motion to Compel the production of 1) a handwritten report concerning the alleged incident by the General Manager of the KFC Restaurant, Victor Gonzalez, Jr. ("Gonzales") and 2) an unredacted copy of defendant's so-called "Hotline Report."

The handwritten written report of Gonzales does not exist. Moreover, defendant has produced a complete copy of the Hotline Report even though it was not requested in

plaintiff's document requests to defendants. Accordingly, plaintiff's instant Motion should be denied. Furthermore, because plaintiff is seeking to compel production of documents that she has not even submitted a document request to defendant for, defendant is entitled to an award of its expenses incurred in connection with this Opposition.

## ARGUMENT

Although there is no request in plaintiff's document requests to defendants for the document, defendant produced a copy of the Hotline Report to plaintiff. The Hotline Report is a series of questions that the manager of the KFC Restaurant was asked concerning the alleged incident by defendants' incident reporting service, and these questions are asked in all incidents that occur at KFC restaurants that might result in litigation. The particular copy of the Hotline Report that was produced to plaintiff was contained within the investigative claim notes of defendants' claims investigator/adjuster, Gallagher Bassett Services, Inc. ("Gallagher Bassett"). Accordingly, the copy of the Hotline Report that was produced to plaintiff is redacted above and below the Hotline Report since those portions of the document are not part of the Hotline Report, but rather part of Gallagher Bassett's investigative claim notes. [See Affidavit of Lawrence R. Holland, Esq. ("Holland Aff."), ¶ 5].

Even if defendant had not already produced an unredacted copy of the Hotline Report, there is absolutely no basis on which the Court could compel production of it. In her instant Motion, plaintiff purports to rely on requests numbers 4(e) and 8 of her Requests for Production of Documents to defendant to support her claim to compel production of an unredacted copy of the Hotline Report. These requests do not seek

production of the Hotline Report. Rather, the requests seek production of reports concerning the condition of the premises of the KFC Restaurant and, more specifically, the parking lot. Specifically, Request No. 4(e) asked for documents concerning the "inspection, maintenance, repair, improvement or condition" of the premises of the KFC Restaurant "prior to and including June 25, 2002" and Request No. 8 asked for documents concerning "the condition of the parking lot" of the KFC Restaurant in 2002. [See Defendant KFC Corporation's Response to Request for Production of Documents Propounded by Plaintiff Gloria Brown, pp. 3, 8].[1] As such, these requests provide no basis whatsoever to compel production of the Hotline Report as they do not request documents concerning the alleged incident in any regard. Nor is there any other request in plaintiff's document request which seeks production of the Hotline Report.[2]

As stated above, the redacted portions of the document containing the Hotline Report that was produced to plaintiff are not part of the Hotline Report, but rather part of Gallagher Bassett's investigative notes concerning the alleged incident. None of plaintiff's document requests seek production of these investigative notes, and, as such, there is no basis on which to compel production of the investigative notes either.

Moreover, if production of the investigative notes had been requested by plaintiff, defendant would have objected based upon the work product doctrine. Fed. R. Civ. P. 26(b)(3) clearly provides that documents prepared in anticipation of litigation by a party's representative, including a party's "attorney consultant, surety, indemnitor, insurer, or

---

[1] A true and accurate copy of defendant's response to plaintiff's document request is attached hereto as Exhibit A.

[2] Although Request No. 6 seeks production of "statements, reports or accounts" of the incident, it does not seek such documents generally, but rather only statements, reports or accounts "by the plaintiff". As such, in response to this request, defendant produced a copy of the transcript of the recorded statement that plaintiff provided to Gallagher Bassett.

agent", are protected from discovery by the work product doctrine. As plaintiff's counsel has been informed, Gallagher Bassett is defendant's investigator/adjuster with respect to all potential litigation matters and claims against KFC Restaurants such as the incident alleged by plaintiff. Furthermore, the Gallagher Bassett investigative notes contain the mental impressions and opinions of the investigator concerning the incident. [See Holland Aff., ¶¶ 3, 4]. As a result, the investigative notes are privileged and would not be subject to production to plaintiff even if plaintiff's document request contained a request for them.

As stated above, plaintiff's Motion also seeks production of a handwritten incident report referred to by Gonzalez during his deposition. No such handwritten report exists. Quite obviously, defendant cannot produce what it does not have. Furthermore, here again, there is no document request in plaintiff's request for production of documents to defendant which seeks production of the handwritten notes, so even if they existed, plaintiff would not have any basis on which to compel production of them.

WHEREFORE, defendants respectfully request that the Court:

(a) deny Plaintiff's Motion to Compel;

(b) enter an order pursuant to Fed. R. Civ. P. 37(4)(B) awarding defendant its expenses incurred in connection with this Opposition, including reasonable attorneys' fees; and

(c) enter such other and further relief that the Court deems just and proper.

>Defendant, KFC Corporation
>By its Attorneys,
>
>_____
>Lawrence R. Holland, Esq.
>BBO# 554839
>Legal Management Services, LLC
>55 Hammarlund Way
>Middletown, RI 02842
>(401) 843-8400

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Opposition and will receive service in that fashion.

