UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>) |
| KFC CORPORATION, ET AL.,<br>    Defendants | )<br>) |

**DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE**

Defendants, by their attorneys, hereby move that the Court enter an order extending the discovery deadline in this action for a period of 60 days after the date the Court allows this Motion. The current discovery deadline is May 31, 2006. Defendants also rely on the Affidavit of Susan Koerner filed herewith. The grounds for this Motion are as follows:

1.    In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and sustained injuries. She further alleges that she has not been able to work since the day of the incident, which was almost four years ago. In her interrogatory answers, she claimed lost wages of $562,819. [See Exhibit A, p. 5]. As is discussed further below, the amount of medical expenses that plaintiff is claiming is currently unclear.

2.    On September 30, 2005, the Court issued an Order establishing the discovery period which provided for an initial discovery deadline of March 31, 2005. Thereafter, defendants followed-up on their investigation of this matter in order to be able to serve accurate initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), prepared their initial disclosures, and then served them on plaintiff on about December 13, 2005 along

with interrogatories and a document to plaintiff. Defendant's counsel granted plaintiff's counsel an extension of several weeks with respect to the service of plaintiff's interrogatory answers. Plaintiff served her interrogatory answers on about February 10, 2006.

3. After receiving plaintiff's interrogatory answers, defendants worked diligently to obtain all relevant medical records. Defendants' counsel sent out the medical authorizations received from plaintiff to the medical treatment providers identified by plaintiff in her automatic disclosures and interrogatory answers shortly after they were received from plaintiff. [See Affidavit of Susan Koerner ("Koerner Aff."), ¶ 2]. Thereafter, defendants' counsel made numerous calls to the medical treatment providers in order to attempt to expedite the production of the records. [See Koerner Aff., ¶ 3]. Notwithstanding their best efforts, defendants' counsel still has not received complete medical records concerning plaintiff. Indeed, on May 17, 2006, defendants' counsel was informed by Boston Medical Center that it has a large volume of additional medical records concerning plaintiff that it just located in its archives, and that it would take some time to get copies of these records to defendants' counsel. [See Koerner Aff., ¶ 4].

4. The current discovery deadline is May 31, 2006. As a result of the impending deadline, defendants went forward with the deposition of plaintiff on May 11, 2006, notwithstanding that they did not have complete medical records.

5. Interrogatory No. 23 of defendants' interrogatories to plaintiff asked plaintiff whether she had "made any claim for, or been paid, disability benefits as a result of the incident alleged in the Complaint" and to provide complete details of any such

disability claims and/or payments. [See Exhibit A, p. 5]. In response, plaintiff answered "No". During her deposition on May 11, plaintiff testified that she had in fact received disability payments from both her former employer and the Social Security Administration as a result of the injuries she claims in this action. After the deposition, defendants served subpoenas on plaintiff's former employer and the Social Security Administration seeking records concerning these disability claims. Although the return date for these subpoenas is May 31, 2006, it is likely that additional time will be requested to respond to the subpoenas. Further, defendants may well need to conduct follow-up discovery. If these disability claims had been properly identified in plaintiff's interrogatory answers, defendant's counsel would have sought discovery concerning them well in advance of the current discovery deadline.

6. Interrogatory No. 4 of defendants' interrogatories requested plaintiff to identify all physical or mental injuries, diseases, conditions or illnesses for which she had been treated in the past ten years. [See Exhibit A, p. 2]. In response, plaintiff objected and stated that her mental health is not at issue in this action. However, during her deposition on May 11, plaintiff testified that she is in fact claiming that she suffered from depression as a result of the incident alleged in her Complaint. Further, she testified that she suffered from depression prior to the incident, and that she has been out on disability in the past as a result of mental health issues. After the deposition, defendants served a subpoena on another one of plaintiff's former employers seeking records concerning plaintiff's disability leave from in about 1995 to 2000 as a result of mental health issues. Quite obviously, prior instances of depression may well evidence that plaintiff suffers from chronic depression, and that it is completely unrelated to the alleged incident. Here

again, it is unlikely that these records will be produced prior to the current discovery deadline, and follow-up discovery may well be necessary.

7. Defendants have received only limited documents from plaintiff's medical providers concerning the medical expenses that have been incurred by plaintiff. During her deposition on May 11, plaintiff testified that she has a "stack of bills" at home reflecting her medical expenses. These bills were not produced in response to defendants' document request. Nor did plaintiff provide any accounting of her medical expenses in her interrogatory answers, despite being requested to do so. [See Exhibit A, p. 4].

