UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION<br>NO. 05-CV-11167-MBB |
| | ) | |
| YUM! BRANDS, INC., et al.<br>    Defendants | )<br>) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE**

This should be a simple case in which Gloria Brown claims she fell in a hole in the parking lot of a KFC restaurant and injured herself. There is no dispute that it was a KFC restaurant, that there was a hole, or that KFC knew of it, because one of the restaurant's employees, Victor Gonzales, testified at his deposition that Gloria Brown reported the incident to him and that he had previously asked for the hole to be repaired more than twenty times. There is a dispute whether Gloria Brown was injured or, if she was injured, then how severely. One would think that would be a determined by her post-accident medical treatment, but not KFC.

The plaintiffs' action was filed in Suffolk Superior Court and KFC made a federal case out of it in about June of 2005. KFC then wasted four months claiming that the plaintiff had the wrong defendants,[1] culminating in its bringing a motion for summary judgment, which was not

---

[1] In discussions with the adjusting company, the plaintiff was told that it was a "corporate store." The parent corporation is Yum! Brands, Inc. The plaintiff sued Yum! and was subsequently told by Attorney Holland that it wasn't owned by Yum!, but he refused to tell the plaintiff who it was, until so asked by the Court. Even then, KFC was not candid, as it represented the owner/operator at the time of the plaintiff's accident was KFC of America, Inc., a California corporation which been dissolved in 2002, after merger with KFC Corporation, a wholly owned subsidiary of Yum! Ultimately, the whole issue was made moot by KFC Corp. admitting that it assumed the liabilities of KFC of America and Yum! stipulating it would cover any judgment, if KFC Corp. could not pay it.

acted upon by the court, pending discovery. It was not until about February of 2006, 8 months after removing the action to federal court, that KFC got down to business and started substantive discovery. In response, the plaintiff cooperated, providing medical authorizations for the medical providers listed in her disclosure statement and responding to the defendants' discovery.

The defendants now want to delay the case for another three months on a fishing expedition into two of her answers to interrogatories and additional records being discovered in Boston Medical Center Archives. In particular, she stated that she had not received any disability benefits in her answers to interrogatories and at her deposition said she did receive them from her employer, the New England Home for Little Wanders, provoking a subpoena to them, and that she has been receiving Social Security, provoking a subpoena to them. As to the former, they have know all along, because of her claim for lost earning capacity, where Gloria Brown worked and, in any event, what she called "disability benefits," were in fact sick time. As to the latter, Gloria Brown was thinking in term of long term disability insurance, which she had received years ago, when she worked for NYNEX. KFC has exhaustively reviewed those records in the context of a discrimination claim she brought and the Social Security records have been requested. At her deposition, Gloria. Brown also recalled three doctors who she saw for second or third opinions, but who did not treat her, and were not listed on her automatic disclosure statement. Again there is no reason to believe that there is anything more in those consultations than has been obtained from the physicians and the hospitals where she was treated.

Moreover, in particular, Ms. Brown also stated in her answers to interrogatories that she was not making a claim for emotional distress, which she is not. At her deposition, she was asked whether she was depressed and she answered that she was. Her claim is for *physical* pain

and suffering, distinct from emotional distress, see, *e.g.* Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (1978). Having no case to litigate with regard to Gloria Brown's injury at its restaurent, KFC now wants to dredge up and re-litigate her discrimination claim against NYNEX. Her entire file from that action has already been turned over to KFC and there is no reason to believe that there is anything additional or material in the NYNEX records.

Finally, in particular, KFC subpoenaed and received Gloria Brown's records from the Boston Medical Center for the past ten years. Not surprisingly, their records on file only go back about four years, to 2002. Ms. Brown's injury at the KFC restaurant was in June of 2002, so the records would predate or be contemporaneous for her treatment. The records which KFC is eagerly anticipating are most likely for a variety of routine medical treatment and most likely intended to bully Gloria Brown about leaving out the splinter she got in 1998, when she responded to her prior injuries.

The plaintiff is not trying to foreclose KFC from its exhaustive and exhausting discovery, but there is no need for three more months when it is KFC who distracted itself by moving for summary judgment on the issue of Gloria Brown suing the wrong defendants. Nor has KFC presented any explanation for what it hopes to find or why it needs three more months to do it. If, with all due respect, this Honorable Court is inclined to extend discovery, then it should be for a month, as offered by the plaintiff.

WHEREFORE, the plaintiff opposes the defendants' motion to extend the discovery deadline and prays that said motion be denied.

        The plaintiff,
        By her attorneys,

        */s/ Lawrence R. Mehl*
        Lawrence R. Mehl, of Counsel
        BBO# 566235
        John N. Lewis
        BBO# 298520
        JOHN N. LEWIS & ASSOCIATES
        21 Merchants Row, 5th Floor
        Boston, MA 02109

### **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 23, 2006

        */s/ Lawrence R. Mehl*
        Lawrence R. Mehl