UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,           )<br>     Plaintiff,                    )<br>                                       )<br>v.                                    )<br>                                       )<br>                                       )<br>YUM! BRANDS, INC., ET AL.,  )<br>     Defendants              )  | CIVIL ACTION<br>NO. 05-CV-11167 MBB |

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENT BY DEFENDANT KFC CORPORATION
AND FOR SANCTIONS PURSUANT TO FED.R.CIV.P. RULES 37(b) & RULE 37(c)**

The plaintiff's motion to compel the production of an investigative report of the plaintiff's accident generated by a third party claims administrator was heard by this Honorable Court on Thursday, June 8, 2006. At the hearing, the plaintiff argued that the document, as well as the investigate file from which it was excerpted, were discoverable and should be produced, as is the rule in the First Circuit. because the documents and materials were created in the routine course of business before there was any reasonable anticipation of litigation. Sham v. Hyannis Heritage House Hotel, Inc. 118 F.R.D. 24 (D.Mass.1987); Pasteris v. Robillard, 121 F.R.D. 18, (D.Mass.1988), City of Worcester v. HCA Management Co., Inc., 839 F.Supp. 86, 88 (D.Mass.1993); In re Atlantic Financial Management Securities, Ltd., 121 F.R.D. 141, 144 (D.Mass.1988). In response to this Honorable Court's direct and unequivocal question as to *the date* on which the report was written, Attorney Holland, representing the collective defendants, stated that he did not know. He was ordered by this Honorable Court to provide that particular information by affidavit. However, his affidavit, filed today, fails to comply with this Honorable

-2-

Court's order and instead reiterates his argument that the documents are work product, because he is sent a copy of them and uses them to advise his client as to potential litigation. Not only is his refusal to provide *the date*, as ordered, confirmation that the file predates any notice of claim by the plaintiff, but his argument contradicts existing law in this Circuit. See Colonial Gas Co. v. Aetna Cas. & Sur. Co., 144 F.R.D. 600, 605 (D.Mass.1992), as well as the general rule against cloaking routine insurance investigations as attorney work product by routinely sending copies to be reviewed by counsel. See Brown v. Hart, Schaffner & Mark, 96 F.R.D. 64, 68 (N.E. Ill, 1982) ("An attorney may not bring a document within the scope of the work product rule simply by reviewing it if it was not originally prepared in anticipation of litigation.").

For deliberately evading this Honorable Court's order, putting the plaintiff to additional time, effort and expense of filing this supplemental memorandum, as well as for the defendants' refusal to produce the documents without any good faith reason to believe that they constituted attorney work product, as established by the First Circuit's decisions, the plaintiff respectfully moves for sanctions, pursuant to Rule 37(b), including attorney's fees and costs.

Moreover, and as a further demonstration of the defendants' duplicity and dishonesty in this action, the plaintiff asks this Honorable Court to recall that YUM! Brands, Inc. filed a motion for summary judgment on the ground that it had nothing to do with the particular KFC restaurant where the plaintiff was injured or with operation of KFC restaurants in particular, supported by the affidavit of one Linda J. Gregg of its executives and officers:

> 6. The management of YUM! Brands, Inc. is and was separate and distinct from that of KFC of America and KFC Corporation. YUM! Brands, Inc. conducts and conducted separate director's meetings from those of KFC of America, Inc. and KFC Corporation and has separate directors and employees.

-3-

    8. YUM! Brands, Inc. Is not a retailer selling KFC food products.

    10. YUM Brands, Inc. did not and does not exercise control over the day to day activities of KFC of America, Inc. [the predecessor to KFC Corp.] or KFC Corporation.

