UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff<br><br>v.<br><br>KFC CORPORATION, ET AL.,<br>    Defendants | )<br>)<br>)<br>)   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DOCUMENT BY DEFENDANT KFC CORPORATION AND FOR
SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b) & RULE 37(c)**

Defendants, by their attorneys, hereby move that the Court enter an order striking the Supplemental Memorandum in Support of Plaintiff's Motion to Compel Production of Document by Defendant KFC Corporation and for Sanctions Pursuant to Fed. R. Civ. P. 37(b) & Rule 37(c). The grounds for this Motion are as follows:

    1.    On June 8, 2006, this Court held a hearing on Plaintiff's Motion to Compel the production of the investigative notes of defendant's third party claims administrator/investigator, Gallagher Bassett Services, Inc. During the hearing, the Court requested that defendant's counsel, Lawrence R. Holland, Esq., file an affidavit within ten days setting forth the date the investigation notes commence.

    2.    On June 16, 2006, Attorney Holland prepared a Supplemental Affidavit of Lawrence R. Holland in Support of Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents ("the Supplemental Affidavit") containing the information the Court had requested at the June 8 hearing. Attorney Holland's office attempted to file the Supplemental Affidavit on June 16. However, by mistake, Attorney

Holland's office instead initially re-filed the Affidavit of Lawrence R. Holland, Esq. in Support of Defendant KFC Corporation's Opposition to Plaintiff's Motion to Compel Production of Documents, and Defendant's Request for an Award of Expenses ("the Original Holland Affidavit"). This Affidavit had previously been filed with the Court on May 22, 2006 in connection with defendant's Opposition to Plaintiff's Motion to Compel. It was contained in the same computer folder as the newly prepared Supplemental Affidavit and was similarly titled.

3. Attorney Holland realized the mistake when he checked the confirmation from the Court concerning the filing and noticed that the attachment was the previously filed Original Holland Affidavit rather than the Supplemental Affidavit. After the mistake was realized, the Supplemental Affidavit was immediately filed electronically. This was done on June 16, 2006 before plaintiff filed her Supplemental Memorandum in Support of Plaintiff's Motion to Compel Production of Documents by Defendant KFC Corporation and for Sanctions Pursuant to Fed. R. Civ. P. 37(b) & Rule 37(c) ("Plaintiff's Supplemental Memorandum").

4. As Attorney Holland was about to send plaintiff's counsel an email explaining the mistake in initially re-filing the Original Holland Affidavit rather than the Supplemental Affidavit, Attorney Holland received electronic notification from the Court of the filing of Plaintiff's Supplemental Memorandum. Plaintiff's Supplemental Memorandum accuses Attorney Holland of deliberately evading an Order of this Court and bad faith conduct for which it seeks entry of sanctions. The focus of the Supplemental Memorandum is the filing of the previously filed Original Holland Affidavit, which plaintiff's counsel would have learned was a mistake if he had bothered

to contact Attorney Holland as required by Local Rule 7.1(A)(2) prior to filing the Supplemental Memorandum, which in reality is a new motion seeking sanctions. Indeed, the requirement to confer prior to filing motions with the Court is designed to avoid bothering the court with matters that can and should be resolved amongst the parties, and this rule is especially applicable in this scenario where plaintiff filed the Supplemental Memorandum accusing Attorney Holland of bad faith conduct without ever attempting to contact Attorney Holland. Nor did plaintiff seek leave of court to file the Supplemental Memorandum, which she had no basis to file as of right since the court only requested an Affidavit from Attorney Holland and did not grant plaintiff leave to file any response to the Affidavit.

5.    Attorney Holland regrets that his inadvertence in initially re-filing the Original Holland Affidavit has caused the Court to have to expend time dealing with the issues addressed herein, but, here again, this could have been avoided if plaintiff's counsel had simply contacted Attorney Holland prior to filing Plaintiff's Supplemental Memorandum.

WHEREFORE, defendants respectfully request that this Court grant their instant Motion and enter an Order striking the filing of the Supplemental Memorandum in Support of Plaintiff's Motion to Compel Production of Document by Defendant KFC Corporation and for Sanctions Pursuant to Fed. R. Civ. P. 37(b) & Rule 37(c).

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I attempted to confer with plaintiff's counsel, Lawrence Mehl, Esq., by electronic mail on

June 19 in a good faith effort to resolve or narrow the issues raised by this Motion. I received no response from Attorney Mehl.

Respectfully submitted,

Defendants,
By their Attorneys,

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: June 19, 2006

### CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

Lawrence R. Holland