UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,       )<br>    Plaintiff        )<br>         )<br>v.        )<br>         )<br>         )<br>YUM! BRANDS, INC., LOJON PROPERTY II,  )<br>LLC, KFC OF AMERICA, INC., KFC        )<br>CORPORATION, and KFC NATIONAL     )<br>MANAGEMENT, INC.,       )<br>    Defendants       )  | CIVIL ACTION<br>NO. 05-CV-11167-MBB |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

Once again, the defendant is playing fast and loose, attempting to distract this Honorable Court's attention from the issues of the case by filing a Motion to Strike, which fails to address its counsel's submitting an affidavit from KFC, denying it was in the restaurant business, which is directly contradicted by the affidavit he filed twice as to YUM!'s involvement in the operation of the particular KFC restaurant where the plaintiff was injured. Moreover, Attorney Holland's Affidavit still evades the specific question which he was ordered to answer, <u>when</u> the *"Hotline Report"* between Victor Gonzalez and the insurance adjuster took place. Instead he refers to the first*"investigative notes"* in which the Gallagher Basset adjuster spoke with Attorney Mehl.[1]

The plaintiff was injured on June 21, 2002. As Attorney Holland knows, from representing Victor Gonzales, Jr., a former YUM! employee, at his deposition on February 24, Mr. Gonzalez testified that he <u>immediately</u> reported the incident to both KFC's headquarters and

---

[1] In his oral argument, Attorney Holland repeatedly referred to the Hotline Report as being "embedded" in the adjuster's notes to excuse his redaction of material within the Report. The issue is not *geographically where* the interview was artfully concealed in the adjuster's notes, but *temporally when* it was taken, a simple declaration which Attorney Holland repeatedly refuses to make.

-2-

to its insurance adjuster:

> "A: …..They told me that some lady said that she had tripped in a hole…And then I went back in, and I called the main office and reported it.
> Q: Reported it to whom?
> A: Reported it to the KFC operator that answered the call, and she said somebody should be calling you back in about five minutes. I guess it was the insurance company for KFC,…
> Q: Do you know the person's name that you talked to?
> A: No. I filed all that, it should be in the file some place.
> Q: Oh, really.
> A: Oh, yeah, I write everything down that happens.
> Q: So you wrote down the summary of what you saw?
> A: Yeah, I made an incident report, and we send everything in to them.
> Gonzalez Depo., Pages 30-31.
>
> Q: No one came out to look at the hole or talk to you or?
> A: No. Everyone that I spoke—I got calls from the office and from the insurance company that I spoke to on the phone, nobody else.
> Q: When was that approximately?
> A: That was about the same time of the incident, and then probably a couple of days later I received a phone call again just to.
> Q: To go over the facts?
> A: Yeah, go over the facts over the phone. That was about it after that.
> Gonzalez, Depo., Page 36.

Curiously, both the contemporaneous incident report Mr. Gonzalez said he made and the contemporaneous record of his the interview he said he gave have vanished and in their place are investigative notes of the adjusters conversation with Attorney Mehl about six weeks later.

Attorney Holland's Affidavit is clearly evasive, because the chronology makes no sense. According to the Affidavit:

> 3. The first entry in the Gallagher Basset investigative notes is dated August 12, 2002. The August 12, 2002 entry reflects that as of the time that Gallagher Basset commenced its investigation concerning the incident alleged by the plaintiff, it had already been contacted by plaintiff's attorney, Lawrence R. Mehl. ... .

-3-

The Hotline Report,[2] as well as the investigative file of which it is a part, has nothing to do with Attorney Mehl. From reading the interview, it is clear that it predates any contact between the adjuster and either the plaintiff or her attorneys. Attorney Holland has diverted the question of when the adjuster first spoke with Mr. Gonzalez to when he first spoke with Attorney Mehl. It is inconceivable that YUM! did absolutely nothing about investigating the incident, even though it was reported the same day it happened, until mid-August. Common sense and life experience says that insurance companies do not ignore claims until someone threatens to sue them. That is the whole point behind the rulings by the First Circuit as to the discoverability of adjusting files which are routinely created in the usual course of the insurer's business of investigating claims as soon as they are reported. By framing his Affidavit as to the first time that anyone spoke with Attorney Mehl, Attorney Holland shoehorns the insurance investigation into the post-claim exclusion, when it is abundantly clear that the insurance investigation predates that contact.

WHEREFORE, the plaintiff opposes the defendants' motion to strike and prays that it be denied and further reiterates its motion to compel the defendants to produce an un-redacted copy of the Hotline Report and all other investigative material in the insurance file to the Plaintiff within ten (10) days and for sanctions and attorneys' fees, pursuant to Rule 37(a)(4) and for such other relief and/or other sanctions as this Honorable Court may determine to be appropriate.

---

[2]By its own title, a "*Hotline Report*" is intended to give the insurance company an <u>immediate</u> opportunity to investigate when employees memories are fresh, witnesses are still available and the scene is in the same condition.

-4-

The plaintiff,
By her attorneys,

___/s/ John N. Lewis___
John N. Lewis
BBO# 298520
Lawrence Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 20, 2006

___/s/ John N. Lewis___
John N. Lewis