UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLORIA BROWN, Plaintiff, v. KFC CORPORATION, ET AL. Defendants.

Civil Action No.: 05-11167MBB

**AFFIDAVIT OF LAWRENCE R. HOLLAND, ESQ. REGARDING THE IN CAMERA FILING OF THE INVESTIGATION NOTES OF DEFENDANT'S CLAIMS ADMINISTRATOR/INVESTIGATOR, GALLAGHER BASSETT SERVICES, INC.**

I, Lawrence R. Holland, Esq., do hereby depose under oath and state as follows:

1. I am counsel for defendants in this action. I have personal knowledge of the matters set forth in this Affidavit.

2. Pursuant to the direction from the Court at the hearing in this action on July 13, 2006, I am filing by overnight mail today under seal with the Court for its in camera inspection the investigation notes of defendant's claims administrator/ investigator, Gallagher Bassett Services, Inc. ("Gallagher Bassett"). The purpose of this Affidavit is to assist the Court in its review of the Gallagher Bassett investigation notes.

3. For the Court's convenience, attached hereto as Exhibit A is a copy of the document that was produced to plaintiff by defendant. This document is pages 2 and 3 of the Gallagher Bassett investigation notes with some redactions. As can be determined from comparison of this document to the unredacted investigation notes, the entirety of

the Accident Hotline interview of Victor Gonzales has been produced. No questions and answers have been redacted, and the portions of pages 2 and 3 that have been redacted are separate entries in the investigation notes that are not part of the Accident Hotline interview of Mr. Gonzales.

4. As I represented in Court, the investigation notes begin on August 12, 2002. As part of the 8/12/02 entries, on the top of page 2 of the investigation notes, there is the following reference to plaintiff's attorney, Lawrence R. Mehl: "Remarks: InformRemark (8/10/2002): Attorney Lawrence R. Mehl, 617/523-0777."

5. On page 4, there is the following entry which is part of the notes entered on 8/12/02: "Clmt Contact: Spoke with P/Atty Mehl . . . ."

6. On the top of page 4 of the investigation notes, there is the following entry: "Claim received on 8/12/02."

7. As a result of the foregoing, as I represented in Court, the investigation notes establish that the investigation by Gallagher Bassett did not commence until 8/12/02 since it did not even receive the claim until then. They further establish not only that plaintiff had already retained an attorney as of the time Gallagher Bassett commenced its investigation, but that the attorney, Mr. Mehl, had already been in contact with Gallagher as of the date it began its investigation.

8. As I also stated in Court, notwithstanding the foregoing, defendant has produced the Accident Hotline interview of Mr. Gonzales in its entirety because the Accident Hotline interview was not conducted by Gallagher Bassett as part of its investigation, but rather was conducted by a separate service sometime prior to the commencement of the Gallagher Bassett investigation. As I have also explained, the

"Entry Date: 8-12-2002" concerning the Accident Hotline interview is not the date the interview was conducted, but rather the date it was cut and pasted by Gallagher Bassett into its investigation notes. Indeed, the fact that the Accident Hotline interview was conducted prior to the time that Gallagher Bassett was contacted by Mr. Mehl is the reason that it was produced. Otherwise, it would have been privileged just like the remainder of the Gallagher Bassett investigation notes.

9. I would be happy to provide any additional information that the Court requires.

Signed under the pains and penalties of perjury this 21st day of July, 2006.

Lawrence R. Holland

CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Affidavit and will receive service in that fashion.

Lawrence R. Holland

CLAIM NUMBER : 012000-017291-GB-01 (OPEN )
CLAIMANT NAME: BROWN,GLORIA J.
ACCIDENT DATE: 06-21-2002

REPORTED BY:
LAST: Gonzales FIRST: Victor



LOSS - QUESTION & ANSWERS PART 1
Q: IS THIS A PRODUCT, PREMISES OR EMPLOYEE HEPATITIS INNOCULATION/TESTING CLAIM?:
A: Premises
Q: CAUSE CODE OF CLAIM?:
A: OTHER/GENERAL LIABILITY
Q: IS CUSTOMER SEEEKING MEDICAL TREATMENT?:
A: Yes
Q: DOES CUSTOMER EXPECT TO BE CONTACTED?:
A: Yes
Q: HAVE THERE BEEN SIMILAR COMPLAINTS IN THE LAST TWO WEEKS/MONTHS?:
A: No
Q: WAS FREE MEAL/REFUND OFFERED?:
A: Yes
Q: HOW WAS RESTAURANT FIRST NOTIFIED OF INCIDENT?:
A: Customer
Q: WHEN WAS THE RESTAURANT NOTIFIED OF INCIDENT?:
A: 06/21/2002 5:55pm
Q: HAS CUSTOMER THREATENED TO NOTIFY MEDIA OR HAS MEDIA CONTACTED RESTAURANT?:
A: No
Q: WOULD REPAIRS HAVE PREVENTED ACCIDENT?:
A: Yes
Q: IF YES, EXPLAIN:

CONTINUED ON THE NEXT PAGE

CLAIM NUMBER : 012000-017291-GB-01 (OPEN )
CLAIMANT NAME: BROWN,GLORIA J.
ACCIDENT DATE: 06-21-2002

A: Sinkhole in parking lot could have been repaired; repairs will be made on Tuesday
Q: WAS AN OBJECT ALLEGED TO BE FOUND IN FOOD?:
A: No
Q: WAS DAMAGE TO AN EMPLOYEE OWNED VEHICLE?:
A: No
Q: DID YOU RECIEVE ANY LEGAL DOCUMENTS?:
A: No
Q: IS THE CUSTOMER REPRESENTED BY AN ATTORNEY?:
A: No
Q: CLAIM INVOLVES LIFE-THREATENING INJURY/ILLNESS?:
A: No
Q: HOSPITALIZATION ANTICIPATED?:
A: No
Q: POTENTIAL PRODUCT RELATED CLAIM WITH MASIVE OUTBREAK?:
A: No
Q: DOES THIS CLAIM INVOLVE ACTUAL MEDIA ATTENTION (NOT THREAT OF ATTENTION)?:
A: No
Q: ARE THERE MULTIPLE PEOPLE INJURED IN THIS INCICENT?:
A: No
Q: NUMBER OF PARTIES INVOLVED:
A: 1
Q: DOES THIS CLAIM INVOLVE SHOOTING/STABBING - ON PREMISES OR AT DD?:
A: No
Q: DOES THIS CLAIM INVOLVE SEXUAL ASSAULT?:
A: No

---

[redacted]

---

[redacted]

---

[redacted]