UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>) |
| KFC CORPORATION,<br>    Defendant | )<br>) |

**DEFENDANT'S MOTION FOR AN ORDER FOR
PRODUCTION OF SOCIAL SECURITY ADMINISTRATION
RECORDS CONCERNING PLAINTFF**

Defendant KFC Corporation, by its attorneys, hereby move that the Court enter an order directing the Social Security Administration ("SSA") to produce all records requested in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the SSA by defendant. The grounds for this Motion are as follows:

    1.    In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and sustained injuries ("the alleged incident"). She alleges that she sustained a torn meniscus in her knee and a back injury. She further alleges that she has not been able to work since the day of the alleged incident, which was almost four years ago. In her supplemental interrogatory answers, which she only recently served on about July 25, 2006, plaintiff claims damages in the amount of $5,500,000. Prior to service of the supplemental interrogatory answers, which had been requested by defendant, plaintiff had not specified her damages claim.

    2.    Interrogatory No. 23 of defendants' interrogatories to plaintiff asked plaintiff whether she had "made any claim for, or been paid, disability benefits as a result

of the incident alleged in the Complaint" and to provide complete details of any such disability claims and/or payments. Plaintiff served her answers to defendant's interrogatories in February, 2006, and in response to Interrogatory No. 23, plaintiff answered "No".

3. During her deposition on May 11, 2006, plaintiff testified that she had in fact received disability payments from both her former employer and the SSA as a result of the injuries she claims in this action. After the deposition, defendant served subpoenas on plaintiff's former employer and the SSA seeking records concerning these disability claims. [A true and accurate copy of the Subpoena and attached Schedule A document request served on the SSA is attached hereto as Exhibit A]. As such, plaintiff's failure to accurately answer Interrogatory No. 23 caused an initial three month delay in defendant's obtaining of the SSA records concerning plaintiff.

4. As a result of the foregoing, as well as plaintiff's late identification of additional physicians who treated her for her alleged injuries, after plaintiff's deposition, defendant filed a motion to extend the discovery period in this action, which was granted by the Court. The discovery period was extended until August 12, 2006.

5. Plaintiff is claiming that she suffers from severe depression as a result of the alleged incident. During her deposition, she testified that she has received disability payments from the SSA in the past as a result of prior episodes of depression. Quite obviously, if plaintiff suffers from chronic depression, this will impact her damages claim in this action. Accordingly, records concerning her prior disability claims to the SSA as a result of depression are highly relevant.

6.  Moreover, plaintiff made a disability claim to the SSA in connection with the alleged incident. Her medical records concerning the alleged incident reflect that the SSA terminated her disability payments in about 2003. As such, it appears that the SSA made a determination that plaintiff is not disabled. Here again, the records concerning this determination are highly relevant.

7.  In about June, 2006, the SSA informed defendant's counsel that it would not produce records concerning plaintiff pursuant to defendant's subpoena without a release authorization signed by plaintiff or an order of this Court. Defendant's counsel chose to attempt to go the route that did not involve taking up any of this Court's time. Specifically, on June 27, 2006, defendant's counsel forwarded by email to plaintiff's attorney, Lawrence Mehl, a SSA release for plaintiff's signature. A copy of the release is attached hereto as Exhibit B. The release provided for production of the records to defendant's attorney and included a request for medical records concerning plaintiff. Attorney Mehl stated that he would have plaintiff sign the release as soon as possible. See Exhibit B.

8.  On July 31, 2006, more than a month after defendant had emailed Attorney Mehl the SSA release, defendant's counsel received a letter from Attorney Mehl. The letter enclosed releases directed to certain physicians who provided medical treatment to plaintiff which defendant's counsel had previously sent to Attorney Mehl for plaintiff's signature. The SSA release was not enclosed. Rather, the letter requested the address to which the SSA release was to be sent so that Attorney Mehl could send it directly.

9. After receiving Attorney Mehl's letter, defendant's counsel contacted Attorney Mehl and requested that he forward the SSA release to defendant's counsel as he had done with the numerous releases directed to plaintiff's physicians that defendant's attorney had requested plaintiff to sign throughout this action. Attorney Mehl stated that he had withheld the SSA release and offered to send it directly to the SSA as "a favor" to defendant's counsel, but he eventually agreed to forward the release to defendant's counsel.

10. Defendant's counsel received the SSA release from Attorney Mehl on August 21, 2006. A true and accurate copy of the release is attached hereto as Exhibit C. The release had been altered by Attorney Mehl in two material respects. First, it provided for production of the records to Attorney Mehl rather than to defendant's counsel even though defendant's counsel had issued the subpoena requesting the records. Second, the release provided by Attorney Mehl did not authorize production of medical records as the release that defendant's counsel had forwarded to Attorney Mehl did. See Exhibit C.

11. Attorney Mehl has stated that the failure of the SSA release that he forwarded to defendant's counsel to authorize production of medical records was inadvertent, and defendant accepts his explanation in this regard. Nonetheless, if defendant's counsel had not requested that the release be returned to him instead of forwarded directly to the SSA by Attorney Mehl, the release forwarded to the SSA would not have authorized production of the medical records.

