

# SOCIAL SECURITY
Office Of The General Counsel

Chief Counsel — Region I
625 — JFK Federal Building
Boston, Massachusetts 02203
TEL.: (617) 565-4277
FAX.: (617) 565-4447

*VIA FAX & FIRST CLASS MAIL*

September 20, 2006

Honorable Marianne B. Bowler
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 8420
Boston, MA 02210

RE: RESPONSE & OBJECTION TO REQUEST FOR THE PRODUCTION OF INFORMATION RE FLORIA BROWN IN THE MATTER OF GLORIA BROWN v. YUM! BRANDS, INC., ET AL, DOCKET NO.: 1:05-cv-11167-MBB

Dear Judge Bowler:

This letter is in response to the Order you entered on September 13, 2005, which was faxed to the Agency today, granting the Defendant's Motion for an Order for Production of Social Security Administration Records Concerning Plaintiff, in the above-identified action. Please be advised that the Agency's response to requests for the production of records is governed by statutory provisions and regulations. See 42 U.S.C. § 1306; 20 C.F.R. §§ 401.115 et seq.. Generally, with respect to the production/disclosure of information, absent the number-holder's consent in writing, the Agency opposes the production, inspection or copying of the requested material. The foundation of this objection is the confidentiality conferred upon the records by the Social Security Act. See 42 U.S.C. § 1306(a); see also Fed. R. Civ. P. 26(b)(1) & 45(d).

The claim of protection as privileged materials is as follows: Section 1106 of the Social Security Act, 42 U.S.C. § 1306, and 20 C.F.R. sections 401.115 et seq. of the Commissioner's regulations, expressly prohibit the release of any information from the system of records maintained by the Social Security Administration unless the number-holder consents in writing, or where disclosure of the information is not prohibited by both section 1106 of the Social Security Act and other federal law. Failure to comply with these requirements will expose the individual agency employee making such a disclosure to criminal penalties, 42 U.S.C. § 1306(a); see also 5 U.S.C. § 552a(i), and disciplinary action, 20 C.F.R. Part 401, Appendix A, § (b)(1), as well as exposing the Agency to potential civil

litigation, 5 U.S.C. § 552a(g). As the Commissioner's regulations at 20 C.F.R. section 401.100 make clear, where the Freedom of Information Act does not apply, the Agency does not disclose information unless such disclosure would be permissible under other federal law and is permitted as well by Section 1106(a) of the Social Security Act, 42 U.S.C. § 1306(a), and the Commissioner's duly promulgated implementing regulations.

Although the Privacy Act of 1974 does provide that an agency may disclose records without the prior consent of the person to whom the records pertain, if a court of competent jurisdiction has ordered such disclosure, 5 U.S.C. § 552a(b)(11), the Social Security Act imposes additional restrictions with respect to the records maintained by SSA. Specifically, the Act provides that SSA may not disclose information except as prescribed by agency regulation and as otherwise provided by Federal law. 42 U.S.C. § 1306(a). As noted previously, the controlling Agency regulations are set forth at 20 C.F.R. sections 401.30-401.95. When, as here, Congress has explicitly delegated to the agency the authority to give meaning to the statutory standard via regulations, those regulations are entitled to "legislative effect." Schweiker v. Gray Panthers, 453 U.S. 34, 44 (1981). With respect to court orders requiring release of information, these regulations state that:

> The Privacy Act allows us to disclose information when we receive an order from a court of competent jurisdiction. However, much of our information is especially sensitive. Participation in social security programs is mandatory, and so people cannot limit what information is given to SSA. When information is used in a court proceeding, it usually becomes part of a public record, and its confidentiality cannot be protected . . .

20 C.F.R. § 401.180(a). Accordingly, the regulations provide for disclosure of information pursuant to a court order only in certain specific circumstances: (1) where another section of the disclosure regulations would allow the disclosure; (2) where the Commissioner of SSA is a party to the proceedings; or (3) where the information is necessary for due process in a criminal proceeding. 20 C.F.R. § 401.180(b)[1].

However, neither the Social Security Act, nor the relevant regulations, permits the disclosure of financial, personal, or medical information contained in a social security file without the prior written consent of the individual to whom the file pertains. See 42 U.S.C. § 1306 and 20 C.F.R. § 401.100. Thus, in those instances in which a party requests production pursuant to the subpoena and/or an order of a court or administrative tribunal, but does not establish an appropriate basis under the Commissioner's regulations, the local Social Security field office is without proper authorization to release any information.

---

[1] The regulations also allow disclosures within the agency, as well as disclosures outside of the agency for certain "routine uses" compatible with the use for which the record was collected. Moreover, the regulations allow for dislosure in other specific circumstances, for purposes such as health or safety, statistical and research activities, and inquiries by Congress, the General Accounting Office, the Bureau of the Census, blood locator services or the National Archives. 20 C.F.R. §§ 401.150-401.175 and 401.200. Generally, none of those provisions are applicable to civil matters pending before courts or administrative tribunals.

As I informed counsel for the defendant in a letter dated May 22, 2006, the best way to obtain SSA records is to obtain a timely[2/] consent from the individual whose records are being sought. Such consent should take the form of a signed statement from the individual whose records are sought. The consent should be accompanied by the full name of the individual, date of birth and social security account number and a statement of the information sought. Any request for information maintained by SSA which is derived from tax return information (such as earnings records / wage history) must be accompanied by a separate document in which the taxpayer consents to the release of such information. 26 C.F.R. § 301.6103(c)-1. ** **If counsel for the defendant is able to secure the necessary release(s), the consent with the accompanying information should be forwarded to the attention of Allen MacLeod, District Manager, Brockton Office, 166 North Main Street, Brockton, MA 02401 and then contact that office directly [phone # 508-587-4247] about arranging a mutually convenient time to review the file and obtain any authenticated copies of information you may require.**** Due to the number of requests received by SSA, however, it may take some time for the records to be provided. If a certified copy of the records in question is needed, SSA should be advised accordingly. When the records are provided, SSA will submit a bill for payment for the search, copying and, if necessary, certification of the requested records.

If you have any questions, or if this office may be of further assistance, please do not hesitate to contact me at (617) 565-4281. Thank you.

Sincerely,

ROBERT J. TRIBA
Chief Counsel, Region I

By: *Karen B. Burzycki*
Karen B. Burzycki
Assistant Regional Counsel

cc:   Larry R. Holland, Esq.
      Legal Management Services, LLC
      55 Hammarlund Way
      Middletown, RI 02842
      Fax (401) 843-8401

---

[2/] *Sixty days for earnings records, ninety days for medical records and one year for other information.*

*Page 3 of 3*