UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLORIA BROWN,                          )
     Plaintiff                          )
                           )
v.                                     )     CIVIL ACTION
                           )     NO. 05-CV-11167-MBB
                           )
KFC CORPORATION,                       )
     Defendant                          )

**DEFENDANT'S MOTION FOR AN ORDER COMPELLING
PLAINTIFF TO EXECUTE AND PROVIDE  TO DEFENDANT A
SOCIAL SECURITY ADMINISTRATION CONSENT
FOR RELEASE OF INFORMATION**

Defendant KFC Corporation, by its attorneys, hereby moves that the Court enter

an order compelling plaintiff to, within ten days of the Court's allowance of this Motion,

execute and provide to defendant's attorney a Social Security Administration ("SSA")

Consent for Release of Information in the form attached hereto as Exhibit A authorizing

the SSA to release to defendant's attorney all records requested in the Schedule A

document request attached to the Subpoena dated May 16, 2006 served on the SSA by

defendant.  The grounds for this Motion are as follows:

1.      In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC

restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and

sustained injuries ("the alleged incident").  She alleges that she sustained a torn meniscus

in her knee and a back injury.  She further alleges that she has not been able to work since

the day of the alleged incident, which was almost four years ago, and that she suffers

from mental injuries as a result of the incident.  Finally, plaintiff claims damages in the

amount of $5,500,000.

2.      During her deposition in this action, plaintiff disclosed that she had received SSA disability payments in connection with the injuries she alleges in this action as well as on at least two other occasions in the past. The past instances of disability payments were due to mental conditions. Defendant has attempted for several months now to obtain the SSA records concerning plaintiff's disability claims, and its efforts in this regard are detailed at length in Defendant's Motion for an Order for Production of Social Security Records Concerning Plaintiff ("Defendant's Motion for an Order for Production"), which was previously allowed by the Court. A true and accurate copy of the subpoena with attached Schedule A document request that defendant served on the SSA is attached hereto as Exhibit B.

3.      Defendant served the SSA with the Court's Order allowing Defendant's Motion for an Order for Production shortly after the Order was issued by the Court. As is reflected by a letter filed with the Court by the SSA, the SSA takes the position that it is not required to produce the documents in response to the Court's Order, and that it will only produce the documents in response to a SSA Consent for Release of Information signed by plaintiff. This position differs from what defendant's counsel previously understood the SSA to state, but, in any event, at this point, the matter can easily be resolved by plaintiff's provision of the SSA Consent for Release of Information.

4.      Plaintiff's counsel will not provide a SSA Consent for Release of Information to defendant's counsel. Plaintiff's counsel takes the position that the records should not be produced to defendant's counsel until after they are first reviewed by this Court. Plaintiff's counsel asserts that such a review is necessary to protect plaintiff's privacy.

2

5.      Defendant's counsel sees no need for this Court to review the SSA records and believes that would be a completely unnecessary use of this Court's valuable time. Any privacy concerns can be addressed by a reasonable confidentiality agreement, which defendant's counsel is willing to sign.

6.      Further, it is altogether unclear exactly what plaintiff's counsel expects this Court to do. Records concerning plaintiff's disability claim in connection with this incident and past claims of disability due to mental conditions are clearly relevant. Moreover, the discovery standard is much broader than relevance and encompasses documents which are reasonably likely to lead to the discovery of other relevant evidence. Without an in depth knowledge of the depositions, medical records and documents that have already been produced in this action as well as a similar degree of knowledge of the injuries plaintiff alleges in this action and the treatment that she has received, a reasoned determination by this Court that particular documents contained in the SSA file should not be produced is simply not possible. Here again, there is absolutely no need for the Court to engage in this document by document review of what is believed to be a rather voluminous file because plaintiff's putative concerns can be addressed by a confidentiality agreement.

WHEREFORE, defendant respectfully requests that this Court grant its instant Motion, and enter an order compelling plaintiff to, within ten days of the Court's allowance of this Motion, execute and provide to defendant's attorney a Social Security Administration ("SSA") Consent for Release of Information in the form attached hereto as Exhibit A authorizing the SSA to release to defendant's attorney all records requested

in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the SSA by defendant.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, John Lewis, Esq., on several occasions in a good faith effort to resolve or narrow the issues raised by this Motion.  We were able to narrow the issues insofar as the sole remaining issue is whether this Court should first review the SSA records prior to their production to defendant's counsel.

