UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,     ) | |
|       Plaintiff          ) | |
|                              ) | |
| v.                          ) | CIVIL ACTION |
|                              ) | NO. 05-CV-11167-MBB |
|                              ) | |
| YUM! BRANDS, INC., et al.  ) | |
|       Defendants      ) | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO
EXECUTE AND PROVIDE A SOCIAL SECURITY ADMINISTRATION
CONSENT FOR RELEASE OF INFORMATION**

The defendants insist on receiving the plaintiff's Social Security Administration disability claim file *directly*. Up to now, the plaintiff has fully cooperated with the defendants, providing them with at least a dozen authorizations for all of her medical records, even her mental health records from McLean Hospital. She is not trying to conceal her medical history *related to her accident* or to prejudice the defendant in its acquisition of her records. However, she has no control over what information the SSA has accumulated and, therefore, she has refused to *voluntarily*[1] allow the defendant's to see her SSA file, *before*[2] she sees it herself.

---

[1] The defendants applied for and received an Order from this Honorable Court for release of the records by the SSA. The plaintiff did not oppose it, because she understood that it has a procedural right to such an order. However, providing the defendants with an authorization, which makes defense *counsel her attorney* for th purpose of obtaining information from the SSA, is a different matter.

[2] The plaintiff has offered to obtain the records and provide them to the defendants pursuant to FRCP Rule 33 or to have the records delivered to the Court for in camera inspection, as discussed *infra*.

˜2˜

The plaintiff's position is not just an academic exercise of her right to privacy, but the tip of the iceberg with regard to the relevance of her prior mental health history. As stated in their memorandum, the defendants contend that the plaintiff "suffers from mental injuries as a result of the accident" (Memo. p. 1) and that "past instances of disability payments were due to mental conditions." The defendants are referring to an employment discrimination claim the plaintiff made against her employer NYNEX in 1998 and a resulting lawsuit.[3]. The defendant's mischaracterization of her claim for *bodily injuries* and the attendant pain and suffering as a claim for *emotional distress* is that crux of the dispute over their direct receipt of her SSA file. The plaintiff had expected to deal with this issue broadly at trial, rather than microscopically as the basis for her reluctance to authorize the release of a disability claim file which *may* contain mental health records relating to her prior disability claim for emotional distress.

At her deposition the plaintiff testified that she was depressed due to the chronic pain from her knee and back injuries. That is documented in her McClean Hospital records, which have been produced. *Emotional distress* is a distinct type of injury which is, by definition, <u>not</u> caused by physical trauma. See <u>George v. Jordan Marsh Co.</u>, 359 Mass. 244, 268 N.E.2d 915 (1971), <u>Agis v. Howard Johnson Company</u>, 371 Mass. 140, 355 N.E.2d 315 (1976)[4] and

---

[3]The plaintiff has already provided the defendants with all of the pleadings from her action.

[4]One who, without privilege, causes *emotional distress* to another is subject to liability for such distress, *even though no bodily harm may result*, if the actor intended to inflict emotional distress or knew or should have known that emotional distress was likely result of his conduct, if the conduct is extreme and outrageous, beyond all possible bounds of decency and utterly intolerable and if the distress sustained is severe and of a nature that no reasonable man could be expected to endure. <u>Id.</u>, 142 [emphasis added].

˘3˘

<u>Dziokonski v. Babineau</u>, 375 Mass. 555, 380 N.E.2d 1295 (1978)[5]. Not only do the courts treat claims for emotional distress differently than claims for pain and suffering attendant to a physical injury, so does the Internal Revenue Service. 26 USC § 104(a)(2) makes claims for "emotional distress" taxable, while claims for "bodily injury," including pain and suffering, are not taxable. See also IRS Publication 4345 (attached as Exhibit 1).

The plaintiff knows what is in the files of the doctors she saw for her injury and her resulting depression. She does not know what is in her SSA file.[6] The only protection she has sought is for her see the file first and then deliver it to the defendant or bring an appropriate motion for a protective order. As an alternative, the plaintiff has proposed to the defendants that the Court review the records. See Exhibit 2. The defendants have questioned the efficacy and necessity of such a review. As to the former, there is no need for the Court to read the records. All that it needs to do is to determine if the records are pre- or post-accident and, if pre-accident, then allow plaintiff's counsel to view them first, to see if there is any objection to their release.

---

[5][W]e conclude that the allegations concerning a parent who sustains substantial physical harm as a result of *severe mental distress* over some peril or harm to his minor child caused by the defendant's negligence state a claim for which relief might be granted, where the parent either witnesses the accident or soon comes on the scene while the child is still there. <u>Id.</u>, 568. [emphasis added].

[6]At her deposition, the plaintiff testified to having been raped.

