UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>) |
| KFC CORPORATION,<br>    Defendant | )<br>)<br>) |

**DEFENDANT'S SUPPLEMENTAL SUBMISSION REGARDING PRECLUSION OF EVIDENCE CONCERNING PLAINTIFF'S RECEIPT OF SOCIAL SECURITY DISABILITY PAYMENTS**

Defendant KFC Corporation, by its attorneys, hereby files its Supplemental Submission Regarding Preclusion of Evidence Concerning Plaintiff's Receipt of Social Security Disability Payments. Defendant's Supplemental Submission is as follows:

1. In the Joint Pretrial Memorandum, defendant raised the evidentiary issue of precluding admission of any evidence at the trial of this action concerning plaintiff's receipt of disability payments from the Social Security Administration ("SSA"). In defendant's discussion of that issue in the Pretrial Memorandum, defendant referenced a record produced by the SSA which reflects that the SSA determined that plaintiff was in fact capable of performing certain jobs. To further assist the Court in determining this issue, a copy of that document is attached hereto as Exhibit A.

2. Defendant's counsel discussed Exhibit A with John Riley of the Commonwealth of Massachusetts Disability Determination Services Division. The Disability Determination Services Division made the determination of plaintiff's disability on behalf of the SSA, and Mr. Riley is the supervisor of the employee who made the determination, Josephine McKenzie.

2

3.      As stated in the Pretrial Memorandum, Mr. Riley informed defendant's counsel that although Exhibit A indicates that the Disability Determination Services Division concluded that plaintiff was not capable of performing her prior job as child care counselor since it required sedentary-heavy work, it also concluded that she is capable of performing jobs in the sedentary-medium job classifications.  This is the reason that representative jobs in the sedentary-medium job classification categories are listed at the bottom of the document.  Mr. Riley further informed defendant's counsel that plaintiff's disability claim was nevertheless allowed based upon the sliding scale employed by the SSA which involves considerations other than plaintiff's medical condition and ability to work.

4.      As a result of the foregoing, as set forth in the Pretrial Memorandum, the fact that plaintiff is receiving disability payments from the SSA is not only irrelevant because the SSA uses a different standard than the jury in this action will be using, but allowing entry of evidence of plaintiff's receipt of disability payments at trial would be unduly prejudicial to defendant because it would lead the jury to the incorrect conclusion

that the SSA determined that plaintiff is incapable of performing any jobs.

                    Respectfully submitted,

                    Defendant,
                    By its Attorneys,

                    Lawrence R. Holland, Esq.
                    BBO# 554839
                    Legal Management Services, LLC
                    55 Hammarlund Way
                    Middletown, RI 02842
                    (401) 843-8400

Dated: March 6, 2007

CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

_/s/ Lawrence R. Holland_
Lawrence R. Holland

Claimant's Name _Gloria Braun_  SSN _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_

FORM I          VOCATIONAL ANALYSIS

PHYSICAL RFC

    EXERTION:     Unlimited ( )    Medium ( )    Light ( )    Sedentary (X)

    STATION:     Number of hours   Stand (2)  Walk (4)  Sit ( )  If <2hrs Slightly less ___
                                                                                                                             Significantly less ___

    MOBILITY:    Can Occasionally      Climb (X)   Balance ( )   Stoop (X)

*Limited in lower extremities     Kneel (X)   Crouch (X)   Crawl (X)

    HANDLING:    Restricted by    Bilateral ( )    Right ( )    Left ( )

    Reach over shoulder ( )    Handling/Gross grasp ( )              Feel ( )
    Fingering : can occasionally ( )  Bilateral ( )   Right ( )   Left ( )
    Explain: _____

    VISION: Retains Fair vision ( )   Retains Gross vision only ( )  Explain _____

    HEARING:    restricted from noisy places ( )

    ENVIRONMENTAL: _____

MENTAL RFC _____

POMS: 25020.005A6

This claimant's RFC precludes the past work as _Child Care counselor & Dynex exec asst_

which required _sed - heavy wk_

*All past jobs must be addressed either here, on an R/C, or on a DOT printout.*

The profile lacks transferability because _____

AGE _54_          EDUCATION _12_

The VOCATIONAL RULE that guides _201.12_       Decision _Allow_

CITEABLE UNSKILLED JOBS:

    MEDIUM   Hand Packer        LIGHT  Winder              SEDENTARY  Loader
                  920.587-018              726.685-010                    726.687-030
                  Crate Liner              Electronics Worker             Bonder
                  920.687-078              726.687-010                    726.685-066
                  Box Bender               Encapsulator                   Wafer Breaker
                  641.687-010              726.687-022                    726.687-046

The Medium jobs are common in the 15,000 position packing/sorting field in Massachusetts. The Light and Sedentary jobs are common in the 50,000 position high tech industries in Massachusetts.

Examiner _____          Date _2/05/03_

Training/06/02