UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )   CIVIL ACTION<br>)   NO. 05-CV-11167-MBB<br>) |
| KFC CORPORATION,<br>    Defendant | )<br>) |

**DEFENDANT'S MOTION TO CONTINUE TRIAL DATE**

Defendant, by its attorneys, hereby moves that the Court enter an order continuing the trial date in this action from its currently scheduled date of June 11, 2007 for a period of approximately sixty days to a date on or after August 15, 2007 convenient to the Court. The grounds for this Motion are as follows:

1.    In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and sustained injuries. She further alleges that she has not been able to work since the day of the incident, which was almost five years ago. Plaintiff is claiming several million dollars in damages.

2.    This action was previously scheduled to be tried in March, 2007. Prior to that trial date, defendant filed a motion seeking to exclude portions of the videotaped trial testimony of plaintiff's witness Dr. Timothy E. Foster ("Dr. Foster"). The grounds for that Motion were that Dr. Foster's testimony went well beyond the bounds of testimony permitted by a treating physician and that plaintiff had not provided expert disclosures concerning Dr. Foster. Specifically, even though Dr. Foster had treated plaintiff only for a torn meniscus in her knee and had last treated her in December, 2003, during his

videotaped trial testimony, Dr. Foster testified concerning plaintiff's alleged back condition, putative disability as of December, 2006, and potential need for a knee replacement, among other expert testimony. None of this testimony was reflected by Dr. Foster's treatment records and it clearly had been developed in conjunction with plaintiff's attorneys.

      3.      This Court did not set any expert disclosure deadlines in this action, and as such, prior to the videotaped trial testimony of Dr. Foster, defendant's counsel was very diligent in securing a representation from plaintiff's counsel that plaintiff did not intend to call any expert witnesses and intended only to call Dr. Foster, who, here again, was plaintiff's treating orthopedist. As such, at the time of Dr. Foster's videotaped trial testimony, defendant had not retained any experts because it expected only testimony concerning plaintiff's torn meniscus surgery from a physician who had not treated plaintiff in three years and therefore would be in no position to testify concerning plaintiff's alleged back injury or any continuing disability on the part of plaintiff. As defendant's counsel argued during the hearing on defendant's motion to exclude, defendant would certainly have retained experts if Dr. Foster's testimony had been properly disclosed.

      4.      As a result of the foregoing, by Order dated March 19, 2007, this Court ordered plaintiff to provide expert disclosures concerning Dr. Foster and granted defendant leave to obtain expert testimony to refute Dr. Foster's opinions. Defendant's counsel and plaintiff's counsel chose a new trial date of June 11, 2007 based upon the assumption that date would provide defendant adequate time to obtain expert testimony.

5.  Defendant's counsel began attempting to line up expert testimony very shortly after being granted leave by the Court to do so. Plaintiff's counsel initially consulted with Dr. Edward Feldmann of Providence, R.I., a neurologist, concerning plaintiff's alleged back condition. After taking some time to review the deposition transcript of Dr. Foster, Dr. Feldmann advised plaintiff's attorneys that he required opinions from an expert orthopedist to properly formulate an opinion. In any event, an expert orthopedist is also necessary to refute Dr. Foster's expert testimony concerning the need for a knee replacement and permanent disability.

6.  Thereafter, defendant's counsel sought to locate an orthopedist to provide expert testimony. Defendant's counsel eventually retained John A. Froehlich, M.D. of University Orthopedics in Providence, R.I. Like any other desirable expert, Dr. Froehlich has an extremely busy practice and, as such, he required a substantial period of time to review the voluminous medical records and deposition transcript of Dr. Foster.

7.  Dr. Froehlich completed his records review during the week of May 14, at which point defendant's counsel contacted plaintiff's counsel and advised him that Dr. Froehlich and Dr. Feldmann required a brief examination of plaintiff in order to finalize their opinions, and proposed a short continuance of the trial date so as to allow for the examination, the disclosures of the opinions of defendant's experts, the preparation of plaintiff's counsel's cross-examination of defendant's experts, and the videotaping of their trial testimony. Plaintiff's counsel refused to assent to any continuance of the trial date.

8.  After plaintiff's counsel refused to assent to a continuance, defendant's counsel spoke with Drs. Feldmann and Froehlich and they agreed to rearrange their

schedules to the extent necessary to examine plaintiff, provide expert reports and videotape their trial testimony prior to the June 11, 2007 trial date. Thereafter, defendant's counsel contacted plaintiff's counsel and advised him of the same and even offered to hire a car service to transport plaintiff to the examinations. Plaintiff's counsel refused to agree to this arrangement and stated that he intended to object to defendant's use of any expert witnesses despite the Court's March 19, 2007 Order which clearly allows defendant to do so. Moreover, despite being fully aware for quite some time that defendant intended to use experts located in Providence, R.I., plaintiff's counsel for the first time objected to the use of non-Boston based experts.

9. The need for defendant to retain experts and the concomitant delay is solely attributable to plaintiff's failure to provide adequate disclosures of Dr. Foster's testimony. Instead of barring Dr. Foster's testimony, this court quite properly granted defendant leave to obtain expert testimony to refute Dr. Foster's expert opinions. Despite the best efforts of defendant's counsel, defendant was unable to retain experts, have them review the voluminous medical records concerning plaintiff, schedule examinations of plaintiff, make expert disclosures, and videotape the experts' trial testimony prior to the current trial date. Nonetheless, plaintiff's counsel refuses to assent to a short continuance of the trial date to allow all of this to be done in an organized fashion without prejudice to either party. It is especially important that neither party be prejudiced in this action where plaintiff is claiming several million dollars in damages, and a short continuance of approximately two months is therefore imperative.

WHEREFORE, defendant KFC Corporation respectfully requests that this Court grant its Motion to Continue Trial Date and enter an order continuing the trial date in this action to a date on or after August 15, 2007 convenient to the Court.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, John Lewis, Esq., on several occasions during the week of May 14, 2007 by telephone and by electronic mail in a good faith effort to resolve or narrow the issues raised by this Motion. We were unable to reach any agreement in this regard.

Respectfully submitted,

Defendants,
By its Attorneys,

_____
Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: May 21, 2007

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

                                                  Lawrence R. Holland