UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )  CIVIL ACTION<br>)  NO. 05-CV-11167 MBB<br>) |
| KFC CORPORATION,<br>　　Defendants | )<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT KFC CORPORATION'S MOTION TO CONTINUE TRIAL DATE**

　　Now comes the plaintiff and states her opposition to the defendant KFC Corporation's motion to continue the trial date for the reasons set forth below.

　　The plaintiff and her counsel take great offense at the defendant's counsel's self-serving tattle-tale argument. It is unseemly and improper for one attorney to support his motion by incorporating his stilted paraphrase of purported conversations with opposing counsel. Fortunately, the actual "conversation" via email is available for the Court's review and is attached. The plaintiff also is offended by the defendant's attempt to place the blame for its procrastination and corresponding need for additional time on the plaintiff. As the emails document, the plaintiff has done everything asked of her in as timely a manner as possible, considering that the <u>first</u> time the defendant took any action on this Honorable Court's leave to "identify" an expert to rebut Dr. Foster's testimony was <u>less than a month before trial</u>:

　　Date: 5/14/2007 10:46:49AM EDT

　　John: I am going to have to file a motion to continue the trial date. The experts
　　are taking much longer than I thought.

2

Moreover, despite providing this Honorable Court with the names of its experts in its motion, prior to that time the defendant had <u>never</u> identified any expert, let alone <u>two</u> experts, nor had it given any advance indication that it wanted not one, but two examinations to be conducted out of state. Finally, as to the plaintiff's cooperation, it should have come as no surprise to the defendant that the plaintiff would not agree to a <u>third</u>[1] continuation of the trial date, because it could not get its act together in the three months it said would be sufficient. Nor should it come as any surprise to the defendant that the plaintiff would not agree to compress two medical examinations, two videotape depositions of the defendant's medical experts[2] and Dr. Foster's continued deposition[3] into the three weeks before trial without any prior disclosure of their opinions or meaningful opportunity to prepare a cross-examination.

---

[1] All three continuances were at the defendant's request, because it need additional time to accumulate and review the plaintiff's medical records. The January trial date was continued to March, because the defendant insisted it could not complete its medical review without the plaintiff's Social Security records. With all due respect, this Honorable Court recognized that those records would most likely be nothing more than a compilation of the records already obtained by the defendant and directed that the plaintiff depose Dr. Foster, with the caveat that his deposition might be reopened, if the SS records raised any new issues, which they did not. The March trial date was continued to June, so that the defendant could obtain a medical expert to rebut Dr. Foster's *testimony*.

[2] The defendant argues in its motion to continue the trial date that the doctors are so busy that it was impossible to get them to review the records and examine the plaintiff in the three months, so it would stand to reason that they are too busy to take time out of the practices to spend a day in court to testify. Even if they were so accommodating, the plaintiff did not read this Honorable Court's memorandum as abridging her right to pre-trial expert discovery.

[3] The plaintiff immediately responded to the defendant's request for dates to depose Dr. Foster prior to trial and provided those dates within a day of the request. See email from Lawrence Holland to John Lewis dated 5/16/2007 from John Lewis to Lawrence Holland dated May 17, 2007, attached.

3

Also, the plaintiff would respectfully ask this Honorable Court to consider the facts as to the defendant's professed "surprise" by Dr. Foster's innocuous opinions that her back and knee injuries were related to her fall and that she was disabled. This is and always has been a *personal injury* case. For almost three years the plaintiff provided medical records to the adjusting company representing KFC and explained the basis for her claim for compensation as back and knee injuries. When no accord could be reached, the plaintiff filed suit. Her complaint and the mandatory disclosures gave the defendant fair notice as to the nature of her claims for back and knee injuries *as a result* of her fall in the parking lot of the KFC restaurant and identified Dr. Foster as her treating physician. Her medical records from Dr. Foster and for her care at the Boston Medical Center Pain Clinic, for which the plaintiff gave the defendant authorizations providing unrestricted access, as well as the medical history that she consistently gave following her injury at the KFC restaurant, as stated in her medical records, all deny any prior back or knee problems and relate the onset of back and knee problems to her fall. Moreover, the records from the New England Home for Little Wanderers, the plaintiff's pre-accident employer, show a long term, dedicated and active woman providing child care without any physical restrictions. On that basis a jury could have found her injuries to be related to the fall without any expert opinion:

