UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-11167 MBB |
| | ) | |
| KFC Corporation, | ) | |
|     Defendant | ) | |

## PLAINTIFF'S REQUESTS FOR JURY INSTRUCTIONS

Now comes the plaintiff in the above captioned action and respectfully requests this Honorable Court to give the following instructions to the Jury, subject to the evidence adduced at trial.

Respectfully submitted,

The plaintiff,
By her attorneys,

   */s/ John N. Lewis*
John N. Lewis
BBO# 298520
Lawrence Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 2, 2007

   */s/ John N. Lewis*
John N. Lewis

2

**INSTRUCTION 1.**

The plaintiff is not required to show the exact cause of her injuries or to exclude all possibility that they resulted without fault on the part of the defendant. It is enough if she shows that the harm which befell her was more likely due to negligence of the defendant than to some other cause for which it is not liable.

> Rocha v. Alber, 302 Mass. 155, 157, 158, 18 N.E.2d 1018; Ruffin v. Coca Cola Bottling Co., 311 Mass. 514, 516, 42 N.E.2d 259; McCabe v. Boston Consolidated Gas Co., 314 Mass. 493, 496, 50 N.E.2d 640; Gilmore v. Kilbourn, 317 Mass. 358, 363, 58 N.E.2d 143. *See* Morris v. Weene, 258 Mass. 178, 180, 154 N.E. 860.

**INSTRUCTION 2.**

A plaintiff who has suffered physical injury through the fault of a defendant is entitled to recover for her pain and suffering; for the reasonable expenses incurred by her for medical care and nursing in the treatment and care of her injury; for diminution in her earning power; and for such pain and suffering and such expenses and diminution of her earning capacity as are shown to be reasonably probable to continue in the future. The measure of damages is fair compensation for the injury sustained. This definition includes recovery for both physical pain and suffering as well as mental and emotional pain and suffering.

> Rodgers v. Boynton, 315 Mass. 279, 280 (1943). Barney v. Magenis, 241 Mass. 268, 273 (1922). See Nolan & Sartorio, *Tort Law* § 243 (37 Mass. Prac.2d ed.1989). *See* also Freyermuth v. Lutfy, 376 Mass. 612 (1978).

**INSTRUCTION 3.**

Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering. For physical pain and suffering, you are to consider the areas of the body in which you find the plaintiff physically injured. You are to take into account the past pain and suffering

3

endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries and any future pain and suffering which were proved with reasonable medical probability. Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment or mental anguish resulting from the injury. Also, you should take into account past, present and probable future mental suffering . Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her] a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude has resulted or probably will result from this accident."

Superior Court Civil Jury Instructions § 2.1.13.

## INSTRUCTION 4.

The plaintiff in a personal injury action is entitled to recover damages for impairment of her earning capacity. The assessment of damages for impairment of earning capacity rests largely on the common knowledge of the jury, sometimes with little aid from evidence.

Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 804 n. 16, 507 N.E.2d 662 (1987), quoting from Griffin v. General Motors Corp., 380 Mass. 362, 366, 403 N.E.2d 402 (1980).

## INSTRUCTION 5.

Complete physical and mental incapacity is not essential to proof of total and permanent disability. It is sufficient if the evidence shows that the disability prevents work of substantial and not merely trifling character with due regard for age, experience, training, and capabilities.

Truong v. Wong, 55 Mass.App.Ct. 868, 877, 775 N.E.2d 405 (2002).

4

**INSTRUCTION 6**.

Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise. The risk of the uncertainty should be thrown upon the wrongdoer instead of upon the injured party.

> Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563-4, 51 S.Ct. 248, 75 L.Ed. 544 (1931).

**INSTRUCTION 7.**

The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence.

> C. W. Hunt Co. v. Boston Elevated Railway, 199 Mass. 220, 235, 85 N. E. 446; Whitcomb v. Reed-Prentice Co., 262 Mass. 348, 360, 159 N. E. 922; Parker v. Levin, 285 Mass. 125, 129, 188 N. E. 502, 90 A. L. R. 1446; Potier v. A. W. Perry, Inc., 286 Mass. 602, 606, 607, 190 N. E. 822.

**INSTRUCTION 8.**

Juries are allowed to act upon probable and inferential as well as direct and positive proof. And when, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, all the facts and circumstances of the case, having any tendency to show damages, or their probable amount may be considered by the

5

jury; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit.

Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 564, 51 S.Ct. 248, 75 L.Ed. 544 (1931).

## INSTRUCTION 9.

To deny the injured party the right to recover any actual damages, because they are of a nature which cannot be thus certainly measured, would be to enable parties to profit by, and speculate upon, their own wrongs, encourage violence and invite depredation.

> Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 564, 51 S.Ct. 248, 75 L.Ed. 544 (1931).

## INSTRUCTION 10.

With respect to damages, "[i]t is of course true that [damages] must be reasonably ascertainable from the evidence.... But the fact that there is an element of uncertainty in their assessment is not a bar to recovery....The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence."

> Piper v. Childs, 290 Mass. 560, 563, 195 N.E. 763. Dalton v. Demos Bros. Gen. Contractors, Inc., 334 Mass. 377, 378-379, 135 N.E.2d 646, 647. See Agoos Leather Cos., Inc. v. American & Foreign Ins. Co., 342 Mass. 603, 608, 174 N.E. 2d 652.