UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLORIA BROWN,                    )
     Plaintiff                    )
                                  )
v.                               )        CIVIL ACTION
                                  )        NO. 05-CV-11167-MBB
                                  )
KFC CORPORATION, ET AL.,         )
     Defendants                   )

**DEFENDANT KFC CORPORATION'S PROPOSED JURY INSTRUCTIONS**

     Defendant KFC Corporation hereby submits its proposed jury instructions.

Respectfully submitted,

Defendants,
By their Attorneys,

/s/ Lawrence R. Holland
Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: August 2, 2007

**JURY INSTRUCTION NUMBER 1**

**Proximate Cause**

You must determine whether that negligence of the defendant was what the law calls a "proximate cause" of the injury of which the plaintiff complains. Negligence, standing by itself, has no legal consequence whatsoever unless it is a proximate cause of injury to the plaintiff. Plaintiff has the burden of proving by a fair preponderance of evidence that the negligence of the defendant was a "proximate cause" of the plaintiff's injury.

"Proximate cause" is a term of art. You will not get its true meaning by looking up the two words in a dictionary. It is, nevertheless, a term that has acquired a definite meaning in the law over the years.

"Proximate cause" means a substantial cause. A "proximate cause" is an efficient, producing cause of a particular result. It is perhaps best defined as that which, in a continuous sequence unbroken by any new cause, produces a result, and without which the result would not have occurred. For a negligent act or omission to be a proximate cause of a personal injury, it must be established that the personal injury would not have occurred *but for* the negligent act or omission. If the plaintiff's injury would have occurred in any event, regardless of the defendant's negligence, the defendant's negligence cannot be said to have been a proximate cause of that injury. On the other hand, it must also be borne in mind that there may be, and frequently are, more than one "proximate cause" of a plaintiff's injury.

It must also be established that the chain of causation between the negligent act or omission and the plaintiff's injury was not broken by some new or "intervening" cause. A subsequent injury of the plaintiff, may constitute an "intervening cause" sufficient to break the chain of causation.

Massachusetts Jury Instructions, Civil, 3.2

**JURY INSTRUCTION 2**

**Speculative Damages**

When considering what the plaintiff must show in order to be awarded full, fair, and reasonable damages, recovery will not be barred because there may be a level of uncertainty in the plaintiff's proof of certain aspects of the damages. However, you are not permitted to award speculative damages; that is, any award of damages must be based on the evidence and on a finding by you that the party seeking damages has convinced you by the greater weight of the evidence that the party has been injured as she claims to have been injured. This determination is left to your judgment and estimate as the triers of fact.

Massachusetts Jury Instructions, Civil, 19.1

**JURY INSTRUCTION NUMBER 3**

**Pain and Suffering**

There is no specific formula for determining the plaintiff's damages for physical and mental pain and suffering already suffered, and for any pain and suffering that you find the plaintiff is reasonably certain to suffer in the future as a result of the injury caused by the defendant's negligence. The damages that you, the jury, decide to award for pain and suffering should constitute what you believe to be a reasonable compensation under the facts of this case. In determining this amount, you are to be guided by your own experience and sense of fairness. You may consider the intensity and the length of the plaintiff's suffering, the nature of the injury, the injured person's age and health, and her inability to lead a normal life.

Massachusetts Jury Instructions, Civil, 19.12(a)

**JURY INSTRUCTION NUMBER 4**

**Mitigation of Damages**

A plaintiff who is injured has an obligation to take reasonable steps to minimize her damages. If you find that the defendant has proven that the plaintiff could have taken such steps and that she did not do so, you must reduce any award of damages by the amount that could have been avoided.

Massachusetts Jury Instructions, Civil, 19.5

**JURY INSTRUCTION NUMBER 5**

**Punitive Damages**

Do not include as damages any amount that you might add for the purpose of punishing or making an example of the defendant for the public good or to prevent other accidents. Those damages would be punitive and they are not authorized in this action.

*Goodrow v. Lane Bryant, Inc.* 432 Mass. 165, 178, 732 N.E.2d 289 (2000).

**JURY INSTRUCTION NUMBER 6**

**Corporate Defendant**

The fact that KFC Corporation is a party must not prejudice you in your deliberations or in your verdict. Do no discriminate between a corporation and natural individuals. Each is a person in the eyes of the law and entitled to the same fair and impartial consideration and to justice by the same legal standards.

*Commonwealth v. S.S. Kresge Co.,* 267 Mass. 145, 151 (Mass.1929) (citing *Kentucky Co. v. Paramount Exch.*, 262 U.S. 544, 550 (1923)).

**JURY INSTRUCTION NUMBER 7**

**Measure of Damages**

      Your verdict must be based on proof and not on speculation, guess, or conjecture. Further, sympathy for a person or prejudice against any party should not affect your verdict and is not a proper basis for determining damages.

Massachusetts Jury Instructions, Civil, 2.26

## JURY INSTRUCTION NUMBER 8

**Failure to call a witness**

The general rule in Massachusetts is that if a witness is available for a party and the party doesn't call that witness, an inference may be drawn adversely to that party.  If, on the other hand, a witness is equally available to both parties the general rule is that there is no adverse inference to draw against either party because he has been called.  Furthermore, the witness has been on the stand and been examined by both parties.  You may or may not make anything of that circumstance.

*Corsetti v. Stone Co.*, 396 Mass. 1, 15-16 (Mass. 1985).

**JURY INSTRUCTION NUMBER 9**

**Testimony by Plaintiff describing pain and inability to work**

Any testimony by Plaintiff describing her pain and inability to work does not constitute evidence of loss of earning capacity.

*See Paul Timmons v. Massachusetts Bay Transportation Auth.*, 412 Mass. 646, 650, 591 N.E.2d 667, 670 (1992) (citing *Nisbet v. Medaglia*, 356 Mass. 580, 583 (Mass. 1970)).

**JURY INSTRUCTION NUMBER 10**

**Function of the Jury**

While you must make your decision on the basis of the evidence--and you must do that--that is not to suggest that you may not also use and apply your good, sound common sense, because you may. I am fond of telling jurors that you do not leave your common sense behind you when you come here to court to serve as jurors. You bring it with you, and, quite frankly, we rely on it. Use it. Use your common sense, good reasoning, and good judgment, without any concern whatsoever as to what might be the effect or consequence of some particular decision, just as long as it is otherwise a just and a proper decision.

Massachusetts Jury Instructions, Civil, 1.14(b)

CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing document and will receive service in that fashion.

/s/ Lawrence R. Holland
Lawrence R. Holland