UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-11167 MBB |
| | ) | |
| KFC Corporation, | ) | |
| Defendant | ) | |

**PLAINTIFF'S REQUESTS FOR ADDITIONAL JURY INSTRUCTIONS**

Now comes the plaintiff in the above captioned action and respectfully requests this Honorable Court to give the following additional instructions to the Jury, subject to the evidence adduced at trial.

Respectfully submitted,

The plaintiff,
By her attorneys,

    */s/ John N. Lewis*
John N. Lewis
BBO# 298520
Lawrence Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 3, 2007.

    */s/ John N. Lewis*
John N. Lewis

2

**INSTRUCTION 11.**

Where an injury arising from a cause which entails liability on the defendant combines with a pre-existing or a subsequently acquired condition to bring about greater harm to the plaintiff than would have resulted from the injury alone, the defendant may be liable for all the consequences.  If the injury causes or contributes to cause the development of a pre-existing condition, the person liable for the injury is liable also for the resulting aggravation. The wrongdoer may be held responsible for the harmful results of the combined effects of his wrongful act and the condition.

Wallace v. Ludwig, 292 Mass. 251, 256. 198 N.E. 159 (1935)

**INSTRUCTION 12.**

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.  If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you.

A person may have an earning capacity in excess of the wages paid him or her in the job that he happens to have at the time of the injury.

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this plaintiff herself, and

3

not some standard of a normal person in her position, that furnishes the test. Therefore, you may consider evidence of what the plaintiff did until his accident, what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what he was like in order to help determine he capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative, or imaginative. Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.

If the plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that, by reason of the injury caused by the defendant, he was unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider. If you conclude that the plaintiff's ability to earn money will be permanently diminished, because of his injuries, you may calculate a sum of money to compensate the plaintiff for that loss until the year he would not have had a capacity to earn if there had not been an accident.

> *Massachusetts Superior Court Civil Practice Jury Instructions* § 2.1.13 Damages (Brady, Butler, & Mirick eds. Vol. 1, MCLE 1998 ed.). 2.1.13(d)

**INSTRUCTION 13**.

The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. He is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident. The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and

4

care of the plaintiff, and whether the charge itself was reasonable.

> *Massachusetts Superior Court Civil Practice Jury Instructions* § 2.1.13(c) Damages (Brady, Butler, & Mirick eds. Vol. 1, MCLE 1998 ed.).