UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLORIA BROWN,
        Plaintiff,


        v.                                          CIVIL ACTION NO.
                                                    05-11167-MBB


KFC CORPORATION,
        Defendant.


DRAFT OF COURT'S INSTRUCTIONS TO THE JURY

August 7, 2007


MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD ALL THE EVIDENCE AND THE ARGUMENTS OF COUNSEL, IT BECOMES MY DUTY TO GIVE THE INSTRUCTIONS OF THE COURT CONCERNING THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU, AND TO APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.  NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY LAW STATED BY THE COURT.

REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN

THE INSTRUCTIONS OF THE COURT, JUST AS IT WOULD ALSO BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY.  OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION.  BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT REGARDLESS OF THE CONSEQUENCES.

## CORPORATE PARTY

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE.  A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS IS A PRIVATE INDIVIDUAL.  ALL PERSONS, INCLUDING CORPORATIONS, STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS AS ITS AGENTS OR EMPLOYEES; AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF THE AUTHORITY DELEGATED TO HIM BY THE CORPORATION, OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

## CONSIDERATION OF THE EVIDENCE

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE.  THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS ADMITTED IN THE RECORD AND ANY STIPULATIONS OF FACT ENTERED INTO BY THE PARTIES.  A STIPULATION IS AN AGREEMENT BETWEEN BOTH PARTIES THAT CERTAIN FACTS ARE TRUE.  UNLESS OTHERWISE INSTRUCTED, YOU MUST THEREFORE TREAT A STIPULATION AS AN ESTABLISHED FACT.  IN THIS CASE, THE PARTIES HAVE ENTERED INTO A STIPULATION THAT I WILL DESCRIBE TO YOU IN GREATER DETAIL LATER IN THESE INSTRUCTIONS.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE.  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.

YOU MUST NOT CONSIDER EITHER ATTORNEY TO HAVE BEHAVED IMPROPERLY BECAUSE HE HAS ASSERTED OBJECTIONS.  IT IS THE ATTORNEY'S JOB TO DO SO.  NOR MAY YOU SPECULATE AS TO WHAT EVIDENCE THERE MAY BE WHICH WAS, FOR ONE REASON OR ANOTHER, NOT INTRODUCED.  IF THE EVIDENCE HAS BEEN EXCLUDED, IT IS BECAUSE THERE HAS BEEN GOOD REASON TO EXCLUDE IT, AND YOU SHOULD NOT SPEND TIME SPECULATING ABOUT WHAT THE EVIDENCE MIGHT HAVE BEEN.

WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.  IN THE FINAL

ANALYSIS, IT IS YOUR RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.

SO, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF COMMON EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

THERE ARE, GENERALLY SPEAKING, TWO TYPES OF EVIDENCE FROM WHICH A JURY MAY PROPERLY FIND THE TRUTH AS TO THE FACTS OF A CASE. ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES POINTING TO THE EXISTENCE OR NONEXISTENCE OF CERTAIN FACTS.

A FACT MAY BE ESTABLISHED BY DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR BOTH. A FACT IS ESTABLISHED BY DIRECT EVIDENCE WHEN PROVED BY DOCUMENTARY EVIDENCE OR BY WITNESSES WHO SAW THE ACTS DONE OR HEARD THE WORDS SPOKEN. A FACT IS ESTABLISHED BY CIRCUMSTANTIAL EVIDENCE WHEN THE FACT CAN BE FAIRLY AND REASONABLY INFERRED FROM OTHER FACTS.

I WILL NOW GIVE YOU AN EXAMPLE OF CIRCUMSTANTIAL EVIDENCE AND AN EXAMPLE OF DIRECT EVIDENCE. IF YOU HAVE THE NEWSPAPER DELIVERED TO YOUR HOUSE EVERY MORNING AND IF, AT THE TIME YOU GO TO BED, THERE IS FRESH SNOW ON THE GROUND AND NO FOOTPRINTS IN THE SNOW AND, IN THE MORNING, IF YOU LOOK OUT THE WINDOW AND CAN SEE FOOTPRINTS IN THE SNOW AND SEE THE NEWSPAPER ON THE STEP, THEN YOU CAN INFER THAT THE NEWSPAPER DELIVERY PERSON HAS MADE THE DELIVERY. THIS INFERENCE IS MADE ON THE BASIS OF CIRCUMSTANTIAL EVIDENCE. AN EXAMPLE OF DIRECT EVIDENCE WOULD BE IF YOU PERSONALLY SAW THE NEWSPAPER BEING DELIVERED.

AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT A JURY FIND THE FACTS IN ACCORDANCE WITH THE PREPONDERANCE OF ALL OF THE EVIDENCE IN THE CASE, BOTH DIRECT AND CIRCUMSTANTIAL.

## CREDIBILITY OF WITNESSES

NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE AND I HAVE DESCRIBED THE VARIOUS KINDS OF EVIDENCE IN THIS CASE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO HIS OR HER TESTIMONY.  IN WEIGHING THE TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER HIS OR HER RELATIONSHIP TO THE PLAINTIFF OR TO THE DEFENDANT AND HIS OR HER INTEREST, IF ANY, IN THE OUTCOME OF THE CASE.  YOU SHOULD CONSIDER THE WITNESS' MANNER OF TESTIFYING; HIS OR HER OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE FACTS ABOUT WHICH HE OR SHE TESTIFIED; HIS OR HER CANDOR, FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH HIS OR HER TESTIMONY HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES AS TO THE EXISTENCE OR NON-EXISTENCE OF ANY FACT.  YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

YOU HAVE HEARD EVIDENCE OF DISCREPANCIES IN THE TESTIMONY OF

CERTAIN WITNESSES, AND COUNSEL HAVE ARGUED THAT SUCH
DISCREPANCIES ALONE ARE REASON FOR YOU TO REJECT THE TESTIMONY OF
THOSE WITNESSES.  YOU ARE INSTRUCTED THAT EVIDENCE OF
DISCREPANCIES MAY BE A BASIS TO DISBELIEVE A WITNESS' TESTIMONY
BUT SUCH DISCREPANCIES DO NOT NECESSARILY MEAN THAT THE WITNESS'
ENTIRE TESTIMONY SHOULD BE DISCREDITED.

