UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN, )<br>Plaintiff )<br> )<br>v. )<br> )<br> )<br>YUM! BRANDS, INC. and )<br>KFC CORPORATION, )<br>Defendants ) | CIVIL ACTION<br>NO. 05-CV-11167-MBB |

**PLAINTIFF'S MOTION FOR A NEW TRIAL**
and
**TO ENLARGE TIME FOR FILING MEMORANDUM AND HEARING**

Now comes the plaintiff in the above-captioned action and, pursuant to Rule 59 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for a new trial, on the grounds set forth below. The plaintiff further respectfully requests an enlargement of time for the submission of a supporting memorandum and hearing so that she may retain successor counsel to more fully prepare and argue her motion, as her present attorneys have filed a motion for leave to withdraw.

1. The verdict was against the weight of the evidence. All of the evidence, including the opinion of the defendant's two medical experts, was that the plaintiff was disabled as a result of her chronic pain syndrome. Even if the Jury optimistically believed that at some time in the future the plaintiff would recover, the evidence was that she was still suffering from chronic pain and that she was still disabled as of the time of the trial. The Jury's award of $115,501.00 was less than the amount of the lost wages incurred by the plaintiff based on the agreed evidence form her employer as to her wages at the time of her injury, Exhibit 22.

2

2.  Counsel for the defendants made improper, inflammatory and materially prejudicial statements in his closing argument. In his closing argument, Attorney Holland stated, "Her husband took pictures of the hole for purposes of this litigation and for no other reason. It's all about this litigation. Her husband rushed down to the scene to take pictures. It is all about the money for this litigation. The plaintiff's attorney will ask you for millions of dollars for stepping in a hole." There was no testimony or evidence offered as to how much the plaintiff sought and Rule 408 of the Federal Rules of Evidence absolutely and unequivocally prohibits the disclosure of settlement negotiations and demands:

> **Rule 408. Compromise and Offers to Compromise**
>
> (a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim ; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice ; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Attorney Holland's flagrant violation or Rule 408, by arguing that the plaintiff was seeking "millions of dollars for stepping in a hole," particularly when coupled with his claim that "it is all about the money" was irretrievable and irreversibly prejudicial depriving the plaintiff of her Constitutional right to due process. *A fortiori*, see Smith v. Kmart Corp., 177 F.3d 19 (1999) (C.A.1 (Puerto Rico)):

3

Kmart first argues that plaintiffs' counsel's closing argument interjected purely emotional, inflammatory, and prejudicial elements into the jury deliberations.  Kmart argues that this closing argument constituted plain error, warranting a new trial despite its failure to object to the arguments at trial *and its failure to request a new trial on this basis.* [Emphasis added].

        *                                       *                                     *

The overwhelming weight of the authority supports the rule that, when no timely objection is made, claims of improper closing argument are forfeited, not waived, and thus amenable to review for plain error.  *See* Fernandez, 79 F.3d at 210; Johnson, 35 F.3d at 631;  Anthony v. G.M.D. Airline Services, Inc., 17 F.3d 490, 496 n. 7 (1st Cir.1994);  DeVasto v. Faherty, 658 F.2d 859, 864 (1st Cir.1981).   Even courts which purport to foreclose review of such claims due to the absence of an objection make exceptions tantamount to plain error review.  *See, e.g.*, Doty v. Sewall, 908 F.2d 1053, 1056 (1st Cir.1990) (stating that issues regarding twelve items of impermissible argument or evidence were not properly preserved for appeal due to the failure to object, but still allowing review upon a showing of "substantial injustice");  Wildman v. Lerner Stores Corp., 771 F.2d 605, 609 (1st Cir.1985) (stating that review of a claim of improper closing argument was "foreclosed" due to the failure to object, but still determining whether review was required to prevent a miscarriage of justice despite the lack of an objection).  Thus, we review Kmart's claims for plain error.

Under plain error review, we will consider a forfeited objection only if:  (1) an error was committed;  (2) the error was "plain" (i.e. obvious and clear under current law);  (3) the error was prejudicial (i.e. affected substantial rights);  and (4) review is needed to prevent a miscarriage of justice.  *See* Chute v. Sears Roebuck and Co., 143 F.3d 629, 631 (1st Cir.1998);  United States v. Bartelho, 129 F.3d 663, 673 (1st Cir.1997), *cert. denied,* 525 U.S. 905, 119 S.Ct. 241, 142 L.Ed.2d 198 (1998).   To merit reversal, the error must have "resulted in a miscarriage of justice or seriously affected the fairness, integrity or public reputation of the judicial proceedings."

