UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff<br><br>v.<br><br>KFC CORPORATION,<br>    Defendant | )<br>)<br>)<br>)  CIVIL ACTION<br>)  NO. 05-CV-11167-MBB<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR A NEW TRIAL**

Defendant KFC Corporation, by its attorneys, hereby opposes Plaintiff's Motion for a New Trial and to Enlarge Time for Filing Memorandum and Hearing. Defendant's Opposition is as follows:

1.  There is no basis whatsoever for a finding that the jury's verdict was against the weight of the evidence. In the first instance, Plaintiff's Motion completely misstates the evidence that was adduced at trial. Neither of defendant's experts testified that plaintiff was totally disabled. Dr. Froehlich, the orthopedist, testified that plaintiff has no physical limitations, but that he would <u>recommend</u> that she not climb stairs or kneel frequently. Dr. Feldmann, the neurologist, did not testify as to any limitations. Both Drs. Froehlich and Feldmann testified that plaintiff's injuries should have resolved within a matter of a few months, and that plaintiff's continuing complaints of pain do not make any sense physiologically. Finally, Dr. Froehlich testified during his examination of plaintiff, she engaged in symptom magnification by claming that she suffered from extreme pain as a result of the lightest touch.

2. Even without consideration of defendants' expert testimony, there would be no basis for overturning the jury's verdict. The testimony of plaintiff's expert on the issue of disability was entirely unpersuasive, and the jury was free to disregard it. The primary basis for Dr. Foster's opinion as to disability was that plaintiff has been out of work for an extended period of time and studies show that persons who are out of work for a significant period of time tend never to go back to work. He offered no explanation whatsoever as to how plaintiff could still be suffering from extreme pain more than five years after suffering what even he described as a very minor knee injury that most persons fully recover from within three months. Further, at the time of his videotaped trial testimony, he had not examined or treated plaintiff in three years.

3. Nor was there anything improper about defendant's counsel's closing argument as it was amply supported by the evidence. During the trial, plaintiff attempted to elicit sympathy from the jury at every turn. She read ad infinitum from a journal that she kept after the fall at the KFC restaurant. Even though the journal chronicled only her putative pain and limitations on her activity, she claimed that the journal had nothing to do with this lawsuit. She also brought her granddaughter in to testify although it was completely unnecessary.

4. Plaintiff essentially claimed that her life had been ruined by the fall at the KFC restaurant. Defendant's counsel was entitled to offer the jury an explanation as to why somebody would endure the lifestyle that plaintiff claims to have lead for the last five years if she were not in fact suffering from the pain she claims, and his argument that that plaintiff was motivated by this lawsuit was not based on emotion, but rather was entirely grounded in the facts. Indeed, as set forth above, both of defendant's expert

physicians testified that the pain that plaintiff claims to continue to have more that five years after suffering a very minor knee and back injury is not physically possible. Further, Dr. Froehlich testified that plaintiff is magnifying her pain. With reference to the very same studies that Dr. Foster relied on for his opinion that plaintiff is disabled, Dr. Froehlich testified that these studies show that one of the reasons that persons who have been out of work for a substantial period of time do not return to work is that a return to work would negatively impact the litigation they filed to recover for their alleged injuries.[1] Finally, plaintiff's husband took pictures of the hole on the day of the incident, and plaintiff denied that the journal that she quite obviously kept to buttress her claims in this lawsuit had anything to do with this lawsuit.

5.      Plaintiff's attempt to seek a new trial based upon defendant's counsel's reference to plaintiff seeking millions of dollars is equally wide of the mark. This reference had absolutely nothing to do with settlement negotiations. Indeed, plaintiff admits in her Motion that she stated in her interrogatory answers that her damages are $5 million. Even if it had any connection to settlement negotiations, it would not have implicated the prohibition against reference to settlement negotiations cited by plaintiff. That prohibition is designed to ensure that parties are not prejudiced by statements or

---

[1] Plaintiff's Motion in Limine to strike this testimony was correctly denied by this Court. This testimony was elicited during cross-examination of Dr. Froehlich by plaintiff's counsel. During cross-examination, plaintiff's counsel asked Dr. Froehlich if he expects that plaintiff will eventually return to work. In response, he testified that he did not. Plaintiff's counsel asked Dr. Froehlich for the basis for this belief, and in response, Dr. Froehlich testified that there are studies in the worker's compensation setting that show that once someone has been out of work for a substantial period of time, the person is not likely to return to work. He further added that: "[t]here are some studies that suggest that people involved in litigation have a lower return-to-work rate." This testimony was in response to a question asked by plaintiff's counsel. It was directly responsive to the question. Further, plaintiff's counsel did not move to strike the answer or any part thereof.

offers or demands during settlement negotiations that may tend to show that they do not strongly believe in their case of defenses. Finally, plaintiff's counsel did not ask for millions of dollars during his closing so it is hard to fathom what the <u>alleged</u> prejudice was.

6. Even if plaintiff's argument concerning defendant's closing argument had any basis, it would still fall well short of the showing necessary for a new trial. As a result of plaintiff's counsel's failure to object to defendant's closing during the trial, plaintiff must show plain error in order to warrant a new trial. <u>Smith v. Kmart Corporation</u>, 177 F.3d 19, 26 (1st Cir. 1999). Plain error is a "rare specious in civil litigation" and it encompasses only those errors which reach the "pinnacle of fault". <u>Smith</u>, 177 F.3d at 26 (quoting <u>Cambridge Plating Co., Inc. v. Napco, Inc.</u>, 85 F.3d 752, 767 (1st Cir. 1996). Only errors that have "resulted in a miscarriage of justice or seriously affected the fairness, integrity or public reputation of the judicial proceedings" rise to the level of plain error. <u>Smith</u>, 177 F.3d at 26 (quoting <u>Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.</u>, 79 F.3d 182, 189 (1st Cir. 1996).

7. Plaintiff's final contention that the jury selection process was discriminatory due to the fact that there were no black jurors on the venire, which thereby deprived her of her Constitutional right to a fair trial, is in error for two reasons. First, plaintiff did not object to the make up of the venire at the time of jury selection nor at any time up and through when the jury returned their verdict and therefore any argument that the process was discriminatory was waived. *See* 28 USC §1867. Second, Plaintiff had the opportunity to present questions to the venire but failed to do so at the time of their selection. Throughout the entire selection process and continuing through trial and up to

4

the time the jury returned their verdict, Plaintiff never objected to the make up of the venire or the empanelment process. Finally, there is simply no evidence that the selection process was discriminatory. Plaintiff's contention that since there were no black jurors on the venire and so the venire or process was somehow discriminatory is offensive and without merit.

WHEREFORE, defendant KFC Corporation respectfully requests that this Court deny Plaintiff's Motion for a New Trial and to Enlarge Time for Filing Memorandum and Hearing.

Respectfully submitted,

Defendant,
By its Attorneys,

    s/s Lawrence R. Holland
Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: August 30, 2006

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

                                                    /s/ Lawrence R. Holland
                                                    Lawrence R. Holland