UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 AUG 31 P 3: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

GLORIA BROWN
    Plaintiff,

v.

CIVIL ACTION NO.
05-11167-MBB

Yum Brands, KFC Corporation
    Defendant.

## MOTION TO OVERTURN VERDICT

## REMOVE AND REMAND BACK TO STATE COURT

The plaintiff in the above-captioned civil action respectfully moves this Honorable Court to Overturn the verdict, remove this case from the District Court of Massachusetts and Remand back to Suffolk Superior Court on the following;

1.     Plaintiff sustained severe injuries while on defendant's property on June 21, 2002 and as a direct and proximate result of the negligence and carelessness of the defendants, the plaintiff was caused to suffer personal injuries and other damages, to suffer great pain of body and mind, to have her earning capacity diminished and to have her ability to enjoy a normal, active and healthy life adversely affected. Plaintiff's action was originally commenced in state court, Suffolk Superior Court, Docket No. 05-1983-E , having been served at the resident agent's address of record, on the basis of the defendant's (a) transacting business in the Commonwealth of Massachusetts; (b) contacting to supply services or things in the Commonwealth; and ( c ) causing tortuous injury in the Commonwealth by an act or omission outside the Commonwealth where the defendant

regularly does or solicits business or engages in a persistent course of conduct or derives substantial revenues from goods used or consumed or services rendered in the Commonwealth. This action was served upon defendant at his address of record, CT Corporation Systems, Boston, MA

2. Defendant in this action, moved from Suffolk Superior on the grounds of diversity of citizenship, when in fact no diversity of citizenship existed between each as outlined in (1), and did so with jurisdiction defects. Plaintiff states this action was done in bad faith to evade state jurisdiction.

3. When this case was filed in Suffolk Superior Court on it's face, it was not refused for lack of jurisdiction or subject matter jurisdiction. The subject matter as listed above did not require federal question of law.

4. District Court accepted this case with no federal question of law to be decided.

5. In stipulation of dismissal of defendants, this action was between plaintiff and KFC Corporation as stated in documents before this court. Moreover, this case was allowed to stand without subject matter jurisdiction or federal question of law.

6. During the pre-trial proceedings and subsequent trial, the District Court did not have jurisdiction over any of the parties to this suit. Therefore, lack of jurisdiction over the parties in the suit.

In regard to U.S.C 28 1447 d, this case in no way should have taken time from the Federal Court System and this plaintiff request this court to Overturn the verdict, Remove this case from the District Court and Remand it back to the State Court.

Respectfully submitted,

Pro Se Litigant
August 31, 2007

(2)