UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GLORIA BROWN,                            )
     Plaintiff                          )
                                         )
v.                                       )     CIVIL ACTION
                                         )     NO.  05-CV-11167-MBB
                                         )
YUM! CORPORATION and                     )
KFC CORPORATION,                         )
     Defendants                         )

## PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM

Now comes the plaintiff, by her attorneys, who are still counsel of record in this action, and respectfully moves this Honorable Court for leave to file a reply memorandum of not more than two (2) pages of argument in response to the defendants two opposition memoranda.

In support of her motion, the plaintiff states that the interrogatory stating the amount of the plaintiff's damages to which the defendant KFC Corporation ("KFC") refers and on which it relies in its opposition as justification for its closing argument was not introduced into evidence and was not before the Jury.  Moreover, without the factual content of the interrogatory in evidence, which broke down the valuation by special damages and emotional distress, defense counsel's argument, that the plaintiff "was going to ask you for millions of dollars," was misleading and prejudicial, as was his prognostication of what the plaintiff would ask the jury to award, where at the time he made the statement he knew that the plaintiff's demand in this case prior to and at the time of trial was not "millions of dollars." See Massachusetts Rules of Professional Conduct, Rule 3.4(e):

2

in trial, allude to any matter that the lawyer does not reasonably believe is relevant
or that will not be supported by admissible evidence [the plaintiff's answers to
interrogatories were not offered into evidence and defense counsel knew better],
assert personal knowledge of facts in issue except when testifying as a witness
["The plaintiff is going to ask you for millions of dollars."], or state a personal
opinion as to the justness of a cause ["This case is all about the money!"], the
credibility of a witness, the culpability of a civil litigant or innocence of an
accused.

The plaintiff respectfully requests leave to more fully brief these issues in a reply memorandum

to assist this Honorable Court in determining whether the defendant's counsel's conduct did

deprive the plaintiff of a fair trial.

WHEREFORE, the plaintiff, by her attorneys, respectfully moves this Honorable Court

for leave to file a reply memorandum of not more than two (2) pages of argument in response to

the defendant's two opposition memoranda.

> The plaintiff,
> By her attorneys,
>
>     */s/ John N. Lewis*
> John N. Lewis
> BBO# 298520
> Lawrence R. Mehl, of Counsel
> BBO# 566235
> JOHN N. LEWIS & ASSOCIATES
> 21 Merchants Row, 5th Floor
> Boston, MA 02109

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)
and paper copies will be sent to those indicated as non-registered participants on September 6,
2007.

>     */s/ John N. Lewis*
> John N. Lewis