UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) |
| v. | )  CIVIL ACTION<br>)  NO. 05-CV-11167-MBB<br>) |
| YUM! CORPORATION and<br>KFC CORPORATION,<br>    Defendants | )<br>)<br>) |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL**

The plaintiff asks this Honorable Court to consider that KFC's counsel's closing argument had *two* elements, *both* of which were improper and *either one* of which by itself would be ground for a new trial.

First, KFC's counsel argued that the plaintiff was going to ask the jury for "millions of dollars." There was not a scintilla of evidence introduced at trial as to the amount for which the plaintiff was going to ask. KFC relies on the plaintiff's answer to one of its interrogatories. That interrogatory was not introduced into evidence and was not before the Jury.

> In a proper closing, counsel may argue as to the evidence and the fair inferences from the evidence. Commonwealth v. Earltop, 372 Mass. 199, 205 (1977). It is improper for counsel to state in argument facts which are not part of the evidence. Leone v. Doran, 363 Mass, 1, 18 (1973). Nor is it proper to impress upon the jury a factual version of the events which is in no respect warranted by the evidence or the fair inferences warranted from the evidence. Id. Furthermore, it is wrong for an attorney to state his personal beliefs to the jury. Commonwealth v. Sherman, 294 Mass. 379, 391 (1936). Birbiglia v. St. Vincent Hosp., 3 Mass.L.Rptr. 407, Mass.Super., Lenk, J., (1994).
>
> An argument concerning money damages indulging in significant references to numerical amounts that have no basis in the record is improper. See Gardner v. State Taxi, Inc., 336 Mass. 28, 30, 142 N.E.2d 586 (1957). Harlow v. Chin, 405 Mass. 697, 704, 545 N.E.2d 602 (1989).

˘2˘

Moreover, without the factual content of the interrogatory in evidence, which broke down the valuation by special damages and emotional distress, defense counsel's argument, that the plaintiff "is going to ask you for millions of dollars," was misleading and prejudicial. So too was KFC's counsel's closing argument, where he knew that the plaintiff's demand in this case prior to and at the time of trial was not "millions of dollars." See Massachusetts Rules of Professional Conduct, Rule 3.4(e):

> in trial, [an attorney shall not] allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or innocence of an accused.

Second, KFC's counsel inserted his own opinion by arguing to the Jury, "This is all about the money." KFC bases its opposition on Dr. Froelich's testimony that there was literature *suggesting* that people who were involved in litigation were less likely to return to work. The plaintiff did object to this testimony and moved that it be excluded in her motion in limine, which was denied. When Dr. Froelich was asked by plaintiff's counsel whether he believed that all litigants were liars, he replied , "No," and, when he was asked whether he believed the plaintiff was truthful, he answered, "Yes." KFC attempts to contradict its own expert by distorting the meaning of Dr. Froelich's opinion, that the plaintiff exhibited "pain amplification" or "pain magnification." KFC self-servingly interprets this to mean she was *lying* about her condition. However, not only did Dr. Froelich say he believed the plaintiff was truthful, but that phrase was defined by him to mean that she reported a higher degree of pain than one would expect from his objective findings. That testimony cannot be reasonably interpreted to infer that Ms. Brown was *deliberately* exaggerating her symptoms for financial gain.

˅3˅

WHEREFORE, the plaintiff respectfully moves this Honorable Court for a new trial.

The plaintiff,
By her attorneys,

  /s/ John N. Lewis
John N. Lewis
BBO# 298520
Lawrence R. Mehl, of Counsel
BBO# 566235
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2007.

  /s/ John N. Lewis
John N. Lewis