UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 SEP 13 P 3:10

U.S. DISTRICT COURT
DISTRICT OF MASS.

Gloria Brown
    Plaintiff,

V.

CIVIL ACTION NO:
05-11167-MBB

KFC Corporation
    Defendant

### PLAINTIFF'S MOTION TO VACATE JUDGMENT REMOVE AND REMAND BACK TO STATE COURT
### Second Amended Motion

Plaintiff in Civil Case 05-11167-MBB requests this court to Overturn/Vacate the Judgment, Remove this case from the District Court and Remand Back to State Court on the following;

1.    Plaintiff, residing in the Commonwealth of Massachusetts at 80 Seminole Street, Hyde Park, MA sustained severe injuries after a fall at the KFC Restaurant located at 625 American Legion Highway, Roslindale, MA in the Commonwealth of Massachusetts.

2.    Defendant, KFC Corporation, having an enduring relationship in this state and regularly does, solicits business and engages in a continuous and systematic course of conduct, and derives substantial revenue from goods used or consumed in this state, allows this action to be heard in State Court and as such, defendant was duly served by complaint and summons at his Commonwealth of Massachusetts principal place of business as CT Systems Corporation, Boston, MA, this service was upon their registered agent, a citizen of the Commonwealth of Massachusetts, at that address under Title 28, U. S. Code 1391 (c).

3. Plaintiff's lawsuit filed in Suffolk Superior Court in May, 2005. As No Federal Question of Law needed to be decided in the District Court, this case was accepted at the State Court level on the face of the complaint. What now brings a federal question in this lawsuit?

4.      Defendant moved this case to District Court in June of 2005, on grounds of diversity of citizenship by joining parties that were not real parties of interest, but in doing so, enabled this case to be moved to ensure a better outcome for defendant for various reasons.

5.      During pre-trial conferences, stipulations were made by counsel for plaintiff and defendant, one of which was the stipulation as to who the real party of interest was, and is, KFC Corporation (Exhibit A).

6.      When joiners to this action, which were not "Real Parties of Interest" were removed, plaintiff asserts that:

    1.   This District Court did not and does not have jurisdiction over the real parties of interest in the suit tried before this court on August 6, 2007 as, Gloria Brown v. KFC Corporation;

    2.   There is No Federal Question of Law, Title 28, U. S. Code 1446 ( a ), to be addressed by this court and therefore, this case should be remanded back to State Court where the State has jurisdiction over the Corporation doing business in this State, and a Citizen of this State; and

    3.   Without Federal Question of Law and no jurisdiction over the subjects in this case, plaintiff under Title 28, U.S. Code 1441 ( c ) request that adherence to provision of that code provides, if at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded.

7. Plaintiff takes offense to actions during pre-trial activities and other acts surrounding fraudulent removing and alteration of plaintiff's sworn statements made during deposition taken on May 11, 2006, KFC Corporation and it's counsel. Other actions against this plaintiff have been defaming in nature by the act of placing written documents before the presiding judge in this case, that were malicious and libelous and harmful to this plaintiff *(Document 43 Defendant's Motion for an Order for Production of Social Security Administration Records Concerning Plaintiff and Document 45, Defendant's Motion for an Order Compelling Plaintiff to Execute and Provide to Defendant A Social Security Administration Consent for Release of Information - Exhibit's B and C)*, although the document requested was signed by plaintiff on July 23, 2006. Counsel and KFC will have to prove these allegations in a State court of law. The actions taken against this plaintiff could be making it impossible for her to secure legal counsel.

As the allegations stand, plaintiff will not seek sanctions under Federal Rule of Civil Procedure 11 (b) (3) but will seek an alternate forum for redress.

The Plaintiff in this action request that this court will review this motion and rule accordingly.