_____
Lawrence R. Holland

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff<br><br>v.<br><br>YUM! BRANDS, INC., ET AL.,<br>    Defendants | )<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 05-CV-11167-MBB<br>)<br>)<br>)<br>) |

**DEFENDANT KFC CORPORATION'S RESPONSE TO REQUEST FOR
PRODUCTION PROPOUNDED BY
PLAINTIFF GLORIA BROWN**

Defendant KFC Corporation hereby responds to the Request for Production Propounded by Plaintiff Gloria Brown as follows:

1.  All operating manuals or other documents and materials setting standards for the operation and condition of the KFC restaurant located at 625 American Legion Highway, Boston (Roslindale), Massachusetts which were used by the restaurant in 2002. The plaintiff understands and appreciates that any such documents are confidential and agrees not to publish or disclose them, in whole or in part, without either the permission of Yum! or an order from the Court; not to copy them or any part of them in any manner, without either the permission of Yum! or an order from the Court; and to return them in their entirety at the conclusion of the litigation.

**OBJECTION**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that it seeks documents which are confidential and/or proprietary.

**RESPONSE**: Without waiving and subject to the foregoing objections, defendant responds that subject to an acceptable confidentiality agreement, it will produce all documents responsive to this request concerning the maintenance and/or cleaning of the

restaurant premises which were in effect at the time of the incident alleged by plaintiff in this action.

2.   All documents and materials regarding or relating in any way to the corporate or business relationship between KFC Corporation and any or all of the following prior to and including June 25, 2002:

   a.   KFC of America, Inc.
   b.   Yum! Brands, Inc.
   c.   KFC National Management Company
   d.   Lojon Properties II LLC

**OBJECTION**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.   All notes, memoranda, logs, journals, minutes or other records of any stockholders or board of Directors meetings of any of the following prior to and including June 25, 2002:

   a.   KFC of America, Inc.
   b.   KFC Corporation
   c.   KFC National Management Company
   d.   Lojon Properties II LLC

**OBJECTION**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.   All documents and materials of any kind regarding or relating to the following:

   a.   The ownership of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and including June 25, 2002.

2

    b.    The acquisition or transfer of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to June 25, 2002.

    c.    The lease or "demise," as that term is used in Lojon Properties II LLC's ("Lojon") Answer, of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and including June 25, 2002.

    d.    The use and/or occupancy of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and including June 25, 2002.

    e.    The inspection, maintenance, repair, improvement or condition the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and including June 25, 2002.

    f.    The obligation to procure and/or the procurement of liability insurance, whether by Lojon or any owner or occupant, for the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant prior to and including June 25, 2002.

**OBJECTION**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to the foregoing objection, defendant responds that it will produce documents evidencing the applicable insurance.

5.    Any and all photographs, videos, drawings, diagrams or other visual or graphic representations of any of the following:

    a.    The condition of the parking lot of the property located at 625 American Legion Highway, Boston (Roslindale), Massachusetts used as a KFC restaurant from January 1, 2002 to December 31, 2002.

    b.    The plaintiff taken as the result of any investigation or surveillance conducted by or on behalf of Lojon.

**RESPONSE**: Defendant responds that it has no documents responsive to this request.

6.    Any statements, reports or accounts, whether written or recorded, by the plaintiff of the incident in which the plaintiff alleges she was injured on the premises of the KFC

3

restaurant located at 625 American Legion Highway, Boston (Roslindale), Massachusetts, on or about June 25, 2002.

**RESPONSE**: Defendant responds that plaintiff gave a statement to an adjuster at Gallagher Bassett Services, Inc. ("GB"). GB provided a copy of the transcript of plaintiff's statement to plaintiff's attorney.

7.  All documents and materials regarding, relating to or evidencing any CHAMPS or other inspection(s) of the KFC restaurant located at 625 American Legion Highway, Boston (Roslindale), Massachusetts, in 2002.

**OBJECTION**: Defendant objects to this request on the grounds that it is overbroad, unduly burdensome and seeks documents which are neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE**: Without waiving and subject to the foregoing objection, defendant responds that it will produce any documents in its possession, custody or control concerning any inspections of the parking lot in 2002.

8.  All documents and materials regarding, relating to or evidencing the condition of the parking lot of the KFC restaurant located at 625 American Legion Highway, Boston (Roslindale), Massachusetts, in 2002.

**RESPONSE**:  Defendant responds that it has no documents responsive to this request.

Defendant, KFC Corporation
By its Attorneys,

_____
Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

April 19, 2006

### CERTIFICATE OF SERVICE

I, Lawrence R. Holland, hereby certify that on April 19, 2006, I caused a copy of Defendant KFC Corp., Inc.'s Response to Request to Production to be served by electronic mail on counsel for plaintiff, Lawrence R. Mehl, JOHN N. LEWIS & ASSOCIATES, 21 Merchants Row, 5th Floor, Boston, MA 02109.

_____
Lawrence R. Holland