8. During her deposition, plaintiff identified at least three additional medical treatment providers who were not identified in plaintiff's automatic disclosures or interrogatory answers. At least one of these treatment providers is at a hospital that plaintiff had not previously identified. Accordingly, defendant's counsel had to start from scratch with respect to obtaining those records, and they will not be obtained prior to the current discovery cutoff.

9. After defendants obtain complete medical records, they intend to send plaintiff to an IME concerning her physical injuries, and may also conduct an IME concerning plaintiff's alleged mental injuries. Moreover, defendants may want to take the depositions of some of plaintiff's medical treatment providers, and depositions of physicians take some time to schedule.

10. There has been only one prior extension of the discovery period, and that was jointly requested by the parties. There is currently no trial date.

11. Notwithstanding 1) plaintiff's two completely inaccurate interrogatory answers concerning extremely material issues; 2) her failure to identify three medical treatment providers until three weeks prior to the current discovery cutoff; 3) her failure to produce the "stack of medical bills" that she has; 4) her failure to quantify her medical expenses in any regard in her interrogatory answers; and 5) defendants' counsel's inability to obtain complete medical records from Boston Medical Center despite diligent efforts, plaintiff's counsel was only willing to agree to a thirty day extension of the current discovery deadline. There is absolutely no way that defendants' counsel will be able to obtain all of the relevant disability and medical records, analyze them, conduct any necessary follow-up discovery, make a determination of what medical treatment providers to depose, schedule those depositions, and schedule IME's of the plaintiff within 30 days. Even if that could be done, defendant's counsel should not be required to rush through these important tasks in a case where plaintiff is claiming such substantial damages.

WHEREFORE, defendants respectfully request that this Court grant their Motion to Extend Discovery Deadline and enter an order extending the discovery deadline for a period of sixty days after the Court allows this Motion.[1]

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, Lawrence Mehl, Esq., by electronic mail on May 17 and 18 in a good faith effort to resolve or narrow the issues raised by this Motion. We

---

[1] Defendants are requesting sixty days from the date of the allowance of this Motion rather than a specific date because there will be a period of time after the discovery cutoff and prior to the time the Court acts on this Motion that defendants will not be permitted to conduct any discovery.

were unable to reach any agreement in this regard.

                Respectfully submitted,

                Defendants,
                By their Attorneys,

                /s/ Lawrence R. Holland
                Lawrence R. Holland, Esq.
                BBO# 554839
                Legal Management Services, LLC
                55 Hammarlund Way
                Middletown, RI 02842
                (401) 843-8400

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

                /s/ Lawrence R. Holland
                Lawrence R. Holland

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-11167-MLW |
| KFC CORPORATION, ET AL.<br>Defendants. | )<br>)<br>)<br>) |

**PLAINTIFF'S ANSWERS
TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

1. Identify the person(s) responding to these Discovery Requests, including name, address, date of birth and social security number.

Answer. Gloria Brown; 80 Seminole Street, Hyde Park, MA, 02136; August 31, 1948; 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.

2. Identify each and every person with whom you consulted, relied upon, or who constituted a source of information for you in connection with the preparation of your answers to these interrogatories, and identify the specific interrogatories with respect to which each such person played any such role, and the information, if any, each such person provided.

Answer. The answers are based upon my personal knowledge supplemented by information obtained from my medical records.

3. State in detail whether you have ever been a plaintiff or defendant in any other civil litigation or made a claim for personal injury or property damage, and if so, identify the civil litigation and/or the claim by providing the following information: the names of the parties; the name and address of the court, agency or other entity with which it was filed; the year in which it was filed; the docket or claim number; a description of the circumstances that gave rise to the claim; a description of the injuries, if any, that you suffered; the outcome of the litigation or claim; and the name of the attorney who represented you in connection with the litigation or claim.

Answer. The plaintiff objects to this interrogatory on the ground that it is overly broad, both in time and by including claims for property damage absent personal injury, and unduly burdensome in the amount of detail required. Without waiving her objection, the plaintiff states that the only law suit or claim for compensation she has made in the last ten years is a legal malpractice action captioned Gloria Brown v. Osamwonyi Osagiede and Eddie J. Jenkins, which was brought in Suffolk County Superior Court, CA No. 02-3190, and which is on appeal to the

Massachusetts Appeals Court, No. 2005-P-1317.