    11. At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in Massachusetts.   Affidavit of Linda Gregg.

However, in his affidavit, which is binding on YUM!, Attorney Holland states:

    Gallagher Bassett Services, Inc. ("Gallagher Bassett") is YUM!'s third party claims investigator/administrator.  Gallagher Bassett has responsibility for investigating all potential personal injury claims/litigation involving YUM! And its subsidiaries, including the KFC entities.  Gallagher Bassett works in conjunction with LMS [Legal Management Services, Attorney Holland's firm, which represents YUM!] and YUM!'s in-house counsel in performing its responsibilities and frequently request advice from LMS during the course of its investigations.  Affidavit of Lawrence R. Holland.

If, as Linda Gregg swore in her affidavit, YUM! is not involved with the KFC restaurant operations, has nothing to do with the day to day management of the KFC restaurant where the plaintiff was injured and does not operate in Massachusetts at all, then why was YUM!'s claims administrator reporting to YUM!'s in-house and outside counsel about YUM!'s potential liability for an injury to a customer due to a hole in the parking lot of a KFC restaurant in Massachusetts? The plaintiff has been put to considerable time, trouble and expense by the defendant's and Attorney Holland's bad faith, for which the plaintiff respectfully requests the imposition of sanctions, including attorneys fees and costs, pursuant to Fed.R.Civ.P. Rule 37(c).

-4-

The plaintiff,
By her attorneys,

　　 */s/ John N. Lewis*　　
John N. Lewis
BBO# 298520
Lawrence R. Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

## CERTIFICATE OF SERVICE

　　I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 16, 2006.

　　 */s/ John N. Lewis*　　
John N. Lewis

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| Plaintiff, | ) | |
| v. | ) | |
| YUM! BRANDS, INC. AND LOJON PROPERTY II, LLC | ) | AFFIDAVIT |
| Defendants. | ) | |

STATE OF KENTUCKY
COUNTY OF JEFFERSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the above named jurisdiction, *Linda J. Gregg*, who, after being first duly sworn, stated upon her oath as follows:

1. My name is *Linda J. Gregg* and I have personal knowledge of the matters and things stated in this affidavit.

2. I am Assistant Secretary for YUM! Brands, Inc. I am fully familiar with the corporate structure of YUM! Brands, Inc., the type of business in which it is involved, and its relationship to KFC of America, Inc. and KFC Corporation.

3. KFC of America, Inc. was and KFC Corporation is a wholly-owned subsidiary of YUM! Brands, Inc. However, YUM Brands, Inc. is and has been a separate and distinct corporate entity from KFC of America, Inc. and KFC Corporation.

4. YUM! Brand, Inc. is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY.

5. KFC of America, Inc. was a California corporation with its principal place of business in Louisville, Kentucky and was, on December 31, 2002 merged into KFC

Corporation, a Delaware corporation with its principal place of business in Louisville, Kentucky.

6. The management of YUM! Brands, Inc. is and was separate and distinct from that of KFC of America, Inc. and KFC Corporation. YUM! Brands, Inc. conducts and conducted separate directors' meetings from those of KFC of America, Inc. and KFC Corporation and has separate directors and employees.

7. YUM Brands, Inc.'s assets are and were distinct from those of KFC of America, Inc. and KFC Corporation and each corporation is responsible for its own assets and liabilities.

8. YUM! Brands, Inc. is not a retailer selling KFC food products.

9. YUM! Brands, Inc. does not directly own any KFC restaurants in the State of Massachusetts.

10. YUM! Brands, Inc. did not and does not exercise control over the day-to-day activities of KFC of America, Inc. or KFC Corporation.

11. At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts.

12. On June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned and operated by KFC of America, Inc.

13. With the merger of KFC of America, Inc. into KFC Corporation on December 31, 2002, KFC Corporation became the owner and operator of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA.

14. The premises at 625 American Legion Highway, Roslindale (Boston), MA was transferred by KFC Corporation to LOJON PROPERTY II LLC on August 15, 2003.

FURTHER AFFIANT sayeth not.

           _____
           Linda J. Gregg
           YUM! Brands, Inc.
           ITS: Assistant Secretary