12. At no point between the time that defendant's counsel forwarded the SSA release to Attorney Mehl on June 27 and defendant's counsel's receipt of the SSA release

from Attorney Mehl on August 21 did Attorney Mehl inform defendant's counsel that he intended to alter the release to authorize production of the documents to him and not defendant's counsel. Further, after defendant's attorney noticed the changes in the SSA release and contacted Attorney Mehl, in an email on August 22, Attorney Mehl stated that he had not offered to send the release directly to the SSA as a favor to defendant's counsel as he had originally represented, but rather because he thought that the records might be detrimental to plaintiff's case, so he wanted to see them first. See Exhibit D. He further informed defendant's counsel that if defendant's counsel wanted to obtain a copy of the records directly from the SSA pursuant to defendant's counsel's subpoena, defendant's counsel would have to file a motion seeking an order from the Court directing the SSA to produce the records. See Exhibit C. He also indicated that he would not oppose such a motion. See Exhibit C. Finally, at no time prior to August 22, 2006, did Attorney Mehl inform defendant's counsel that plaintiff would not sign the release that defendant's counsel had forwarded to him two months earlier.

13.     Attorney Mehl could have satisfied his desire to obtain copies of the records directly from the SSA and to see them first by sending a SSA release to the SSA months ago, and it is quite apparent that his insistence that defendant file this Motion was designed to afford him time to belatedly do so. Indeed, as he is plaintiff's representative, he does not have to issue a subpoena to obtain copies of the records. Alternatively, he could have altered the release forwarded to him by defendant's counsel to authorize release of the records to both him and defendant's counsel.

14.     Defendant's counsel also has a desire and a right to obtain copies of the documents directly from the SSA, and he issued a subpoena in order to do so. Even

though plaintiff is claiming $5.5 million in damages in this action, plaintiff's attorney has failed and refused to provide defendant's counsel with an appropriate SSA release. Moreover, he did not inform defendant's counsel that he would not do so until two months after defendant's counsel sent him the SSA release.

15.    Defendant is anxious to schedule IME's of plaintiff, but it cannot do so until it obtains the records from the SSA concerning plaintiff's depression and other medical records in the possession of the SSA as they may well impact the opinions of defendant's IME's. Defendant regrets having to take up the Court's time with the foregoing history of its efforts to obtain the SSA records, but was compelled to do so in light of the upcoming final status conference given that it may need to conduct some follow-up discovery after it finally obtains the SSA records and still needs IME's of plaintiff.

WHEREFORE, defendant respectfully requests that this Court grant its instant Motion, and enter an order directing the Social Security Administration to produce all records requested in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the Social Security Administration by defendant.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, Lawrence Mehl, Esq., by electronic mail on August 21 and 22, 2006 in a good faith effort to resolve or narrow the issues raised by this Motion. We were able to narrow the issues insofar as Attorney Mehl indicated that he would not oppose defendant's request for issuance of an order by the Court directing the Social

Security Administration to produce records to me in response to the Schedule A document request

attached to the Subpoena dated May 16, 2006 served on the SSA by defendant.

        Respectfully submitted,

        Defendant,
        By its Attorneys,

        Lawrence R. Holland, Esq.
        BBO# 554839
        Legal Management Services, LLC
        55 Hammarlund Way
        Middletown, RI 02842
        (401) 843-8400

Dated: August 23, 2006

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

                                                                              Lawrence R. Holland

1OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

GLORIA BROWN

v.

KFC CORPORATION, ET AL

**SUBPOENA IN A CIVIL CASE**

United States District Court
District of Massachusetts
Case Number: 05-11167 MBB

TO: Keeper of Records
Social Security Administration
166 Main Street
Brockton, MA 02301

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
Testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Sherin and Lodgen LLP<br>101 Federal Street, Boston, MA 02110-1832 | |
| | DATE AND TIME<br>May 31, 2006<br>10:00 am |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below
(list documents or objects):

See Exhibit A

| PLACE<br>Sherin and Lodgen LLP<br>101 Federal Street, Boston, MA 02110-1832 | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil

00115138.DOC /

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Larry R. Holland, Legal Management Services LLC, 55 Hammarlund Way, Middletown, RI 02842

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5/16/06
DATE

*(signature)* Notary Public
My commission expires: 5/13/09

*(signature)*
SIGNATURE OF SERVER

55 Hammarlund Way
Middletown, RI 02842
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.

(B) If a subpoena

   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a

00115138.DOC /

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

    (i)    fails to allow reasonable time for compliance,
    (ii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

00115138.DOC /

## SCHEDULE A

### DEFINITIONS

The following definitions apply to this Schedule A document request:

A.    "Gloria Brown" as used herein shall mean the Gloria Brown who resides at 80 Seminole Street, Hyde Park, MA 02136;

B.    "Document" or "documents" means any writing, drawing, chart, film, video recording in any form, audio recording in any form or its transcript, retrievable data (computer or other) in whatever form, or any other tangible preservation of information pertaining to the subject matter of this action. This definition includes but is not limited to, any and all originals, copies or notes of any and all of the following: records, notes, summaries, schedules, contracts, agreements, drawings, schedules, invoices, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, letters, telegrams, telefaxes, tapes, transcripts or records, photographs, pictures or films, computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind which is not a part of another document or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document is to be considered a separate document.