Respectfully submitted,

Defendant,
By its Attorneys,

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: September 29, 2006

4

## CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

_____
Lawrence R. Holland

EXHIBIT A

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information
_____

**TO:** Social Security Administration

GLORIA BROWN
_____    _____    _____
Name                      Date of Birth          Social Security Number

I authorize the Social Security Administration to release information or records about me to:

NAME                              ADDRESS
Lawrence R. Holland, Esquire _____

_____    _____

_____    _____

_____    _____

I want this information released because:
It has been subpoenaed in Gloria Brown v KFC Corporation
_____

_____
(There may be a charge for releasing information.)

Please release the following information:

_____ Social Security Number
_____ Identifying information (includes date and place of birth, parents' names)
X____ Monthly Social Security benefit amount
X____ Monthly Supplemental Security Income payment amount
X____ Information about benefits/payments I received from_____ to _____
_____ Information about my Medicare claim/coverage from_____ to _____
       (specify) _____
X____ Medical records
X____ Record(s) from my file (specify)    All documents requested in the Schedule
       A document request attached to the subpoena dated May 16, 2006 served
_____ Other (specify) on the SSA by KFC Corp.

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I declare under penalty of perjury that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this information, or causes someone else to do so, commits a crime and may be sent to prison, or may face other penalties, or both.

Signature: _____
(Show signatures, names, and addresses of two people if signed by mark.)
Date:_____    Relationship: _____

Form **SSA-3288** (3-2005) EF (3-2005)

*Exhibit B*

1OAO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

GLORIA BROWN

v.

KFC CORPORATION, ET AL

**SUBPOENA IN A CIVIL CASE**

United States District Court
District of Massachusetts
Case Number: 05-11167 MBB

TO: Keeper of Records
Social Security Administration
166 Main Street
Brockton, MA 02301

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
Testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Sherin and Lodgen LLP 101 Federal Street, Boston, MA 02110-1832 | |
| | DATE AND TIME May 31, 2006 10:00 am |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects
at the place, date, and time specified below
(list documents or objects):

See Exhibit A

| PLACE Sherin and Lodgen LLP 101 Federal Street, Boston, MA 02110-1832 | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil

00115138.DOC /

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Larry R. Holland, Legal Management Services LLC, 55 Hammarlund Way, Middletown, RI 0284 ⁵ᵉᵉ Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5/16/06
              DATE

_Nori R. Pellegrino_
Notary Public
My commission expires: 5/13/09

_[signature]_
SIGNATURE OF SERVER

55 Hammarlund Way
Middletown, ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)   subjects a person to undue burden.

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)   requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii)   requires a person who is not a party or an officer of a

00115138.DOC /

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)    fails to allow reasonable time for compliance,
(ii)    requires a person who is not a party or an officer of a

party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

00115138.DOC /

## SCHEDULE A

## DEFINITIONS

The following definitions apply to this Schedule A document request:

A.      "Gloria Brown" as used herein shall mean the Gloria Brown who resides at 80 Seminole Street, Hyde Park, MA 02136;

B.      "Document" or "documents" means any writing, drawing, chart, film, video recording in any form, audio recording in any form or its transcript, retrievable data (computer or other) in whatever form, or any other tangible preservation of information pertaining to the subject matter of this action. This definition includes but is not limited to, any and all originals, copies or notes of any and all of the following: records, notes, summaries, schedules, contracts, agreements, drawings, schedules, invoices, orders or acknowledgments, diaries, reports, forecasts or appraisals, memoranda or telephone memoranda, letters, telegrams, telefaxes, tapes, transcripts or records, photographs, pictures or films, computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind which is not a part of another document or any document which does not contain a comment, notation, addition, insertion, or marking of any kind which is part of another document is to be considered a separate document.

C.      "Concerning" means referring to, describing, evidencing or constituting.

## DOCUMENTS REQUESTED

1.      All documents concerning any claims for disability made by Gloria Brown, including, without limitation, disability claims filed in about 1995 and 2002.

2.      All documents concerning any disability payments made to Gloria Brown.

3.      All documents concerning any medical records concerning Gloria Brown.