˘4˘

As to the latter, the defendants contend that the plaintiff's right to privacy can be protected by a confidentiality agreement. Notably, when it came to disclosing its own investigative file, confidentiality was not the issue. Succinctly put, they argued it was none of the plaintiff's business. Similarly, irrelevant records of the plaintiff's mental health are none of the defendants' business, regardless of whether they will maintain their confidentiality.

WHEREFORE, the plaintiff opposes the defendants' motion to compel the plaintiff to execute and provide a Social Security Administration consent for release of information form, allowing the defendant to obtain the records directly, and prays that said motion be denied.

The plaintiff,
By her attorneys,

   /s/ John N. Lewis
John N. Lewis
BBO# 298520
Lawrence R. Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 2, 2006

   /s/ John N. Lewis
John N. Lewis

# Settlements — Taxability

The Internal Revenue Service recognizes that receiving a settlement award (amount) from a personal injury suit may create new tax issues for some individuals. The following information is provided to assist recipients of cash settlements.

The type of settlement you receive is determined by your Final Settlement Agreement.

**Physical injuries or physical sickness** settlements are generally non-taxable.

- If you receive a settlement for physical injuries or physical sickness and did not take an itemized deduction for medical expenses related to this injury in prior years, the full amount is non-taxable and generally does not need to be reported on you income tax return.

**BUT**

- If you receive a settlement for physical injuries or physical sickness and did deduct medical expenses related to the injury, the tax benefit amount is taxable and should be reported as "Other Income" on line 21 of Form 1040.

**Interest, punitive damages, emotional distress or mental anguish, and employment discrimination or injury to reputation** settlements are generally taxable.

- **Interest:** Amounts on any settlement are taxable as "Interest Income" and should be reported on line 8a of Form 1040.
- **Punitive Damages:** Amounts are taxable and should be reported as "Other Income" on line 21 of Form 1040. It does not matter if punitive damages are related to a physical injury or physical sickness.
- **Emotional distress or mental anguish:** Amounts are taxable to the extent that they exceed medical costs, not previously deducted, for treatment of emotional distress or mental anguish. A statement showing the entire settlement amount less related medical costs should be attached to the return. The net taxable amount should be reported as "Other Income" on line 21 of Form 1040.
- **Employment discrimination or injury to reputation:** Amounts are taxable and should be reported as "Other Income" on line 21 of Form 1040.

**Loss-of-use or loss-in-value of property** settlements may be taxable if the settlement exceeds your basis in the property.

- Property settlements that are less than the adjusted basis of your property are not taxable and generally do no need to be reported on your tax return.
- When property settlements exceed your adjusted basis in the property, the excess is gain. Gains on personal capital assets are reported on Form 1040's Schedule D, Capital Gains and Losses. Gains on business capital assets are reported on Form 4797, Sale of Business Property.

Some settlement recipients may need to make estimated tax payments if they expect their tax to be $1,000 or more after subtracting credits & withholding. Information on estimated taxes can be found in IRS Publication 505, Tax Withholding and Estimated Tax, and in Form 1040-ES, Estimated Tax for Individuals.

**For additional help contact the IRS at 1-800-829-1040.**

All of the forms and publications referenced in this publication are available from the IRS at **www.irs.gov**, or paper copies can be ordered by calling 1-800-829-3676 (1-800-TAX-FORM).

**STAKEHOLDER PARTNERSHIPS,
EDUCATION & COMMUNICATION**



Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Publication 4345 (Rev. 6-2006)
Catalog Number 38586D

**Social Security Administration**
Consent for Release of Information

Form Approved
OMB No. 0960-0566

TO: Social Security Administration

| Gloria J. Brown | 8-31-48 | 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 |
|---|---|---|
| Name | Date of Birth | Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

**NAME**: Hon. Marianne B. Bowler, Magistrate Judge
**ADDRESS**: United States District Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210

I want this information released because: Litigation Purposes

(There may be a charge for releasing information.)

Please release the following information:

___ Social Security Number
___ Identifying information (includes date and place of birth, parents' names)
_X_ Monthly Social Security benefit amount
_X_ Monthly Supplemental Security Income payment amount
_X_ Information about benefits/payments I received from 1980 to Present
___ Information about my Medicare claim/coverage from _____ to _____
(specify) _____
_X_ Medical records
___ Record(s) from my file (specify) _____
___ Other (specify) _____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I declare under penalty of perjury that I have examined all the information on this form and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false or misleading statement about a material fact in this information, or causes someone else to do so, commits a crime and may be sent to prison, or may face other penalties, or both.

Signature: _Gloria Brown_
(Show signatures, names, and addresses of two people if signed by mark.)
Date: July 23, 2006     Relationship: Claimant

Form SSA-3288 (3-2005) EF (3-2005)