> FN6. We also express our view, by way of dictum, that the injuries complained of by Mrs. Bailey, regardless of denomination, are not so highly technical as to require greater specificity in causation by way of expert opinion. She suffered injuries in an automobile accident, and thereafter experienced chronic pain that she did not have before the accident. Causation is, fairly, a matter of degree, and clearly there are cases involving medical issues where no expert opinion whatsoever would be necessary to establish legal causation. See Lovely's Case, 336 Mass. 512, 516, 146 N.E.2d 488 (1957) (no expert testimony required where causal relationship between alleged negligence and claimed injury is within "general human knowledge and experience"); Haggerty v. McCarthy, 344 Mass. 136, 139, 181 N.E.2d 562 (1962), quoting from Cyr v. Giesen, 150 Me. 248, 252,

4

>108 A.2d 316 (1954) (medical malpractice cases "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge" do not require expert testimony); Carney v. Tranfaglia, 57 Mass.App.Ct. 664, 666-667, 785 N.E.2d 421 (2003) ("When the causal link is one that may be inferred from the evidence already received, the finder of fact does not need help from an expert"). Mass.App.Ct. Bailey v. Cataldo Ambulance Service, Inc., 64 Mass.App.Ct. 228, 832 N.E.2d 12 (2005).[4]

Moreover, both the Social Security Administration's determination, that the plaintiff is totally disabled, which the defendant wishes to dismiss as immaterial, the fact that she has not worked since the accident and her answers to interrogatories, claiming continuing lost income, should have been sufficient clues to the defendant that the plaintiff was claiming she was totally disabled. Although Dr. Foster commented on that issue, it too would have been before the jury even without his opinion. See Bailey, *supra*.

Finally, the necessity of a retaining medical expert has been known to the defendant for over a year. In Defendant's Motion to Extend Discovery Deadline [Document 33], filed on May 22, 2006, the defendant argues to this Honorable Court:

>9. After defendants obtain complete medical records, **they intend to send plaintiff to an IME** concerning her physical injuries, and may also conduct an IME concerning plaintiff's alleged mental injuries. Moreover, defendants may want to take the depositions of some of plaintiff's medical treatment providers, and **depositions of physicians take some time to schedule**. Motion, p. 4. [Emphasis added].

That representation to the Court was preceded by an even earlier recognition of the need for a defense medical expert. On March 10, 2006, more than two months earlier, Attorney Holland sent Attorney Mehl an email stating:

---

[4]The plaintiff apologizes to this Honorable Court for providing Massachusetts law, but was anxious to have her opposition filed as soon as possible and used a case with which her attorneys are familiar. The plaintiff believes that federal case law is no different with regard to causation.

5

> Accordingly, I think that April 30 is a little ambitious for a discovery cutoff. We need to obtain complete medical records, including records from the providers identified above, depose plaintiff, depose some of the medical providers and **most likely send plaintiff to an IME**. I do not see all of that happening by April 30. A copy if attached.

To suggest now that the issue of causation was first raised by Dr. Foster's deposition and that the defendant was caught unaware that it needed to deal with it before then is duplicitous.

In conclusion, the defendant first informed the plaintiff that it could not do what it said it could do and what the court allowed it to do less than a month before trial, at which time it announced it would file a motion to continue the trial date. The plaintiff has done everything that it was ordered to do by this Honorable Court, immediately making the required expert disclosures and filing a supplemental answer to the defendant's expert interrogatories, so as not to delay or impede the defendant's efforts. The plaintiff stands by her position that it is the defendant's burden to persuade this Honorable Court for good cause shown that it should be allowed more time.

        Respectfully submitted,

        The plaintiff,
        By her attorneys,

        /s/ John N. Lewis
        John N. Lewis (BBO #298520)
        Lawrence R. Mehl (BBO #566235)
        JOHN N. LEWIS & ASSOCIATES
        21 Merchants Row, 5th Floor
        Boston, MA 02109
        (617) 523-0777

Subj: **Brown v. KFC**
Date: 5/14/2007 10:46:49 A.M. Eastern Daylight Time
From: lholland@legalmgt.com
To: JLewis4284@aol.com

John:

I am going to have to file a motion to continue the current trial date. The experts are taking much longer than I thought. The potential expert neurologist will need to see Ms. Brown. The expert orthopedist concerning the alleged knee replacement issues, etc. anticipates having a preliminary report to me this week. I do not yet know if he will need to see Ms. Brown, but he may well. Thereafter, we will have to schedule his videotaped trial testimony as well as the additional cross-examination of Dr. Foster. Quite obviously, this is all not going to get done within the current timeframe.