PEOPLE SOMETIMES FORGET THINGS WITH TIME.  A TRUTHFUL
WITNESS MAY BE NERVOUS AND CONTRADICT HIMSELF OR HERSELF.  IT IS
ALSO A FACT THAT TWO PEOPLE WITNESSING THE SAME EVENT MAY SEE OR
HEAR IT DIFFERENTLY.  WHETHER A DISCREPANCY PERTAINS TO A FACT OF
IMPORTANCE OR ONLY TO A TRIVIAL DETAIL SHOULD BE CONSIDERED AND
WEIGHED AS TO ITS SIGNIFICANCE; BUT A VERIFIED FALSEHOOD ALWAYS
IS A MATTER OF IMPORTANCE AND SHOULD BE CONSIDERED SERIOUSLY.

IT IS FOR YOU TO DECIDE, BASED ON YOUR IMPRESSION OF THE
WITNESS, HOW TO WEIGH THE DISCREPANCY IN HIS OR HER TESTIMONY.
AS ALWAYS, I ADVISE YOU TO USE YOUR COMMON SENSE AND YOUR OWN
JUDGMENT.  IT IS YOUR DUTY TO DECIDE WHERE THE TRUTH RESIDES AND
AN IMPORTANT PART OF THAT DECISION WILL INVOLVE MAKING JUDGMENTS
ABOUT THE TESTIMONY OF THE WITNESSES YOU HAVE LISTENED TO AND
OBSERVED.

IF ANY WITNESS IS SHOWN TO HAVE WILLFULLY LIED ON THE
WITNESS STAND ABOUT ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO
CONCLUDE THAT HE OR SHE HAS ALSO LIED ABOUT OTHER MATTERS.  YOU

9

MAY ACCEPT WHATEVER PART YOU MAY THINK DESERVES TO BE BELIEVED.

IT IS UP TO YOU TO DETERMINE WHETHER THE WITNESS TESTIFIED FALSELY AND WHETHER HE OR SHE DID SO DELIBERATELY.  IT IS ENTIRELY UP TO YOU TO DECIDE WHAT WEIGHT IF ANY SHOULD BE GIVEN TO THE TESTIMONY OF SUCH A WITNESS ON THE BASIS OF ALL THE EVIDENCE AND YOUR COMMON SENSE.

## IMPEACHMENT

A WITNESS MAY BE DISCREDITED OR "IMPEACHED" BY CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE OR SHE TESTIFIED FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING, OR HAS FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE WITNESS' PRESENT TESTIMONY.

IF YOU BELIEVE THAT ANY WITNESS HAS BEEN SO IMPEACHED, THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY THINK IT DESERVES.

### EXPERT TESTIMONY

THE RULES OF EVIDENCE PROVIDE THAT IF SCIENTIFIC, TECHNICAL, OR SPECIALIZED KNOWLEDGE MIGHT ASSIST THE JURY IN UNDERSTANDING THE EVIDENCE OR IN DETERMINING A FACT IN ISSUE, A WITNESS QUALIFIED AS AN EXPERT BY KNOWLEDGE, SKILL, EXPERIENCE, TRAINING, OR EDUCATION, MAY TESTIFY AND STATE HIS OPINION CONCERNING SUCH MATTERS.

YOU SHOULD CONSIDER THE EXPERT OPINIONS RECEIVED IN EVIDENCE IN THIS CASE AND GIVE THEM SUCH WEIGHT AS YOU MAY THINK THEY DESERVE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.  IT IS ALSO TRUE THAT AN EXPERT SHOULD NOT GUESS IN THE SENSE OF STATING A CONCLUSION FROM FACTS THAT DO NOT TEND TOWARDS THE STATED CONCLUSION ANY MORE THAN TOWARDS A CONTRARY CONCLUSION.  IN OTHER WORDS, AN EXPERT MAY NOT TESTIFY ON THE BASIS OF PURE CONJECTURE.

AN EXPERT WITNESS, LIKE ANY OTHER WITNESS, IS ALSO SUBJECT TO YOUR ASSESSMENT OF HIS CREDIBILITY.  ACCORDINGLY, IN WEIGHING THE CREDIBILITY OF AN EXPERT WITNESS AND EVALUATING HIS TESTIMONY, YOU MAY CONSIDER HIS BIAS AND/OR HIS INTEREST IN THE OUTCOME OF THE CASE.  MY PREVIOUS INSTRUCTION ON THE CREDIBILITY

OF WITNESSES PROVIDES YOU WITH MORE DETAIL.

## BURDEN OF PROOF

THIS IS A CIVIL CASE AND AS SUCH THE PLAINTIFF, GLORIA BROWN, HAS THE BURDEN OF PROVING THE ESSENTIAL ELEMENTS OF HER CLAIM AGAINST THE DEFENDANT, KFC CORPORATION, BY A PREPONDERANCE OF THE EVIDENCE.  IF, AFTER CONSIDERING ALL OF THE TESTIMONY, YOU ARE SATISFIED THAT THE PLAINTIFF HAS CARRIED HER BURDEN OF PROOF ON EACH ESSENTIAL POINT AS TO WHICH SHE HAS THE BURDEN OF PROOF, THEN YOU MUST FIND FOR THE PLAINTIFF.

IN A CIVIL ACTION SUCH AS THIS, IT IS PROPER TO FIND THAT A PARTY HAS SUCCEEDED IN CARRYING THE BURDEN OF PROOF ON AN ISSUE OF FACT IF, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE.  IF, ON THE OTHER HAND, YOU FIND THE TESTIMONY OF BOTH PARTIES TO BE IN BALANCE OR EQUALLY PROBABLE, THEN THE PARTY WITH THE BURDEN OF PROOF HAS FAILED TO SUSTAIN THAT BURDEN AND YOU MUST FIND FOR THE OTHER PARTY.