In the present case, not only was the argument in violation of Rule 408, it also in violation of the Massachusetts Rules of Professional Conduct:

> **Rule 3.4.  Fairness to Opposing Party and Counsel.**
>
> A lawyer shall not:
>
> (e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant, or the guilt or innocence of an accused;

There was no evidence to support Attorney Holland's argument, but rather it was based on his personal knowledge from settlement negotiations; he had no way to know if the plaintiff would

4

ask the jury for "millions of dollars" and good reason to believe she would not, since arguing that any dollar amount on the plaintiff's closing, other than for her special damages, which would not amount to "millions of dollars," is prohibited; he knew from his personal involvement in the mediation that his statement was false and misleading, because the plaintiff had offered to settle for less than one million dollars, which demand he had rejected.[1]  Moreover, Attorney Holland's improper, inflammatory and materially prejudicial argument was based on his medical expert's, Dr. Froelich's, opinion, that people who are involved in litigation are less likely to return to work, the inference being that their motive for claiming to be disabled is financial.  Attorney Holland incorporated and emphasized this inference in his closing by arguing that the plaintiff's claim was "all about the money."  The plaintiff objected to Dr. Forelich's testimony and moved to strike it in her Motion in Limine to Exclude Expert Testimony, which was denied after pre-trial hearing.  However, her objection to the testimony was on record and continued.

See U.S. v. Carpenter, --- F.3d ---- (2007) (C.A.1 (Mass.)) decided July 18, 2007:

> Historically, when a party's motion in limine to exclude evidence had been denied, the party's failure to renew the objection at trial was considered "fatal." E.g., United States v. Vest, 842 F.2d 1319, 1325 (1st Cir.1988). However, Federal Rule of Evidence 103(a) was amended in 2000 to read, in pertinent part: "[o]nce the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." The accompanying commentary explains that "[w]hen the ruling is definitive, a renewed objection or offer of proof at the time the evidence is to be offered is more a formalism than a necessity." Fed.R.Evid. 103 advisory committee's note, 2000 Amendment. In applying this rule, we must pay particular attention to the question whether the trial court made "definitive" rulings on the motion in limine. Crowe v. Bolduc, 334 F.3d 124, 133-34 (1st Cir.2003). Id., __.

---

[1] In her answers to the defendants' interrogatories, the plaintiff had been asked to itemize her damages.  In her *opinion*, she valued the case at $5 million.  However, as Attorney Holland well knew from his personal participation in settlement discussions and mediation, the plaintiff's actual *demand* to the defendants had never been "millions of dollars," nor could he have possibly known if the plaintiff would ask the jury for any particular amount.

5

\*                              \*                                        \*

> When it resorted to the gambling metaphors in its closing arguments, the government made its own gamble that the court, despite its uneasiness about the potential prejudicial impact of the evidence of trading strategy and financial losses on the jury, would not conclude, in evaluating the inevitable motion for a new trial, that the government had gone too far with its arguments. There is no unfairness to the government if it has now lost that gamble.  Id., __.

In summary, Attorney Holland willfully and deliberately disregarded both the Federal Rules of Evidence and the Massachusetts Code of Professional Conduct and his misconduct deprived the plaintiff of a fair trial.

    3.  The federal jury selection process was discriminatory, as there were no black jurors in the venire, depriving the plaintiff of her Constitutional right to a fair trial.  As Judge Young of this Honorable Court stated in response to the disparity between the minority composition of federal and state juries in an interview broadcast on National Public Radio on October 3, 2005, the federal district courts must "give the fairest possible trial in every case, always to be reaching out for perfect justice."  See United States v. Green, 389 F.Supp.2d 29 (2005) ( D.Mass.).

    WHEREFORE, for the foregoing reasons, the plaintiff respectfully moves this Honorable Court for a new trial and for an enlargement of time for the submission of a supporting memorandum and, hearing so that she may retain successor counsel to more fully prepare and argue her motion.

6

        Respectfully submitted,

        The plaintiff,
        By his attorneys,

          /s/ John N. Lewis
        John N. Lewis
        BBO# 298520
        Lawrence R. Mehl, of Counsel
        BBO# 566235
        JOHN N. LEWIS & ASSOCIATES
        21 Merchants Row, 5th Floor
        Boston, MA 02109
        (617) 523-0777

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 17, 2007.

          */s/ John N. Lewis*
          John N. Lewis