Respectfully submitted,

Gloria Brown, Pro Se Litigant
80 Seminole Street
Hyde Park, MA  02126
617-233-5465
Exhibit's A - B - C Included

### CERTIFICATE OF SERVICE

I, Gloria Brown, Pro Se Litigant, hereby certify that on September 11, 2007, I served this document by Certified Mail (7007 1490 0003 0398 4395) to KFC Corporation, through their counsel of record on August 9, 2007, L. Holland, Legal Management Services, LLC, 55 Hammarlund Way, Middletown, RI  02842.

*Exhibit A*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN,<br>Plaintiff<br><br>v.<br><br>YUM! BRANDS, INC., ET AL.,<br>Defendants | CIVIL ACTION<br>NO. 05-CV-11167-MBB |

### STIPULATION OF DISMISSAL OF DEFENDANTS YUM! BRANDS, INC., KFC OF AMERICA, INC. AND KFC NATIONAL MANAGEMENT, INC. ONLY

Plaintiff and defendants, by their attorneys, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), hereby voluntarily stipulate to the dismissal of defendants Yum! Brands, Inc., KFC of America, Inc., and KFC National Management, Inc. from this action. Yum! Brands, Inc., by its counsel, further stipulates that to the extent plaintiff obtains a final judgment that exhausts the assets and/or insurance of KFC Corporation, Yum! Brands, Inc. will satisfy the amount in excess of KFC Corporation's assets and/or insurance.

Respectfully submitted,

The Parties,
By their attorneys,

The plaintiff
By her attorneys

John N. Lewis
BBO# 298520
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA 02109
(617) 523-0777

The Defendants,
By their Attorneys,

Lawrence R. Holland
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

*Exhibit B*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLORIA BROWN, )<br>  Plaintiff )<br>  )<br>v. )<br>  )<br>  )<br>  )<br>KFC CORPORATION, )<br>  Defendant ) | CIVIL ACTION<br>NO. 05-CV-11167-MBB |

**DEFENDANT'S MOTION FOR AN ORDER FOR
PRODUCTION OF SOCIAL SECURITY ADMINISTRATION
RECORDS CONCERNING PLAINTFF**

Defendant KFC Corporation, by its attorneys, hereby move that the Court enter an order directing the Social Security Administration ("SSA") to produce all records requested in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the SSA by defendant. The grounds for this Motion are as follows:

1. In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and sustained injuries ("the alleged incident"). She alleges that she sustained a torn meniscus in her knee and a back injury. She further alleges that she has not been able to work since the day of the alleged incident, which was almost four years ago. In her supplemental interrogatory answers, which she only recently served on about July 25, 2006, plaintiff claims damages in the amount of $5,500,000. Prior to service of the supplemental interrogatory answers, which had been requested by defendant, plaintiff had not specified her damages claim.

2. Interrogatory No. 23 of defendants' interrogatories to plaintiff asked plaintiff whether she had "made any claim for, or been paid, disability benefits as a result

of the incident alleged in the Complaint" and to provide complete details of any such disability claims and/or payments. Plaintiff served her answers to defendant's interrogatories in February, 2006, and in response to Interrogatory No. 23, plaintiff answered "No". [handwritten: "Not True"]

3. During her deposition on May 11, 2006, plaintiff testified that she had in fact received disability payments from both her former employer and the SSA as a result of the injuries she claims in this action. [handwritten: "True But At Not Same Time"] After the deposition, defendant served subpoenas on plaintiff's former employer and the SSA seeking records concerning these disability claims. [A true and accurate copy of the Subpoena and attached Schedule A document request served on the SSA is attached hereto as Exhibit A]. As such, plaintiff's failure to accurately answer Interrogatory No. 23 caused an initial three month delay in defendant's obtaining of the SSA records concerning plaintiff. [handwritten: "LIAR"]

4. As a result of the foregoing, as well as plaintiff's late identification of additional physicians who treated her for her alleged injuries, after plaintiff's deposition, defendant filed a motion to extend the discovery period in this action, which was granted by the Court. The discovery period was extended until August 12, 2006.