    4. If, in the ten (10) years immediately prior to the incident alleged in your complaint, you suffered any physical or mental injuries, diseases, conditions or illnesses which required the services of a medical professional, identify each such physical or mental injury, disease, condition or illness and the medical professional who provided treatment.

    Answer. The plaintiff objects to this interrogatory on the ground that it is vexatious, in so far as requiring information about her mental health, which is not at issue in this action, and unduly burdensome, in so far as it is not limited to injuries related to those which she is claiming she suffered as a result of the occurrence set forth in her Complaint. See Answer to Interrogatory 5. Without waiving her objection, the plaintiff incorporates by reference the medical history given in her relevant hospital and medical records which have been or will be produced.

    5. Please describe in detail any prior injuries that you have ever suffered, treatment that you have ever received, or pain that you have ever experienced with respect to the same body parts which you claim were injured in connection with the incident alleged in your Complaint. Include in your answer: the nature of the prior injuries and/or pain; when you began suffering from them; what caused them; what treatment you received for them and from whom; whether you missed any workdays because of them, and if so, how many and when; and every occasion on which the injuries and/or pain recurred.

    Answer. None

    6. Please identify all primary care physicians that you have treated with in the past ten (10) years.

    Answer. Michelle Allen, MD, Benson Chu, MD and Jonathan Lee, MD.

    7. Please identify all prescription and over-the-counter medications that you have taken at any time during the past ten (10) years and state whether that medication is related to the alleged injury that is the subject of your Complaint.

    Answer. The plaintiff objects to this interrogatory on the ground that it is unduly burdensome, in so far as it is not limited to prescriptions related for the treatment of those injuries or conditions which she is claiming she suffered as a result of the occurrence set forth in her Complaint. See Answer to Interrogatory 5. Without waiving her objection, the plaintiff incorporates by reference the prescription record contained in her relevant hospital and medical records which have been or will be produced.

    8. Identify the nature of each type of employment, including self-employment, in which you have worked during the last five (5) years, and state the name and address of your employers.

    Answer. Overnight Counselor, The Home for Little Wanderers, 271 Huntington Avenue,

Boston, MA 02115.

    9. State in detail whether you have ever been convicted of a felony or crime of dishonesty or false statement, and if so, identify the case by providing the case name, docket number and court, and describe the offense.

    Answer. I have never been convicted of any crime.

    10. Identify each person you anticipate calling as an expert witness, including treating medical professionals, at the trial of this action and state the qualifications of the witness, the subject matter concerning which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for all such opinions.

    Answer. No decision as to who will be called as an expert witness has been made.

    11. Identify each person you anticipate calling as a lay witness at the trial of this action and state the subject matter concerning which the witnesses are expected to testify.

    Answer. No decision as to who will be called as a lay witness has been made.

    12. Identify all persons who witnessed, investigated, have given a statement concerning, have knowledge or information concerning, or were with you at the time of, the incident alleged in the Complaint, and state what knowledge of the alleged incident you believe each such person has.

    Answer. Please see Automatic Disclosures of Plaintiff filed pursuant to Fed.R.Civ.P. 26, incorporated by reference herein.

    13. Identify any photographs, videotapes, motion pictures or models depicting the injuries which were allegedly sustained as a result of the incident alleged in the Complaint.

    Answer. The plaintiff objects to this request on the ground that it is unduly burdensome to describe tangible objects that are subject to a request for production. Without waiving her objection, the plaintiff states that any visual representation of her injuries will be produced or made available for examination in response to a proper request for production.

    14. Describe the type of shoes and/or other footwear that you were wearing at the time of the incident alleged in the Complaint and state how old they were.

    Answer. I was wearing black Reebok sneakers, approximately 1 month old.

    15. If you spoke with anyone at the KFC restaurant after the occurrence of the incident alleged in the Complaint, identify all such persons and state what each person you spoke with said and what you said. If you did not speak with anyone, state when you first became aware of the injury and when you reported it and to whom.

Answer. Please see the transcript of my telephone interview which taken and transcribed by the defendants' claims adjusting company, incorporated by reference herein..

16. Did you consume any alcohol, drugs or medications within twenty-four (24) hours prior to the incident alleged in the Complaint? If so, what did you take, when was it taken, and how much did you take? If you took prescribed medication, for each prescription, identify who prescribed it and the dosage prescribed.