C.    "Concerning" means referring to, describing, evidencing or constituting.

### DOCUMENTS REQUESTED

1.    All documents concerning any claims for disability made by Gloria Brown, including, without limitation, disability claims filed in about 1995 and 2002.

2.    All documents concerning any disability payments made to Gloria Brown.

3.    All documents concerning any medical records concerning Gloria Brown.

MAY-22-2006 12:03 P.06



# SOCIAL SECURITY ADMINISTRATION
Consent For Release Of Information

TO:  Social Security Administration :

| Gloria J. Brown | 8/31/48 | 201 - 38 - 5199 |
|---|---|---|
| NAME | DATE OF BIRTH | SOCIAL SECURITY NUMBER |

authorize the Social Security Administration to release information or records about me to:

**NAME**  Lawrence R. Holland         **ADDRESS**  55 Hammarlund Way

Legal Management Services            Middletown, RI  02842

want this information released because:

Litigation purposes

(ere may be a charge for releasing information)

ease release the following information:
___ Social Security Number
_X_ Identifying Information  (Includes date & place of birth, parents' names)
_X_ Monthly Social Security benefit amount
_X_ Monthly Supplemental Security Income payment amount
_X_ Information about benefits/payments I received from  1980  to  present
_X_ Medical records
___ Record(s) from my file (specify)
___ Other (specify)

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal ardian. I know that if I make any representation which I know is false to obtain information from Social Security ords, I could be punished by a fine or imprisonment or both.

gnature: _____

(show signatures, names, and addresses of two witnesses if signed by mark)

ite: _____     Relationship: _____

SSA-3288

05/22/2006  11:51AM

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

TO: Social Security Administration

Name: Gloria J. Brown
Date of Birth: 8-31-48
Social Security Number: 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

I authorize the Social Security Administration to release information or records about me to:

NAME: Lawrence R. Mehl
ADDRESS: 21 Merchants Row, 5th floor, Boston, MA 02109

I want this information released because: Litigation Purposes

(There may be a charge for releasing information.)

Please release the following information:

____ Social Security Number
____ Identifying information (includes date and place of birth, parents' names)
_X_ Monthly Social Security benefit amount
_X_ Monthly Supplemental Security Income payment amount "0"
_X_ Information about benefits/payments I received from 1980 to Present
____ Information about my Medicare claim/coverage from _____ to _____
(specify) _____
____ Medical records
____ Record(s) from my file (specify) _____
____ Other (specify) _____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I declare under penalty of perjury that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this information, or causes someone else to do so, commits a crime and may be sent to prison, or may face other penalties, or both.

Signature: Gloria Brown
(Show signatures, names, and addresses of two people if signed by mark.)
Date: July 23, 2006    Relationship: _____

Form SSA-3288 (3-2005) EF (3-2005)

## Larry Holland

**From:** JLewis4284@aol.com
**Sent:** Tuesday, August 22, 2006 12:11 PM
**To:** Larry Holland
**Subject:** Re: Gloria Brown v. KFC

Dear Mr. Holland,

First, I take responsibility for the revising the SSA authorization to direct the records to our office. Without meaning to be presumptuous, there are two ways to get records. One is a voluntary authorization and one is a court order. As to the former, when WE are REQUESTED to produce records, we send the authorization to the medical provider and receive back the records, which we copy and transmit to opposing counsel. When OPPOSING COUNSEL SUBPOENAS the records, then they go directly to them. It has never been my practice to give opposing counsel medical authorizations, but, in this case, to expedite the discovery, I did so. In accordance with the maxim, "no good deed goes unpunished," my deviation from my usual practice has unfortunately been interpreted by you to be a blanket agreement to provide authorizations on demand. As to my rational, Ms. Brown's medical records are the contemporaneous documentation of her complaints and her health care provider's findings. As such, I know what they will contain. Ms. Brown's SSA file is compiled by an arguably adversarial third-party, in the sense that the SSA is representing the government in adjudicating her disability claim, and I have no idea what they have done in that regard or what the file contains. Therefore, I want to see it first, if you want us to cooperate in obtaining it. Alternatively, you can ask Judge Bowler for an order to produce the file, to which I assume SSA will respond, and which I will not oppose. You can bring your motion to compel, but I do not know of any rule which requires us to give you an authorization. If you can enlighten me in that regard, I would be pleased to reconsider my position. Succinctly put, if you want us to get the file for you by way of an authorization, we will; if you want to get the file, then you can use the procedure provided for by the FRCP.

Second, as to our medical expert, I thought it was clear that Dr. Foster was the ONLY physician who we were going to call to TESTIFY at trial, via his videotape deposition, although we intend to offer the relevant records of other health care provides, particularly, but not limited to, Dr. Chu, Ms. Brown's PCP, as provided for by the Federal Rules of Evidence. Hopefully, this satisfies your concern.

Sincerely, John N. Lewis