I would appreciate it if you would give me a call to discuss at your earliest convenience. Thanks.

Lawrence R. Holland, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI  02842
Phone: (401) 843-8400
Fax:    (401) 843-8401
Lholland@legalmgt.com

Subj:     **RE: Brown v. KFC**
Date:     5/14/2007 12:40:20 P.M. Eastern Daylight Time
From:     lholland@legalmgt.com
To:       JLewis4284@aol.com

John:

 I would have appreciated a call as I requested, but if that is the approach you are going to take then I will simply file a motion. What is new or different in the interim is that Judge Bowler gave me leave to obtain experts. The time that the experts needed to review the records and what they need to do to formulate their opinions was completely out of my hands. I moved as quickly as possible.

Larry

---

**From:** JLewis4284@aol.com [mailto:JLewis4284@aol.com]
**Sent:** Monday, May 14, 2007 12:32 PM
**To:** Larry Holland
**Subject:** Re: Brown v. KFC

Larry,

There's nothing to discuss. You have known about Ms. Brown's back and knee injuries since the case began. We gave you dozens of releases to get her records from every doctor she has treated with and every hospital she has been to and every illness, injury and condition she has had since she was born, you've had them for years and you asked for an IME more than a year ago, but never scheduled it. There is nothing new or different that has happened in the interim. Judge Bowler continued the trial and gave you three months, at your request, to get an expert to rebut his testimony and to re-depose Dr. Foster. It is now three weeks before trial and you want to start from scratch with two IME's. Sorry, but no. You can make your motion and we will oppose it. It is up to Judge Bowler, but I don't see why you need more time when you knew what the medical issues were for the last two years and have done nothing through two extensions of the trial date.

John

---

See what's free at AOL.com.

Subj:     **RE: Brown v. KFC**
Date:     5/14/2007 2:28:56 P.M. Eastern Daylight Time
From:     lholland@legalmgt.com
To:       JLewis4284@aol.com

John:

Thank you. I hope you are feeling better. I have done the best that I can, but as you know from dealing with Dr. Foster, good physicians are very busy, encounter emergencies and cannot always get things done within the timeframes that we would like. In any event, I will be filing a motion tomorrow, and fyi, I do not think that I will be asking for a great deal of extra time, perhaps 30 days or so.

Larry

---

**From:** JLewis4284@aol.com [mailto:JLewis4284@aol.com]
**Sent:** Monday, May 14, 2007 12:52 PM
**To:** Larry Holland
**Subject:** Re: Brown v. KFC

Larry,

I'm not in the office. I was out all last week with pneumonia. I have to be in Norfolk Superior at 2pm and stayed home in the morning. No disrespect was intended by the email. Larry called to tell me about your email, I read it and I assumed you wanted a response ASAP. I have to do what is in the best interest of my client and you have to do the same. It is up to the judge to assess diligence and equity.

John

---

See what's free at AOL.com.

Subj:   **Dr. Foster**
Date:   5/16/2007 11:33:22 A.M. Eastern Daylight Time
From:   lholland@legalmgt.com
To:     JLewis4284@aol.com

John:

   Please identify and provide copies of the "data" referenced in your expert disclosures on which Dr. Foster bases his opinion that Ms. Brown is disabled. Also, please provide dates on which Dr. Foster is available to appear for his additional cross-examination ordered by the Court.

Lawrence R. Holland, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
Phone: (401) 843-8400
Fax:   (401) 843-8401
Lholland@legalmgt.com

| | |
|---|---|
| Subj: | **Re: Dr. Foster** |
| Date: | 5/16/2007 12:25:34 P.M. Eastern Daylight Time |
| From: | JLewis4284 |
| To: | lholland@legalmgt.com |

Larry,

In response to your email of this afternoon, we will have called Dr. Foster's office to see if he has any available dates in the next three weeks and will advise you, when we hear back. I assume that your belated request is more ammunition for your attack on the trial date, should he not be available.