NOW, WHAT DOES A "PREPONDERANCE OF THE EVIDENCE" MEAN?  A PREPONDERANCE OF THE EVIDENCE MEANS THE GREATER WEIGHT OF THE EVIDENCE.  IT REFERS TO THE QUALITY AND PERSUASIVENESS OF THE EVIDENCE, NOT TO THE NUMBER OF WITNESSES OR DOCUMENTS.  THE TESTIMONY OF A SINGLE WITNESS WHICH PRODUCES IN YOUR MINDS BELIEF IN THE LIKELIHOOD OF TRUTH IS SUFFICIENT FOR THE PROOF OF ANY FACT, AND WOULD JUSTIFY A VERDICT IN ACCORDANCE WITH SUCH

14

TESTIMONY, EVEN THOUGH A NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY IF, AFTER CONSIDERATION OF ALL OF THE EVIDENCE IN THE CASE, YOU HOLD GREATER BELIEF IN THE ACCURACY AND HONESTY OF THE ONE WITNESS.  IN DETERMINING WHETHER A CLAIM HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE RELEVANT TESTIMONY OF ALL OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL OF THE RELEVANT EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF YOU FIND THAT THE CREDIBLE EVIDENCE ON A GIVEN ISSUE IS EVENLY DIVIDED BETWEEN THE PARTIES - THAT IT IS EQUALLY PROBABLE THAT ONE SIDE IS RIGHT AS IT IS THAT THE OTHER SIDE IS RIGHT - THEN YOU MUST DECIDE THAT ISSUE AGAINST THE PARTY HAVING THIS BURDEN OF PROOF.  THAT IS BECAUSE THE PARTY BEARING THIS BURDEN MUST PROVE MORE THAN SIMPLE EQUALITY OF EVIDENCE - IT MUST PROVE THE ELEMENT AT ISSUE BY A PREPONDERANCE OF THE EVIDENCE.  IF, ON THE OTHER HAND, AFTER CONSIDERING ALL THE EVIDENCE IN THE CASE, YOU BELIEVE THAT WHAT IS SOUGHT TO BE PROVED ON THAT ISSUE IS MORE LIKELY TRUE THAN NOT TRUE, YOU MUST DECIDE THAT ISSUE IN FAVOR OF THE PARTY WITH THE BURDEN OF PROOF.

## STATEMENT OF THE PLAINTIFF'S THEORY OF LIABILITY

I WILL NOW INSTRUCT YOU ON THE SPECIFIC CLAIM WHICH THE PLAINTIFF HAS BROUGHT IN THIS CASE.  I HAVE PREPARED A VERDICT FORM, WHICH IS A SERIES OF QUESTIONS FOR YOU TO ANSWER, IF APPROPRIATE.  YOU MAY TAKE THESE WRITTEN INSTRUCTIONS AND THE VERDICT FORM TO THE JURY ROOM WITH YOU AS YOU DELIBERATE.

THE PLAINTIFF, GLORIA BROWN, WHO I WILL REFER TO AS THE PLAINTIFF, IS ASSERTING A CLAIM THAT THE DEFENDANT WAS NEGLIGENT AND THAT THE DEFENDANT'S NEGLIGENT CONDUCT WAS A PROXIMATE CAUSE OF THE INJURIES SHE SUFFERED IN THE PARKING LOT OF THE KENTUCKY FRIED CHICKEN RESTAURANT IN ROSLINDALE, MASSACHUSETTS ON JUNE 21, 2002.  AS I PREVIOUSLY STATED, THE PARTIES HAVE ENTERED INTO A STIPULATION WHICH IS AN AGREEMENT THAT CERTAIN FACTS ARE TRUE. BECAUSE THE PARTIES HAVE ENTERED INTO THE STIPULATION, YOU MUST ACCEPT THE STIPULATED FACTS AS UNDISPUTED AND ESTABLISHED.

IN THIS CASE, THE PARTIES HAVE STIPULATED THAT THE DEFENDANT WAS NEGLIGENT INSOFAR AS THE DEFENDANT OWED A DUTY OF CARE TO THE PLAINTIFF AND THE DEFENDANT BREACHED THAT DUTY BY NOT MAINTAINING THE PARKING LOT.  ACCORDINGLY, YOU MUST ACCEPT THESE FACTS AS ESTABLISHED.  THEREFORE, WHAT REMAINS FOR YOU TO DECIDE IS WHETHER THE PLAINTIFF SUFFERED AN INJURY AND WHETHER THE DEFENDANT'S CONDUCT WAS A PROXIMATE CAUSE OF THAT INJURY AS WELL AS THE AMOUNT OF DAMAGES, IF ANY.

I WILL NOW INSTRUCT YOU ON THE ELEMENT OF PROXIMATE CAUSE BEFORE ADDRESSING THE ELEMENT OF DAMAGES.

## PROXIMATE CAUSE

IT IS THE PLAINTIFF'S BURDEN TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT'S NEGLIGENT CONDUCT WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES.  NEGLIGENCE STANDING BY ITSELF HAS NO LEGAL CONSEQUENCE UNLESS IT IS A PROXIMATE CAUSE OF INJURY TO THE PLAINTIFF.  THE MERE FACT THAT THERE WAS AN INJURY OR THE MERE FACT THAT THERE WAS NEGLIGENCE IS NOT SUFFICIENT TO ESTABLISH THAT THE DEFENDANT'S CONDUCT WAS A PROXIMATE CAUSE OF THE PLAINTIFF'S INJURIES AND THAT THE DEFENDANT SHOULD BE HELD RESPONSIBLE FOR SUCH INJURIES. ESTABLISHING PROXIMATE CAUSE REQUIRES THE PLAINTIFF TO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THE INJURY WAS A FORESEEABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENCE.  IN SHOWING FORESEEABILITY, THE PLAINTIFF DOES NOT HAVE TO SHOW THAT THE PARTICULAR OR EXACT HARM THAT RESULTED WAS FORESEEABLE TO THE DEFENDANT.  HOWEVER, THE PLAINTIFF MUST SHOW THAT A HARM OF THE SAME GENERAL CHARACTER WAS A FORESEEABLE RESULT OF THE DEFENDANT'S CONDUCT.  IN OTHER WORDS, THE PLAINTIFF MUST SHOW THAT HER INJURY WAS FORESEEABLE IN THE SENSE THAT IT WAS A NATURAL AND PROBABLE CONSEQUENCE OF THE DEFENDANT'S NEGLIGENT CONDUCT.[1]