5. Plaintiff is claiming that she suffers from severe depression as a result of the alleged incident. During her deposition, she testified that she has received disability payments from the SSA in the past as a result of prior episodes of depression. [handwritten: "LIE"] Quite obviously, if plaintiff suffers from chronic depression, this will impact her damages claim in this action. Accordingly, records concerning her prior disability claims to the SSA as a result of depression are highly relevant.

2

6.  Moreover, plaintiff made a disability claim to the SSA in connection with the alleged incident. Her medical records concerning the alleged incident reflect that the SSA terminated her disability payments in about 2003. As such, it appears that the SSA made a determination that plaintiff is not disabled. Here again, the records concerning this determination are highly relevant.

7.  In about June, 2006, the SSA informed defendant's counsel that it would not produce records concerning plaintiff pursuant to defendant's subpoena without a release authorization signed by plaintiff or an order of this Court. Defendant's counsel chose to attempt to go the route that did not involve taking up any of this Court's time. Specifically, on June 27, 2006, defendant's counsel forwarded by email to plaintiff's attorney, Lawrence Mehl, a SSA release for plaintiff's signature. A copy of the release is attached hereto as Exhibit B. The release provided for production of the records to defendant's attorney and included a request for medical records concerning plaintiff. Attorney Mehl stated that he would have plaintiff sign the release as soon as possible. See Exhibit B.

8.  On July 31, 2006, more than a month after defendant had emailed Attorney Mehl the SSA release, defendant's counsel received a letter from Attorney Mehl. The letter enclosed releases directed to certain physicians who provided medical treatment to plaintiff which defendant's counsel had previously sent to Attorney Mehl for plaintiff's signature. The SSA release was not enclosed. Rather, the letter requested the address to which the SSA release was to be sent so that Attorney Mehl could send it directly.

3

9. After receiving Attorney Mehl's letter, defendant's counsel contacted Attorney Mehl and requested that he forward the SSA release to defendant's counsel as he had done with the numerous releases directed to plaintiff's physicians that defendant's attorney had requested plaintiff to sign throughout this action. Attorney Mehl stated that he had withheld the SSA release and offered to send it directly to the SSA as "a favor" to defendant's counsel, but he eventually agreed to forward the release to defendant's counsel.

10. Defendant's counsel received the SSA release from Attorney Mehl on August 21, 2006. A true and accurate copy of the release is attached hereto as Exhibit C. The release had been altered by Attorney Mehl in two material respects. First, it provided for production of the records to Attorney Mehl rather than to defendant's counsel even though defendant's counsel had issued the subpoena requesting the records. Second, the release provided by Attorney Mehl did not authorize production of medical records as the release that defendant's counsel had forwarded to Attorney Mehl did. See Exhibit C.

11. Attorney Mehl has stated that the failure of the SSA release that he forwarded to defendant's counsel to authorize production of medical records was inadvertent, and defendant accepts his explanation in this regard. Nonetheless, if defendant's counsel had not requested that the release be returned to him instead of forwarded directly to the SSA by Attorney Mehl, the release forwarded to the SSA would not have authorized production of the medical records.

12. At no point between the time that defendant's counsel forwarded the SSA release to Attorney Mehl on June 27 and defendant's counsel's receipt of the SSA release

4

from Attorney Mehl on August 21 did Attorney Mehl inform defendant's counsel that he intended to alter the release to authorize production of the documents to him and not defendant's counsel. Further, after defendant's attorney noticed the changes in the SSA release and contacted Attorney Mehl, in an email on August 22, Attorney Mehl stated that he had not offered to send the release directly to the SSA as a favor to defendant's counsel as he had originally represented, but rather because he thought that the records might be detrimental to plaintiff's case, so he wanted to see them first. See Exhibit D. He further informed defendant's counsel that if defendant's counsel wanted to obtain a copy of the records directly from the SSA pursuant to defendant's counsel's subpoena, defendant's counsel would have to file a motion seeking an order from the Court directing the SSA to produce the records. See Exhibit C. He also indicated that he would not oppose such a motion. See Exhibit C. Finally, at no time prior to August 22, 2006, did Attorney Mehl inform defendant's counsel that plaintiff would not sign the release that defendant's counsel had forwarded to him two months earlier. [handwritten: signed 7/23/06]