Answer. No.

17. Identify and describe all injuries, conditions and/or symptoms, whether physical, mental, and/or emotional, that you allege were caused or aggravated by the incident alleged in the Complaint.

Answer. I have severe chronic pain in my lower back, both knees and right hip. Please see my hospital and medical records, which have been or will be produced, for a more detailed description of the injuries and resulting pain and suffering.

18. Describe in detail the current status of any injuries you claim to have sustained as a result of the incident alleged in the Complaint. Your answer should include a description of any pain or other symptom, if any, that you claim to be currently suffering from, and the frequency you experience such pain or other symptom.

Answer. I have severe chronic pain, aching and swelling in both of my knees, in my lower back, touching my back results in tingling down right leg and sometimes to the top of right foot and, due to injury to my right hip, I can't lay on my right side without pain. Please see my hospital and medical records, which have been or will be produced, for a more detailed description of the injuries and resulting pain and suffering.

19. Identify all medical professionals who rendered treatment or consultation for any of the injuries alleged to have resulted from the incident alleged in the Complaint and describe the treatment that they have provided.

Answer. Please see the Automatic Disclosures of Plaintiff filed pursuant to Fed.R.Civ.P. 26. Please see my hospital and medical records, which have been or will be produced, for a more detailed description of the injuries and resulting pain and suffering.

20. Please itemize with specificity the exact amount of all medical charges, medical bills or medical expenses allegedly incurred by you with respect to each and every medical professional and/or medical entity referred to in your answer to the preceding interrogatory.

Answer. Please see the hospital and medical bills produced in responses to the Defendants' Request for Production of Documents.

21. Please enumerate with specificity the number of days, weeks, months or other periods of time, if any, that you claim that you were disabled from performing your usual and ordinary work, labor, job or profession as a result of the incident alleged in the Complaint <u>and</u> state the date when you first returned to such work, labor, job or profession.

Answer. I have not been unable to work since the incident, more than three and one-half years.

22. Please identify with specificity the total amount claimed by you for lost income or lost wages as a result of the incident alleged in the Complaint and the method of computation of said income or earning loss (i.e. two weeks of lost wages at $50/per week equals $100.00).

Answer. At age 54 (date of incident), lost wages to age 65, based upon 55 hours per week at the then hourly rate of $11.34 ($17.01 for overtime), and assuming an annual CPI of 4.5% over 10 years, adds up to $562,819 in lost wages.

23. Have you made any claim for, or been paid, disability benefits as a result of the incident alleged in the Complaint? If so, provide complete details including the name and address of the payer of such benefits, the dollar amount and type of benefits received to date and identify the present status of any claim filed in any court, before any administrative agency or with any insurance company, the date of filing and the docket and/or claim number.

Answer. No.

24. For each item of damages or expenses listed in these interrogatories, state whether any items have been, or will be paid for you or reimbursed to you by any insurance policy or any other source. If so, please identify each source, and state whether each such source claims to be subrogated to any portion of the claim which you are asserting in this action, and the amount of payment that has been made by each such source.

Answer. Blue Cross and Blue Shield of Massachusetts previously issued its notice of lien and right of subrogation. A copy will be produced.

25. Will you contend in this lawsuit that you sustained any permanent, physical or medical impairment of any type or any type of disability as a result of the incident alleged in the Complaint? If so, identify the nature of the impairment and each physician, psychiatrist, psychologist, therapist, counselor, or healthcare practitioner who has rendered any opinion, evaluation or rating of temporary or permanent impairment or disability pertaining to you and describe in detail each such opinion, evaluation or rating.

Answer. As far as I know, all of my injuries, pain and disability are permanent. I am not aware of any doctor who has said so, but none of them have any further treatment planned or have told me that I will get better.

26. Identify all physical or mental injuries, illnesses, diseases or adverse medical conditions that you have incurred since the date of the incident alleged in the Complaint, and describe in detail all treatment that you have received for them.

Answer. As far as I know, all of my present health and medical problems are the result of my falling at the KFC restaurant. I have not incurred any new ones.

27. Identify and describe in detail every category and amount of damages you are claiming in this action.

Answer. Lost earning capacity, including lost wages, hospital and medical expenses, pain and suffering.

28. State whether you ever made any claims for worker's compensation or disability prior to the incident alleged in the Complaint, and if so describe the nature of all such claims, the injury involved, when the claim was submitted and to whom it was submitted.