As to the "documents" on which Dr. Foster relies for his opinion that Ms. Brown is totally disabled, as in the preamble of the question posed to him at his deposition, his opinion is based on his education, to which he testified; his training, to which he testified; his experience as a physician in general and an orthopedic surgeon in particular, to which he testified; has experience in assessing disability in the course of his practice, to which he testified; his review of the patients chart, to which he testified and of which you have a copy; and his examination of the plaintiff, to which he testified, and which is recorded in his office notes, which you have and which were marked as exhibits at his deposition. As you well know, there are no *additional* documents and I find your request to specify particular documents referenced in our answer to your expert interrogatory that support his opinion to be disingenuous. Judge Bowler has already ruled, after reading Dr. Foster's transcript in response to your motion to disqualify him, that his testimony stands *as is*. Her continuance was based on your representation that you needed time to get your own doctors and to use their review of Ms. Brown's medical records to challenge his testimony.

Finally, assuming that Dr. Foster is available, there is the question of whose deposition it is and who is paying him for it. Judge Bowler did not address it, but our position is that, as the FRCP provides with regard to the deposition of a party's expert - and we did not take his deposition as an expert, your are the one who so designated him -, the opposing party pays the cost and the fee for his time. Please let me know if you are in agreement, as I expect he will want a prepayment and one of us needs to arrange for the stenographer and the videographer.

John

---

See what's free at AOL.com.

| | |
|---|---|
| Subj: | **"Data"** |
| Date: | 5/16/2007 12:36:38 P.M. Eastern Daylight Time |
| From: | JLewis4284 |
| To: | lholland@legalmgt.com |

Larry,

That will teach me not to read my six page expert designation, although it would have saved me time and you some aggravation, if you had been more specific in your reference. Apparently you mean the last sentence of the last paragraph of the last page that there is "data" showing that the prognosis for people who do not return to work within two years is that they will not return. I will ask Dr. Foster for the reference.

Sorry for the confusion on that point.

John


See what's free at AOL.com.

Subj: **RE: "Data"**
Date: 5/16/2007 1:37:39 P.M. Eastern Daylight Time
From: lholland@legalmgt.com
To: JLewis4284@aol.com

John:

I will take that as an apology for calling me disingenuous. I do not appreciate your constant vitriolic attacks. I have done my best to make this work within the current timeframe and the fact that it has not for reasons beyond my control does not make me disingenuous.

I specifically recall you stating at the last hearing that you would pay for Dr. Foster's appearance for re-cross-examination. Larry Mehl raised the issue and in response you stated that it was your responsibility because the inadequate disclosure of Dr. Foster's testimony is what necessitates the re-cross-examination. Now it appears that you have changed your position.

Further, I also recall you mentioning in open court some time ago that we were considering submitting Ms. Brown to an IME with a Rhode Island physician, so you have known for quite some time that we would be using Rhode Island physicians. It certainly would have been helpful to know prior to yesterday that you would be objecting to that as well.

Your client is seeking $1,000,000 plus, and the reason for the last continuance was that you failed to adequately disclose Dr. Foster's testimony. The court could have barred Dr. Foster's testimony concerning Ms. Brown's back, potential need for knee replacement, disability, etc., but it rightfully choose to instead afford me time to obtain experts so as not to prejudice your case. That process has taken longer than I anticipated, and there is absolutely nothing I can do about that.

With respect to scheduling the continuation of Dr. Foster's testimony, I could not very well do that until I was reasonably assured that I would have my experts' opinions in advance. I would expect that you may want to question Dr. Foster about our expert disclosures, and I would not object to that since if this had played out the way it should have, you would have had our expert disclosures in advance of Dr. Foster's testimony.

I do appreciate the courtesies you extended me when my father was ill, and I do want the foregoing to be taken as anything to the contrary.

Larry

---

**From:** JLewis4284@aol.com [mailto:JLewis4284@aol.com]
**Sent:** Wednesday, May 16, 2007 12:37 PM
**To:** Larry Holland
**Subject:** "Data"

Larry,

That will teach me not to read my six page expert designation, although it would have saved me time and you some aggravation, if you had been more specific in your reference. Apparently you mean the last sentence of the last paragraph of the last page that there is "data" showing that the prognosis for people who do not return to work within two years is that they will not return. I will ask Dr. Foster for the reference.

Sorry for the confusion on that point.

John

---

See what's free at AOL.com.

Tuesday, May 22, 2007 America Online: JLewis4284

Subj:    **Re: "Data"**
Date:    5/16/2007 2:17:50 P.M. Eastern Daylight Time
From:    JLewis4284
To:      lholland@legalmgt.com

Larry,

1. I don't recall agreeing saying that it was our responsibility, but then I never listen to myself, so maybe your memory is better than mine. Regardless, we will pay for Dr. Foster. You have stipulated to liability, so we will get our costs back eventually. No harm in asking if you want to pay for it up front.