---

[1]    The First Circuit describes foreseeability in causation under Massachusetts law as follows:

THE PLAINTIFF MUST ALSO SHOW ACTUAL CAUSATION, THAT IS, THAT THE DEFENDANT'S NEGLIGENCE WAS A BUT FOR CAUSE OF THE INJURY AND THAT THE DEFENDANT'S ACT OR OMISSION WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THE PLAINTIFF'S INJURY.  ACTUAL CAUSATION OF AN INJURY IS GENERALLY DEFINED AS THAT CAUSE WHICH IN CONTINUOUS SEQUENCE, UNBROKEN BY ANY EFFICIENT, INTERVENING CAUSE, PRODUCES AN EVENT WITHOUT WHICH THE ACCIDENT WOULD NOT HAVE OCCURRED.[2]

---

A defendant can be found liable for the violation of a duty owed to a plaintiff only when the risk of injury stemming from the defendant's conduct was foreseeable.  See, e.g., McGuiggan v. New England Tel. & Tel. Co., 398 Mass. 152, 496 N.E.2d 141, 142-43 (1986); Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App. 813, 390 N.E.2d 1133, 1136 (1979) ("It is basic that a defendant cannot be held liable unless the injury was a foreseeable consequence of the negligent act"); see also Marshall v. Nugent, 222 F.2d 604, 610 (1st Cir. 1955) (articulating the same principle under New Hampshire law).  The plaintiff need not show that the particular harm that resulted was foreseeable to the defendant; however, the plaintiff must show that a harm of the same general character was a foreseeable result of the defendant's conduct.  See, e.g., In re Sponatski, 220 Mass. 526, 530-31, 108 N.E. 466 (1915); Glick v. Prince Italian Foods, Inc., 25 Mass.App. 901, 514 N.E.2d 100, 102 (1987).  An alternative verbal formulation is that a defendant is liable "for the natural and probable consequences of his conduct."  Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295, 1302 (1978).

Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 523 (1st Cir. 1990).  "'There is no requirement of law that the plaintiff point out the exact way an accident happens.'" Solomene v. B. Grauel & Co., K.G., 507 N.E.2d 662, 667 (Mass. 1987).

    [2] Defendant requests a similar instruction.  (Docket Entry # 67, No. 1).  The First Circuit in Jorgensen describes causation as follows:

    Under Massachusetts law, proximate cause requires a showing

**THIS IS NOT TO SAY THAT THERE CAN ONLY BE ONE PROXIMATE CAUSE OF AN INJURY.  ON THE CONTRARY, MANY FACTORS OR THINGS, OR THE CONDUCT OF TWO OR MORE PERSONS, MAY OPERATE AT THE SAME TIME,**

_____

by the plaintiff, first, that the loss was a foreseeable consequence of the defendant's negligence, second, that the defendant's negligence was a but-for cause of the loss, and third, that the defendant's negligence was a substantial factor in bringing about the loss.

Jorgensen v. Massachusetts Port Authority, 905 F.2d at 522-523.

Elaborating upon the last two elements, the court explained as follows:

The plaintiff in a negligence action has the burden of establishing, by a preponderance of the evidence, the existence of a causal connection between the defendant's actions (or inactions) and the injury sustained by the plaintiff.  See, e.g., Comeau v. Beck, 319 Mass. 17, 64 N.E.2d 436, 437 (1946); see also Soares v. Lakeville Baseball Camp, Inc., 369 Mass. 974, 343 N.E.2d 840, 841 (1976).  This connection cannot be left to the jury's conjecture or speculation.  See, e.g., Zezuski v. Jenny Mfg. Co., 363 Mass. 324, 293 N.E.2d 875, 878 (1973); Landon v. First National Stores, Inc., 353 Mass. 756, 231 N.E.2d 575, 576 (1967).  Phrased another way, it is not enough to show the mere possibility of a causal connection; the probability of such a connection must be shown.  See Berardi v. Menicks, 340 Mass. 396, 164 N.E.2d 544, 546-47 (1960).  This requirement of showing a connection between the defendant's conduct and the plaintiff's alleged injury is also described as the requirement of showing actual causation, or causation-in-fact.  Massachusetts courts have articulated at least two elements as constituting part of the actual causation inquiry.  Plaintiffs must show that defendant's conduct was a but-for cause of their injury, see Wallace v. Ludwig, 292 Mass. 251, 254, 198 N.E. 159 (1935), and that defendant's conduct was a "substantial legal factor" in bringing about the alleged harm to the plaintiff.  See Tritsch v. Boston Edison, Co., 363 Mass. 179, 293 N.E.2d 264, 267 (1973).

Jorgensen v. Massachusetts Port Authority, 905 F.2d at 524.

20

EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE AND IN SUCH A CASE, EACH MAY BE A PROXIMATE CAUSE.  A PLAINTIFF NEED ONLY SHOW THAT THERE WAS A GREATER LIKELIHOOD OR PROBABILITY THAT THE HARM COMPLAINED OF WAS DUE TO CAUSES FOR WHICH THE DEFENDANT WAS RESPONSIBLE THAN FROM ANY OTHER CAUSE.[3]

---

[3] Plaintiff requests a similar instruction (Docket Entry # 66, No. 1) which Massachusetts law supports.  "A plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause."  Mullins v. Pine Manor College, 449 N.E.2d 331,  338-339 (Mass. 1983).