[handwritten annotation in margin: NOT TRUE]

13.    Attorney Mehl could have satisfied his desire to obtain copies of the records directly from the SSA and to see them first by sending a SSA release to the SSA months ago, and it is quite apparent that his insistence that defendant file this Motion was designed to afford him time to belatedly do so. Indeed, as he is plaintiff's representative, he does not have to issue a subpoena to obtain copies of the records. Alternatively, he could have altered the release forwarded to him by defendant's counsel to authorize release of the records to both him and defendant's counsel.

14.    Defendant's counsel also has a desire and a right to obtain copies of the documents directly from the SSA, and he issued a subpoena in order to do so. Even

though plaintiff is claiming $5.5 million in damages in this action, plaintiff's attorney has failed and refused to provide defendant's counsel with an appropriate SSA release. Moreover, he did not inform defendant's counsel that he would not do so until two months after defendant's counsel sent him the SSA release.

15. Defendant is anxious to schedule IME's of plaintiff, but it cannot do so until it obtains the records from the SSA concerning plaintiff's depression and other medical records in the possession of the SSA as they may well impact the opinions of defendant's IME's. Defendant regrets having to take up the Court's time with the foregoing history of its efforts to obtain the SSA records, but was compelled to do so in light of the upcoming final status conference given that it may need to conduct some follow-up discovery after it finally obtains the SSA records and still needs IME's of plaintiff.

WHEREFORE, defendant respectfully requests that this Court grant its instant Motion, and enter an order directing the Social Security Administration to produce all records requested in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the Social Security Administration by defendant.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, Lawrence Mehl, Esq., by electronic mail on August 21 and 22, 2006 in a good faith effort to resolve or narrow the issues raised by this Motion. We were able to narrow the issues insofar as Attorney Mehl indicated that he would not oppose defendant's request for issuance of an order by the Court directing the Social

Security Administration to produce records to me in response to the Schedule A

document request

attached to the Subpoena dated May 16, 2006 served on the SSA by defendant.

                Respectfully submitted,

                Defendant,
                By its Attorneys,

                Lawrence R. Holland, Esq.
                BBO# 554839
                Legal Management Services, LLC
                55 Hammarlund Way
                Middletown, RI 02842
                (401) 843-8400

Dated: August 23, 2006

## CERTIFICATE OF SERVICE

    I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

_____
Lawrence R. Holland

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*Exhibit C*

| | |
|---|---|
| GLORIA BROWN, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 05-CV-11167-MBB |
| ) | |
| KFC CORPORATION, ) | |
| Defendant ) | |

**DEFENDANT'S MOTION FOR AN ORDER COMPELLING
PLAINTIFF TO EXECUTE AND PROVIDE TO DEFENDANT A
SOCIAL SECURITY ADMINISTRATION CONSENT
FOR RELEASE OF INFORMATION**

Defendant KFC Corporation, by its attorneys, hereby moves that the Court enter an order compelling plaintiff to, within ten days of the Court's allowance of this Motion, execute and provide to defendant's attorney a Social Security Administration ("SSA") Consent for Release of Information in the form attached hereto as Exhibit A authorizing the SSA to release to defendant's attorney all records requested in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the SSA by defendant. The grounds for this Motion are as follows:

1.  In this action, plaintiff alleges that on June 21, 2002, she fell at the KFC restaurant located at 625 American Legion Highway, Roslindale, Massachusetts and sustained injuries ("the alleged incident"). She alleges that she sustained a torn meniscus in her knee and a back injury. She further alleges that she has not been able to work since the day of the alleged incident, which was almost four years ago, and that she suffers from mental injuries as a result of the incident. Finally, plaintiff claims damages in the amount of $5,500,000.