Response: No

SWORN AND SUBSCRIBED TO BY ME UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF January, 2006.

_____
Gloria Brown

Objections by plaintiff's attorneys:

_____
John N. Lewis

EMPLOYMENT RECORDS AUTHORIZATION

TO: Home for Little Wanderers

I, the undersigned, hereby authorize and direct my employer to release to Legal Management Services, 55 Hammarlund Way, Middletown, RI 02842, a copy for review of any and all information regarding my employment. This information may include, but is not limited to the following:

- Length of Employment
- Salary Rate/Bonuses
- Workers' Compensation Records
- Attendance Records
- Sick Leave Records
- Overtime Records
- Personnel Record
- Lost Earnings
- Performance Evaluations
- Medical Insurance Payment Records
- Lost Time Records
- Disciplinary Action Records
- Earned Time Records

Further, **I authorize the use of a photocopy of this release as an original.**

This release is continuing and effective in nature until specifically revoked by me.

I hereby state that I have read and fully understand the above statements as they apply to me. Further I hereby consent to the disclosure of this information from my employment or personnel file for the purpose as described above.

_____    _____
Witness                             Signature of Employee

                                    _____
                                    Social Security Number

                                    _____
                                    Date of Birth

This release has been prepared to comply with the general needs of Personnel Departments and Employers. Acceptance of this form is requested to avoid the expense and inconvenience of a deposition.

8

that lawsuit. It is my intent that the minimum information necessary to meet that purpose is <u>all</u> of my medical records.

This does not constitute permission for you to discuss my diagnosis, treatment and/or condition with attorneys for Defendant outside the presence of my attorney.

This authorization will expire six months from the date on which it was signed.

Dated at _Boston, MA_ this _10th_ day of _February_, 2006.

_____
Gloria Brown
Patient and litigant in the above referenced action
Patient's Date of Birth: August 31, 1948
Patient's Social Security Number: 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

The undersigned, as patient's attorney and legal representative acknowledges notice of this request and stipulates that s/he does not object to the disclosures contemplated hereby and that the notice given by this document shall be deemed to satisfy the requirements of the Commonwealth of Massachusetts and of 45 C.F.R. 164.512(e)(1)(iii).

DATED this _10th_ day of _February_, 2006.

_____
Lawrence R. Mehl, Esq.
Plaintiff's Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MBB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KFC CORPORATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF SUSAN KOERNER IN SUPPORT OF DEFENDANTS'
MOTION TO EXTEND DISCOVERY DEADLINE**

I, Susan Koerner, do hereby depose under oath and state as follows:

1. I am a paralegal in the office of Legal Management Services, LLC ("LMS"), counsel for defendants in this action. I have personal knowledge of the matters set forth in this Affidavit.

2. I am the paralegal at LMS who has responsibility for this matter. In early February, 2006, I sent plaintiff's attorney forms authorizing the release of medical records to be signed by plaintiff. I sent the authorizations out to the medical treatment providers identified by plaintiff within a few days of when I received them back from plaintiff's attorney.

3. After sending the medical records release authorizations to the various medical treatment providers, I contacted the medical treatment providers on numerous occasions to attempt to facilitate the production of the medical records and check on the status of the same. It appears that plaintiff has received most of her medical treatment at

Boston Medical Center. I spoke with the Boston Medical Center representative in charge of producing the medical records concerning plaintiff on many occasions. I was informed that it would take several weeks for Boston Medical Center to coordinate the production of documents amongst its various departments that provided treatment to plaintiff.

4.  Boston Medical Center eventually produced approximately 250 pages of medical records concerning plaintiff. The records produced included only a few pages that predated 2002, even though all medical records dating back ten years had been requested, and plaintiff had indicated that her primary care physicians during that time period had been affiliated with Boston Medical Center. As a result, I contacted the Boston Medical Center representative whom I had been dealing with and asked him to recheck for additional records. The Boston Medical Center representative got back to me during the week of May 8, 2006 and informed me that a substantial amount of additional medical records concerning plaintiff had been located in the Boston Medical Center archives. Boston Medical Center is in the process of producing these additional records.

Signed under the pains and penalties of perjury this 22nd day of May, 2006.

*Susan Koerner*
Susan Koerner

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Affidavit and will receive service in that fashion.

_____
Lawrence R. Holland