2. Yes, you have my apology for suggesting that it was disingenuous to seek additional records, although I stand by my rhetoric, had I been right; but I wasn't, so I am sorry if I hurt your feelings.

3. Your memory must be better than mine, as above. I recall arguing "in open court" about your request for an IME in Rhode Island, which was academic at the time; but not to stipulating that we would not oppose it, if you actually scheduled one. Do you have something that says otherwise? And didn't you escalate the IME x 2? Did I say that we would be happy go to RI twice?

4. I am doing what I consider in my client's best interest, which is to go forward with the trial as scheduled. You are entitled to convince Judge Bowler otherwise. I am dubious, however, no offense please, as I am saying it a politely as I can, that a firm which defends KFC nationally and must try dozens of personal injury cases a year doesn't have a doc-in-the-box pop up when it needs one.

5. In summary, I have spoken to Dr. Foster's secretary. She will speak with him and let us know whether he is available in the next three weeks. I assume that it will be in the evening and that you can accommodate your schedule to his, given the short time frame. We will arrange and pay for the deposition. I have also asked him to provide a reference for his "data." If you have something to document that I agreed to rather than commented on the RI IME, please let me see it and I will reconsider my objection to an (meaning one) IME, unless the doctors can do a tag team exam. I will oppose any continuation of the trial date for any reason.

John

---

See what's free at AOL.com.

Subj: **Dr. Foster's Deposition**
Date: 5/17/2007 4:10:17 P.M. Eastern Daylight Time
From: JLewis4284
To: lholland@legalmgt.com

Larry,

Dr. Foster has the following dates available. May 29 @ 4PM, June 4 @ 3PM and June 5 @ 4PM. Please advise me ASAP as to which you prefer. As to the "data," he is checking and believes he will have the reference to me by the end of next week.

John

---

See what's free at AOL.com.

| | |
|---|---|
| Subj: | **Gloria Brown v. KFC** |
| Date: | 5/18/2007 2:46:11 P.M. Eastern Daylight Time |
| From: | lholland@legalmgt.com |
| To: | JLewis4284@aol.com |

John:

I have spoken with my experts and they will re-arrange their schedules as necessary so that we can get this case tried on the current trial date. The caveat to this is that you agree to let them examine Ms. Brown. They are both in Providence and can do it back to back. Further, if transportation is an issue, we will arrange and pay for a car service to transport Ms. Brown. I do not believe that the examinations will take very long. If you will not agree to the examination then I will have to file a motion and that will obviously delay things.

Let me know your position a.s.a.p. I will get back to you on Dr. Foster by Monday.

Lawrence R. Holland, Esq.
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
Phone: (401) 843-8400
Fax:    (401) 843-8401
Lholland@legalmgt.com

| | |
|---|---|
| Subj: | **RE: (no subject)** |
| Date: | 3/10/2006 12:22:47 PM Eastern Standard Time |
| From: | lholland@legalmgt.com |
| To: | JLewis4284@aol.com |

Larry:

I am waiting on answers to a couple more of the corporate questions from the client. I should have the answers soon.

What is the status of plaintiff's document production?

Also, Susan Koerner sent you an email on about February 21, 2006 requesting addresses for Drs. Michelle Allen and Jonathan Lee who are identified as primary care physicians in plaintiff's interrogatory answers. We have not received any response. Further, the records that we currently have reflect that plaintiff was treated by a Dr. Sokalov for pain management. We will need an address for him as well.

To my knowledge, we have not yet received records from any of the medical providers to whom we have sent authorizations. Accordingly, I think that April 30 is a little ambitious for a discovery cutoff. We need to obtain complete medical records, including records from the providers identified above, depose plaintiff, depose some of the medical providers and most likely send plaintiff to an IME. I just do not see all of that happening by April 30.

Finally, I have requested an update from Susan Koerner as to the status of our efforts to locate Dwayne Walker, and I should have some information on that for you later today.

Larry Holland

>-----Original Message-----
>**From:** JLewis4284@aol.com [mailto:JLewis4284@aol.com]
>**Sent:** Friday, March 10, 2006 9:26 AM
>**To:** Larry Holland
>**Subject:** (no subject)
>
>Any idea when might I receive the discovery in the KFC matter? Thanks. L. Mehl