## DAMAGES

I WILL NOW INSTRUCT YOU ON THE SUBJECT OF DAMAGES.  THE FACT
THAT I AM INSTRUCTING YOU NOW AND ELSEWHERE IN THESE INSTRUCTIONS
ON THE SUBJECT OF DAMAGES IS NOT TO BE UNDERSTOOD AS AN OPINION
BY ME AS TO WHETHER DAMAGES SHOULD OR SHOULD NOT BE ALLOWED.
THIS IS A MATTER SOLELY WITHIN YOUR DISCRETION IN ACCORDANCE WITH
THE RULES OF LAW THAT I AM NOW GIVING YOU.  AS WITH OTHER
ELEMENTS, THE PLAINTIFF BEARS THE BURDEN OF PROVING HER DAMAGES
BY A PREPONDERANCE OF THE EVIDENCE.[4]

GENERALLY SPEAKING, THE MEASURE OF DAMAGES IS THAT AMOUNT
THAT WILL ADEQUATELY AND REASONABLY COMPENSATE THE PLAINTIFF FOR
THE INJURIES SHE SUSTAINED WHICH RESULTED FROM THE DEFENDANT'S
WRONGDOING.[5]  ANY DAMAGES YOU MAY DECIDE TO AWARD SHOULD BE
REASONABLE IN AMOUNT.

THE GENERAL PURPOSE OR GOAL OF AWARDING MONETARY DAMAGES IS
TO RESTORE THE PLAINTIFF, TO THE EXTENT POSSIBLE, TO THE POSITION
SHE WOULD HAVE BEEN IN IF THE WRONG HAD NOT OCCURRED.[6]  THE

---

[4]  See Mass. Superior Court Civil Practice Jury Instructions
§ 2.1.13 (2001) (containing similar language); Quinones-Pacheco
v. American Airlines, Inc., 979 F.2d 1, 7 (1st Cir. 1992) ("a
plaintiff retains the burden of proving . . . damages by a
preponderance of the evidence").

[5]  See Mass. Superior Court Civil Practice Jury Instructions
§ 2.1.13, ¶ 3 (2001) (containing similar language).

[6]  See Mass. Superior Court Civil Practice Jury Instructions
§ 2.1.13, ¶ 3 (2001) (containing similar language).

HALLMARK IS COMPENSATORY DAMAGES.  DAMAGES ARE MEANT TO BE
COMPENSATORY AND ARE NOT MEANT TO BE A PUNISHMENT AGAINST THE
DEFENDANT OR A WARNING FOR OTHERS.[7]

I ALSO INSTRUCT YOU THAT DAMAGES SHOULD NOT BE SPECULATIVE
OR BASED ON CONJECTURE OR ON MERE POSSIBILITIES.  THERE MUST BE
SUFFICIENT EVIDENCE TO AFFORD A REASONABLE BASIS FOR DETERMINING
THE PROPORTION OF DAMAGES CAUSED BY THE DEFENDANT'S NEGLIGENCE.
ALTHOUGH DAMAGES MUST BE REASONABLY ASCERTAINABLE, THE FACT THAT
THERE IS AN ELEMENT OF UNCERTAINTY IN THEIR ASSESSMENT IS NOT A
BAR TO RECOVERY.  AN APPROXIMATE RESULT IS THEREFORE PERMISSIBLE
IF THE EVIDENCE SHOWS THE EXTENT OF DAMAGES TO BE A MATTER OF
JUST AND REASONABLE INFERENCE.  THE LAW DOES NOT REQUIRE THE
PLAINTIFF TO ESTABLISH HER DAMAGES WITH MATHEMATICAL PRECISION.
IN GENERAL, YOU SHOULD BE GUIDED BY YOUR COMMON SENSE.  DAMAGES
SHOULD NOT BE BASED ON SYMPATHY, PREJUDICE, BIAS OR EMOTION.[8]

---

[7] See Mass. Superior Court Civil Practice Jury Instructions
§ 2.1.13, ¶ 4 (2001) (containing similar language).  Defendant
requests a similar instruction.  (Docket Entry # 67, # 5).

[8] Defendant requests a similar speculative damages and a
similar sympathy instruction (Docket Entry # 67, ## 2 & 7)
whereas plaintiff requests instructions that mathematical
precision is not required to establish damages (Docket Entry #
66, ## 6, 7, 9 & 10).  The above instruction combines these
concepts.
    Case law supports the instruction.  "We are of opinion that
there was sufficient evidence to afford a reasonable basis for
determining the proportion of damage caused by the defendant's
negligence." Bond Pharmacy, Inc. v. City of Cambridge, 156
N.E.2d 34, 38 (Mass. 1959).  "While the damages may not be
determined by speculation or guess, an approximate result is

**YOU SHOULD ALSO RECOGNIZE THAT WHERE AN INJURY ARISING FROM A CAUSE WHICH ENTAILS LIABILITY ON THE DEFENDANT COMBINES WITH A PREEXISTING OR A SUBSEQUENTLY ACQUIRED CONDITION TO BRING ABOUT GREATER HARM TO THE PLAINTIFF THAN WOULD HAVE RESULTED FROM THE INJURY ALONE, THE DEFENDANT MAY BE LIABLE FOR ALL THE**

---

permissible if the evidence shows the extent of damages to be a matter of just and reasonable inference." Bardascino v. Gilbert, 1999 WL 788507 at * 2 (Mass.App.Div. July 26, 1999). As explained by another Massachusetts court:

> It is settled that mere uncertainty in assessing the amount of damages should not jeopardize an injured party's right to recover as long as those damages are the certain result of the wrongdoing. Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562, 51 S.Ct. 248, 75 L.Ed. 544 (1931); Academy Spires, Inc., supra, 111 N.J.Super. at 486, 268 A.2d 551. McCormick, Damages § 27 (1935). A wrongdoer may not complain that damages cannot be measured precisely where he alone is responsible for the harm. Story, supra, 282 U.S. at 563, 51 S.Ct. 248; McCormick, supra. While the damages may not be determined by speculation or guess, an approximate result is permissible if the evidence shows the extent of damages to be a matter of just and reasonable inference.

McKenna v. Begin, 362 N.E.2d 548, 553 (Mass.App.Ct. 1977); see also Mass. Superior Court Civil Practice Jury Instructions § 1.17.1 (2001) (prejudice and sympathy instructions). As further explained by the court in Dalton v. Demos Bros. Gen. Contractors, Inc., 135 N.E.2d 646 (Mass. 1956):

> It is of course true that damages must be reasonably ascertainable from the evidence. But the fact that there is an element of uncertainty in their assessment is not a bar to recovery. "The amount of damages seldom can be proved with the exactness of mathematical demonstration. Much must be left to estimate and judgment, sometimes upon meager evidence."