2. During her deposition in this action, plaintiff disclosed that she had received SSA disability payments in connection with the injuries she alleges in this action as well as on at least two other occasions in the past. The past instances of disability payments were due to mental conditions. Defendant has attempted for several months now to obtain the SSA records concerning plaintiff's disability claims, and its efforts in this regard are detailed at length in Defendant's Motion for an Order for Production of Social Security Records Concerning Plaintiff ("Defendant's Motion for an Order for Production"), which was previously allowed by the Court. A true and accurate copy of the subpoena with attached Schedule A document request that defendant served on the SSA is attached hereto as Exhibit B.

3. Defendant served the SSA with the Court's Order allowing Defendant's Motion for an Order for Production shortly after the Order was issued by the Court. As is reflected by a letter filed with the Court by the SSA, the SSA takes the position that it is not required to produce the documents in response to the Court's Order, and that it will only produce the documents in response to a SSA Consent for Release of Information signed by plaintiff. This position differs from what defendant's counsel previously understood the SSA to state, but, in any event, at this point, the matter can easily be resolved by plaintiff's provision of the SSA Consent for Release of Information.

4. Plaintiff's counsel will not provide a SSA Consent for Release of Information to defendant's counsel. Plaintiff's counsel takes the position that the records should not be produced to defendant's counsel until after they are first reviewed by this Court. Plaintiff's counsel asserts that such a review is necessary to protect plaintiff's privacy.

2

5.   Defendant's counsel sees no need for this Court to review the SSA records and believes that would be a completely unnecessary use of this Court's valuable time. Any privacy concerns can be addressed by a reasonable confidentiality agreement, which defendant's counsel is willing to sign.

6.   Further, it is altogether unclear exactly what plaintiff's counsel expects this Court to do. Records concerning plaintiff's disability claim in connection with this incident and past claims of disability due to mental conditions are clearly relevant. Moreover, the discovery standard is much broader than relevance and encompasses documents which are reasonably likely to lead to the discovery of other relevant evidence. Without an in depth knowledge of the depositions, medical records and documents that have already been produced in this action as well as a similar degree of knowledge of the injuries plaintiff alleges in this action and the treatment that she has received, a reasoned determination by this Court that particular documents contained in the SSA file should not be produced is simply not possible. Here again, there is absolutely no need for the Court to engage in this document by document review of what is believed to be a rather voluminous file because plaintiff's putative concerns can be addressed by a confidentiality agreement.

WHEREFORE, defendant respectfully requests that this Court grant its instant Motion, and enter an order compelling plaintiff to, within ten days of the Court's allowance of this Motion, execute and provide to defendant's attorney a Social Security Administration ("SSA") Consent for Release of Information in the form attached hereto as Exhibit A authorizing the SSA to release to defendant's attorney all records requested

in the Schedule A document request attached to the Subpoena dated May 16, 2006 served on the SSA by defendant.

### LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Lawrence R. Holland, Esq., hereby certify that prior to filing this Motion, I conferred with plaintiff's counsel, John Lewis, Esq., on several occasions in a good faith effort to resolve or narrow the issues raised by this Motion. We were able to narrow the issues insofar as the sole remaining issue is whether this Court should first review the SSA records prior to their production to defendant's counsel.

Respectfully submitted,

Defendant,
By its Attorneys,

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: September 29, 2006

### CERTIFICATE OF SERVICE

I, Lawrence R. Holland, Esq., certify that I understand that counsel of record will receive electronic notice of the electronic filing of the foregoing Motion and will receive service in that fashion.

*[signature]*
Lawrence R. Holland