Dalton v. Demos Bros. Gen. Contractors, Inc., 135 N.E.2d at 647 (citations omitted).

CONSEQUENCES.  THUS, IF THE INJURY CAUSES OR CONTRIBUTES TO CAUSE
THE DEVELOPMENT OF A PREEXISTING CONDITION, THE PERSON LIABLE FOR
THE INJURY IS LIABLE ALSO FOR THE RESULTING AGGRAVATION.  THE
WRONGDOER MAY BE HELD RESPONSIBLE FOR THE HARMFUL RESULTS OF THE
COMBINED EFFECTS OF THE DEFENDANT'S WRONGFUL ACT AND THE
CONDITION.[9]

   I ALSO INSTRUCT YOU THAT THE PLAINTIFF HAS A DUTY TO
MITIGATE HER DAMAGES.  THE PLAINTIFF MUST THEREFORE TAKE

---

   [9]  Plaintiff requests this language (Docket Entry # 68, #
11) which case law supports:

>  It is settled that, where an injury arising from a cause
>  which entails liability on the defendant combines with a
>  pre-existing or a subsequently acquired disease to bring
>  about greater harm to the plaintiff than would have resulted
>  from the injury alone, the defendant may be liable for all
>  the consequences.  If the injury causes or contributes to
>  cause the development of a pre-existing disease, the person
>  liable for the injury is liable also for the resulting
>  aggravation.  The wrongdoer may be held responsible for the
>  harmful results of the combined effects of his wrongful act
>  and the disease.

Wallace v. Ludwig, 198 N.E. 159, 162 (Mass. 1935).  The court in
Higgins approved a similar instruction:

>  The judge instructed the jury that if they found that
>  negligence on the part of the defendant had aggravated or
>  accelerated a pre-existing condition of the plaintiff, then
>  "it's the difference at any given time between what the
>  plaintiff's condition would have been absent the accident
>  and what the plaintiff's condition is or was or will be
>  because of the accident" that would determine the extent of
>  the defendant's liability . . . The judge's instruction on
>  this issue was substantially correct and we discern no error
>  requiring reversal.

Higgins v. Delta Elevator Service Corp., 700 N.E.2d 833, 838
(Mass.App.Ct. 1998).

25

REASONABLE STEPS THAT A REASONABLY PRUDENT PERSON WOULD TAKE TO
REDUCE THE DAMAGES TO WHICH SHE MAY BE ENTITLED AS A RESULT OF
HER INJURIES.  IN OTHER WORDS, SHE MUST DO WHAT IS REASONABLY
NECESSARY TO RECOVER THE CONDITION OF HER HEALTH WHICH SHE
ENJOYED BEFORE THE ACCIDENT.[10]

WITH THESE PRINCIPLES IN MIND, YOU SHOULD CONSIDER THE
FOLLOWING COMPONENTS OF A DAMAGES AWARD TO THE EXTENT YOU FIND
THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE.  THE FIRST
COMPONENT OR CATEGORY OF DAMAGES THE PLAINTIFF IS SEEKING IS PAST
MEDICAL EXPENSES.  THUS, IN ARRIVING AT AN AMOUNT THAT WILL
FAIRLY AND ADEQUATELY COMPENSATE THE PLAINTIFF FOR HER INJURIES,
YOU SHOULD INCLUDE THE REASONABLE VALUE OF THE PLAINTIFF'S PAST
MEDICAL EXPENSES IF THESE EXPENSES WERE REASONABLY NECESSARY FOR
HER TREATMENT.  THE PLAINTIFF IS ENTITLED TO RECOVER FOR EXPENSES
THAT SHE PROVES ARE REASONABLY REQUIRED TO DIAGNOSE AND TREAT ANY

---

[10]  Defendant requests a similar instruction (Docket Entry #
67, # 4) which case law supports.  The court in <u>Baglio</u> approved
the following proposed instructions as stating the applicable law
with substantial accuracy:  (1) "'The plaintiff has the legal
obligation no take all reasonable steps to reduce the damages to
which he may be entitled as a result of his injuries;'" and (2)
"'The plaintiff must do what is reasonably necessary to recover
the condition of his health which he enjoyed before the
accident.'"  <u>Baglio v. New York Central Railroad Co.</u>, 180 N.E.2d
798, 800 (Mass. 1962) (also recognizing that the test is
objective, not subjective); <u>see also</u> <u>Mass. Superior Court Civil
Practice Jury Instructions</u> § 2.1.13(a) & 4.4 (2001) ("[i]f the
plaintiff's condition would be improved by having an ordinary
operation that a reasonably prudent person in the circumstances
would submit to, a refusal may be evidence of an unreasonable
failure to lessen the amount of the plaintiff's damages").

CONDITION BROUGHT ON BY THE ACCIDENT OR THE RESULTING INJURIES.
THE PLAINTIFF IS ENTITLED TO RECOVER FOR THOSE EXPENSES WHICH
WERE REASONABLE IN AMOUNT AND WHICH WERE REASONABLY NECESSARY.
THEREFORE, YOU MUST DETERMINE WHETHER THE EXPENSE WAS REASONABLY
RELATED TO THE TREATMENT AND CARE OF THE PLAINTIFF AND WHETHER
THE CHARGE ITSELF WAS REASONABLE.[11]

IN ADDITION TO MEDICAL EXPENSES, THE PLAINTIFF SEEKS TO
RECOVER DAMAGES FOR THE LOSS OF HER EARNING CAPACITY.[12]  TO THE
EXTENT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE, THE
PLAINTIFF IS ENTITLED TO RECOVER THE LOSS OF HER EARNING CAPACITY
SINCE THE ACCIDENT TO DATE AND THE LOSS OF HER FUTURE EARNING
CAPACITY.

WHETHER OR NOT WE ARE EMPLOYED OR ARE RETIRED OR HAVE NEVER
WORKED IN OUR LIVES, EACH OF US HAS THE ABILITY TO EARN MONEY
WHICH IS CALLED EARNING CAPACITY.  THE LOSS OF EARNING CAPACITY
IS THE AMOUNT BY WHICH THE PLAINTIFF'S ABILITY TO GENERATE
EARNINGS HAS BEEN DIMINISHED AS A RESULT OF THE DEFENDANT'S
WRONGFUL CONDUCT.  LOSS OF EARNING CAPACITY THUS CONSISTS OF THE
DIFFERENCE BETWEEN WHAT THE PLAINTIFF WOULD HAVE BEEN CAPABLE OF
EARNING IF NOT INJURED AND WHAT THE PLAINTIFF IS LIKELY TO BE

---

[11]  Plaintiff requests this instruction.  (Docket Entry #
68, # 13); see Mass. Superior Court Civil Practice Jury
Instructions § 2.1.13 (2001) (containing same language).

[12]  Plaintiff requests an instruction (Docket Entry # 68, #
12) similar to Mass. Superior Court Civil Practice Jury
Instructions § 2.1.13(d) (2001).  The instruction that follows
above on loss of earning capacity tracks this standard
instruction.

ABLE TO EARN AFTER THE ACCIDENT AS A RESULT OF THE INJURIES SHE
SUSTAINED DUE TO THE DEFENDANT'S CONDUCT.

ESSENTIALLY, WHAT I AM ASKING YOU TO DETERMINE IS THE LOSS
OR DIMINUTION OF THE PLAINTIFF'S EARNING CAPACITY.  THE
DETERMINATION RESTS LARGELY UPON YOUR COMMON KNOWLEDGE BUT YOU
MAY CONSIDER EVIDENCE, IF ANY, OF EARNINGS BEFORE AND AFTER THE
ACCIDENT, EDUCATION, OCCUPATION, TRAINING, EXPERIENCE, EXPECTED
LONGEVITY OF LIFE, HEALTH, TALENTS, SKILLS AND INTELLIGENCE.  YOU
MAY ALSO CONSIDER THE NATURE AND EXTENT OF THE PLAINTIFF'S
INJURIES, EVIDENCE OF OPPORTUNITY FOR EMPLOYMENT AND EARNING LOST
BECAUSE OF DISABILITY.[13]  YOU MAY NOT, HOWEVER, TAKE INTO ACCOUNT
ANYTHING THAT IS MERELY POSSIBLE, SPECULATIVE OR IMAGINABLE.
RATHER, YOUR AWARD MUST BE BASED ON REASONABLE PROBABILITY AND

---

[13]  As explained by the court in Doherty in discussing the
measure of damages for loss of earning capacity:

> The assessment of damages for such impairment rests largely
> upon the common knowledge of the jury or other fact-finding
> tribunal, sometimes with little aid from evidence.  But
> helpful evidence is admissible, although it does not furnish
> any mathematical valuation of the impairment.  The following
> have been admitted:  evidence of earnings before and after
> the injury; evidence of occupational education, capacity,
> duties and experience; and evidence of opportunity for
> employment and earning lost because of disability.

Doherty v. Ruiz, 18 N.E.2d 542, 543-544 (Mass. 1939) (citations
omitted); see Mass. Superior Court Civil Practice Jury
Instructions § 2.1.13 (2001) (factors to consider "may include
evidence of earnings before and after the injury, occupation,
education, capacity, training, experience, health, habits,
talents that a person has, skills that a person has, intelligence
and industry").

CAN BE MADE ON THE BASIS OF YOUR COLLECTIVE COMMON KNOWLEDGE.[14]

YOU SHOULD REALIZE THAT LOSS OF WAGES IS NOT, CORRECTLY SPEAKING, THE EQUIVALENT OF LOSS OF EARNING CAPACITY, ALTHOUGH LOSS OF WAGES MAY FURNISH A PRACTICAL METHOD TO MEASURE THE INJURY TO THE PLAINTIFF'S EARNING CAPACITY.  AFTER ALL, A PERSON MAY HAVE AN EARNING CAPACITY IN EXCESS OF THE WAGES PAID TO HER IN THE JOB THAT SHE HAPPENS TO BE IN AT THE TIME OF THE ACCIDENT. ON THE OTHER HAND, THE PERSON MAY BE RECEIVING WAGES IN A JOB THAT SHE HAPPENS TO BE IN AT THE TIME OF THE ACCIDENT THAT EXCEED THOSE SHE COULD EARN LATER IF UNINJURED.  THE DIMINUTION IN EARNING CAPACITY OF THE PLAINTIFF HERSELF, AND NOT THAT OF SOME STANDARD OR NORMAL MAN OR WOMAN IN HIS OR HER POSITION, FURNISHES THE TEST.[15]

---

[14]  Plaintiff requests a similar instruction (Docket Entry # 68, # 12, ¶ 3) which is also contained in Mass. Superior Court Civil Practice Jury Instructions § 2.1.13(d) (2001) and supported by case law.  See Doherty v. Ruiz, 18 N.E.2d 542, 543 (Mass. 1939) ("such impairment rests largely upon the common knowledge of the jury or other fact-finding tribunal, sometimes with little aid from evidence"); Bagley v. Kimball, 167 N.E. 661, 662 (Mass. 1929) ("The contention of the defendant that the evidence was too speculative to entitle the plaintiff to damages for loss of earning capacity is without merit.  The judge expressly told the jury that they could not 'take into account anything that is merely possible, speculative or imaginative.'").

[15]  As stated by the court in Doherty:

Where the employment of the plaintiff, if he had not been injured, would have continued at a uniform rate of pay during the period of his incapacity, his loss in wages furnishes a practically accurate measure of the injury to his earning capacity.  But loss of wages is not, correctly speaking, an element of damages.  The element of damages in question is properly described as compensation for diminution of earning power, or conversely as the value of

THE FINAL CATEGORY OF DAMAGES IS PAST AND FUTURE PAIN AND SUFFERING.  IN ARRIVING AT AN AMOUNT THAT WILL FAIRLY AND ADEQUATELY COMPENSATE THE PLAINTIFF FOR HER INJURIES, YOU SHOULD AWARD SUCH SUM AS WILL REASONABLY COMPENSATE THE PLAINTIFF FOR HER BODILY INJURIES AND RESULTING PAIN AND SUFFERING, DISABILITY, DISFIGUREMENT AND MENTAL ANGUISH THAT THE PLAINTIFF HAS EXPERIENCED IN THE PAST AND THAT SHE IS REASONABLY CERTAIN TO EXPERIENCE IN THE FUTURE CAUSED BY THE DEFENDANT'S CONDUCT.[16]

---

that part of the plaintiff's capacity to work and earn of which he was deprived.  The distinction often has practical consequences.  One who would not have worked if he had not been injured may nevertheless recover for his impaired power to work and earn.  One who has lost no wages because his pay has been continued by his employer as a gratuity or as compensation for disability, may nevertheless recover damages for impairment of earning capacity.  A person may have an earning capacity in excess of the wages paid him in the job that he happens to have at the time of the injury.  On the other hand, the wages then paid him may, because of a business depression or other reason, exceed those which he could earn later if uninjured.  The diminution in earning capacity of the plaintiff himself, and not that of some standard or normal man in his position, furnishes the test.

Doherty v. Ruiz, 18 N.E.2d 542, 543 (Mass. 1939) (citations omitted).


[16]  The foregoing instruction is taken from a previous charge given by this court without objection.  In addition, the court in Cuddy, approved the following jury charge "as the correct rule on the question of damages."  Cuddy v. L & M Equipment Co., 225 N.E.2d 904, 908 (Mass. 1967).  The instruction in Cuddy reads as follows:

"As I say, then, if you do come to the question of damages, in so far as damages are concerned, you consider the pain and suffering, anguish of mind, disability, and of both past, present and future.  And in relation to future consideration, you may consider these mortality tables, and

AS I HAVE JUST INDICATED, PAIN AND SUFFERING IS OF TWO
TYPES: PHYSICAL PAIN AND SUFFERING AND MENTAL PAIN AND
SUFFERING. FOR PHYSICAL PAIN AND SUFFERING, YOU ARE TO CONSIDER
THE AREAS OF THE BODY IN WHICH YOU FIND THE PLAINTIFF PHYSICALLY
INJURED. YOU ARE TO TAKE INTO ACCOUNT THE PAST PAIN AND
SUFFERING ENDURED BY THE PLAINTIFF SINCE THE DATE OF THE
INJURIES, THE PRESENT PAIN AND SUFFERING CAUSED BY THE INJURIES
AND ANY FUTURE PAIN AND SUFFERING WHICH THE PLAINTIFF PROVED WITH
REASONABLE MEDICAL PROBABILITY. MENTAL PAIN AND SUFFERING
INCLUDES ANY AND ALL NERVOUS SHOCK, ANXIETY, EMBARRASSMENT, OR

---

with reference to longevity, in the consideration of the
extent to which a person may or may not have been damaged or
injured. You may consider them; you may disregard them, if
you wish. That it your province, and your province alone,
based upon the evidence presented . . . There is no formula
by which we determine damages, if you come to that phase of
it; and the only method by which you determine damages is to
exercise your good common sense and your reason, as far as
evidence is concerned, in relation to the injuries and the
circumstances that bear upon the matter of injuries received
as claimed, and the determination whether they have been
substantiated. I would also like to say that the
determination of dollars and cents is determined by the
exercise of common sense."

Cuddy v. L & M Equipment Co., 225 N.E.2d at 908 & n. 4; see Price
v. AAC Sports Café, 2005 WL 351261 * 5 (Mass.App.Div. Feb. 9,
2005) (noting that trial judge did not have to respond to
requested instruction that, "'The Plaintiff is entitled to
recover for pain and suffering together with damages for past,
present and future pain, suffering and anguish" because it did
not conclude with 'caused by the negligence of the defendant.'").

MENTAL ANGUISH RESULTING FROM THE INJURY.[17]

TAKING INTO CONSIDERATION THE NATURE OF THE INJURY, YOU ARE TO DETERMINE WHAT WOULD BE A FAIR AND REASONABLE FIGURE TO COMPENSATE THE PLAINTIFF FOR PAIN AND SUFFERING.  YOU MAY CONSIDER THE EXTENT TO WHICH THE PLAINTIFF'S INJURIES HAVE CAUSED HER A LOSS OF PLEASURES WHICH SHE OTHERWISE PROBABLY WOULD HAVE HAD IN THE FORM OF WORK OR PLAY OR FAMILY LIFE.  THE PLAINTIFF IS ENTITLED TO COMPENSATION FOR THE REDUCTION IN THE ENJOYMENT OF LIFE WHICH YOU CONCLUDE HAS RESULTED OR PROBABLY WILL RESULT FROM THE ACCIDENT.[18]

THERE IS NO EASY WAY TO PLACE A DOLLAR FIGURE ON PAIN AND SUFFERING AS WELL AS THE OTHER ABOVE ENUMERATED ITEMS.  WHAT I ASK YOU TO DO, HOWEVER, IS TO FAIRLY AND REASONABLY COMPENSATE THE PLAINTIFF FOR THESE DAMAGES ON THE BASIS OF THE EVIDENCE YOU HAVE RECEIVED IN THIS CASE.  YOU SHOULD FAIRLY AND IMPARTIALLY CONSIDER THE EVIDENCE AND YOU SHOULD NOT ALLOW SYMPATHY TO INFLUENCE YOUR DETERMINATION.

---

[17]  The plaintiff requests the foregoing instruction (Docket Entry # 66, # 3) which is taken from Mass. Superior Court Civil Practice Jury Instructions  § 2.1.13(b) (2001).

[18]  The plaintiff requests the foregoing instruction (Docket Entry # 66, # 3) which is taken from Mass. Superior Court Civil Practice Jury Instructions  § 2.1.13(b) (2001).

## UNANIMOUS VERDICT AND CONCLUSION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER, AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE ALREADY SELECTED CARAM FEENEY TO ACT AS YOUR FOREPERSON. AS FOREPERSON, MS. FEENEY WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. A VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE.

33

YOU WILL TAKE THE VERDICT FORM TO THE JURY ROOM, AND WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE THE FOREPERSON FILL IT IN, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE MARSHAL WHO WILL BRING IT TO MY ATTENTION.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION AT TIME.