UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLORIA BROWN

    Plaintiff,

V.                                    Civil Action: 05-cv-11167 (MBB)

KFC CORPORATION

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM OF LAW IN SUPPORT OF

MOTION TO RECUSE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLORIA BROWN

    Plaintiff,

V.                                    Civil Action: 05-cv-11167 (MBB)

KFC CORPORATION

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RECUSAL OF MAGISTRATE JUDGE

## MARIANNE B.BOWLER

NOW COMES the plaintiff Gloria Brown, pro se, to respectfully

move Magistrate Judge Marianne B. Bowler, to recuse herself from

Civil Action 05-cv-11167.

Respectfully submitted,

Gloria Brown, Pro Se
80 Seminole Street
Hyde Park, MA  02136
617-233-5465

March 12, 2008

## CERTIFICATE OF FACTS IN PLAINTIFF'S KNOWLEDGE

I HEREBY CERTIFY that the events related in the **STATEMENT OF FACTS** in

plaintiff's **MOTION FOR RECUSAL OF MAGISTRATE JUDGE MARIANNE B. BOWLER**

are in the personal knowledge of the pro se plaintiff

Date: March 12, 2008

Glória Brown, Pro Se
80 Seminole Street
Hyde Park, MA  02136
617-233-5465

-i-

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that this **MOTION FOR RECUSAL OF MAGISTRATE JUDGE**

**MARIANNE B. BOWLER** is made in good faith, and in the honest

belief that Judge Bowler should be disqualified from this action

under 28 U.S.C 455(a) and 455(b).

Gloria Brown, Pro Se
Civil Action 05-cv-1116⁻
80 Seminole Street
Hyde Park, MA   02136

March 12, 2008

-ii-

# TABLE OF CONTENTS

INTRODUCTION............................................................................1.

STATEMENT OF FACTS ...........................................................2.

ARGUMENT ...............................................................................5.

    I.     Magistrate Judge Case Assignment

    II.    District Court Lacks Jurisdiction To Adjudicate 05-11167

    III.   Failure To Rule In Matter Under Advisement
          Over 155 Days

    IV.   Sealing of Jury Note Showing Numerical
          Division

    V.    Plaintiff Denied Access To The Court

    VI.   Improper Statements

    VII.  Failure To Assist Plaintiff in Redacting Personal
          Sensitive Information Held in Pacer System

    i.    Certificate of Good Faith
    ii.   Certificate of Facts in Plaintiff's Knowledge

Conclusion                              13.

## INTRODUCTION

Section 455(a), (b) of Title 28 of the United States Code, requires a federal magistrate judge to disqualify herself "in any proceeding in which her impartiality might reasonably be questioned". Magistrate Judge Bowler should disqualify herself from the present case for seven reasons, all of which bring her impartiality into question.

First, cases assigned to magistrate judges are to be assigned by Article III District Judges, in this case, the case was assigned by a deputy clerk of the court. As this case was not assigned by a District Judge a reasonable person would question the integrity of the case assignment process and whether this case was assigned in violation of local rule 73, which states, **"All U.S. Magistrate Judges are designated and empowered to exercise the powers and perform the duties prescribed by (28 USC 636 a, b, and c,) when assigned to them by a <u>judge</u> of this court or by these rules".**

Second, the District Court lacks jurisdiction to adjudicate this case. There is no diversity between plaintiff a citizen of this commonwealth and defendant corporation in this matter. Plaintiff's injuries arise under Massachusetts General Law. Diversity fails when defendant Yum was removed.

Third, magistrate judge Bowler took under advisement the matter of plaintiff being granted a new trial specifically, due to improper, prejudicial statements made in closing argument by defense counsel. Comments made to the jury that, among other things, **"Plaintiff was pulling a scam and that plaintiff had asked his company for millions of dollars".** Defense counsel's remarks amounts to misconduct.

-1-

Fourth, on page 28 of the jury instructions in this case, jurors were instructed not to show numerical division at anytime. Jury note showing numerical division and name of dissenting juror sealed. Also, there is a subsequent juror note of apology entered into the record of this trial. As the plaintiff was strategically kept from the courtroom for the jury's questions and answers, plaintiff questions the integrity of the events surrounding the questions from the jury and information given to the jury in response to their questions by magistrate judge Bowler. These notes give the appearance of impropriety.

Fifth, plaintiff placed a Memorandum of Law and Civil Action 05-11167 with the court on December 28, 2007, as of this date (March 12, 2008) plaintiff's motion has not been posted. Plaintiff believes she has a right to contact the court, especially in trying to correct a wrong. Judge Bowler's actions are questionable.

Sixth, at the close of the jury trial on August 9, 2007, magistrate judge sent a warning to the plaintiff, through her former attorney, "**Not to contact the jurors**". Plaintiff believes this statement was made as a direct result of judge Bowler relying on perjured, defaming testimony by defense attorney Holland. Another statement made near the close of the trial was improper.

Finally, as the plaintiff concerned that private, sensitive information regarding her had been placed in the public view, plaintiff telephoned Judge Bowler's chambers in August, and by motion to the court, to ask that that information, placed in the public view against the Privacy Act, The Social Security Number Act and the E-Government Act of 2004, be redacted. Plaintiff's request, to this day goes un-noticed.

-2-

On February 27, 2008, after another round of calls that appear to be associated with the identity theft plaintiff is facing, plaintiff called again to Judge Bowler's chambers, spoke with M. Duffy and was told that judge Bowler was on vacation and that *they* didn't put my information in the Pacer System and that *they,* the court, had other cases that they are dealing with, and that my case is not the only one the Judge Bowler has.

## STATEMENT OF FACTS

1. On June 21, 2002, plaintiff sustained severe and disabling injuries in a fall on defendant KFC's property.

2. On May 19, 2005, plaintiff's former attorney filed suit against defendant in Suffolk Superior Court under the parent company, Yum Brands, Inc. Which plaintiff's injuries arise under Massachusetts General Law.

3. Defendant YUM promptly moved this case from Suffolk Superior Court to the Federal District Court on grounds of diversity of citizenship.

4. The Deputy Clerk of the court assigned this case to the Magistrate Judge, against F.R.C.P. 73.

**Exhibit 1 - Consent To The Exercise Of Jurisdiction by a U.S. Magistrate Judge**

5. Under Federal Rule of Civil Procedure, the real party at interest emerged as KFC. An Affidavit as to the separate entities of KFC and Yum Brands, Inc., demonstrated that KFC could be sued in State Court as there were no diversity issues for the court to adjudicate, no federal question, and that YUM! Is not a party to this case, thus in this case, diversity fails on the following:

**Exhibit 2 Affidavit of Linda Gregg;**

**Exhibit 3 Stipulation of Dismissal of Defendant Yum; and,**

**Exhibit 4 Defendant's Stipulation as to Liability**

6. Magistrate Judge Bowler issued a subpoena for plaintiff's SSA records based on perjured damaging information and though defendant placed the information electronically, showing plaintiff's social security number and other identifying information, the court will not assist this plaintiff in redacting. **Exhibit 5**

-4-

7. At the close of Civil Action 05-cv-11167, magistrate judge Bowler commented and warned plaintiff, through her attorney, that plaintiff should not contact the jurors in this case. This statement was a direct result of the bias toward plaintiff created by defense counsel's statements. Further, another remark was made on the record about, "Anyone In the court making an outburst when the verdict is read". Since this was not a murder trial, there was no need for such a statement being made.

8. On August 16, 2007, plaintiff began reviewing and copying documents associated with this case and subsequently, was hospitalized after reading what was written about her by defendant.

9. Plaintiff, in returning to the district court, noticed the juror note showing numerical division had been sealed, possibly hiding the fact that a mistrial should have been ordered.

10. Plaintiff placed with the court a Memorandum of Law on December 28, 2007, this motion appears to be missing. Plaintiff also mailed to the defense attorney a copy of the Memorandum of Law and defendant is not required to answer what he does not see. **Exhibit 5**

-5-

# ARGUMENT

### I. MAGISTRATE JUDGE ASSIGNMENT CASE PROCESS.

Under Local Rule 73., **All U.S. Magistrate Judges are designated and empowered to exercise the powers and perform the duties prescribed by 28 U.S.C. 636 a, b, and c, when assigned to them by a *judge* of this court**.

In reviewing the **Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction, Consent to the Exercise of Jurisdiction by a United States Magistrate Judge**. **The Order of Reference** on this document, was signed on July 14, 2005, by the deputy clerk of the court, in place of Mark L. Wolf, United States District Judge. The consent for the magistrate judge to conduct proceedings in this case is void as the deputy clerk of the court does not have signing authority for Mark L. Wolf, Article III, District Judge. As signatures on a document with such magnitude, designed for the United States District Judge, should be signed by the proper authorized position, plaintiff is not sure that United States District, Judge Mark L. Wolf authorized the magistrate to conduct this trial. Therefore, it appears that this improperly signed document voids all proceedings in this trial. Either congress bestowed signing authority on a deputy clerk or it didn't. Plaintiff has researched Article III District Judge duties and responsibilities of the deputy clerk of the court and they are not interchangeable.

## II  DISTRICT COURT LACKS JURISDICATION TO ADJUDICATE THIS CASE

Plaintiff's action against defendant KFC, arises under Massachusetts General Law. As plaintiff's former

attorney filed this action in Suffolk Superior Court naming Yum Brands, Inc. (28 U.S.C. 1359) as the

defendant, without plaintiff's knowledge, Yum Brands, Inc. moved this case to the Federal District Court

on the grounds of diversity of citizenship.

Careful review of documents associated with this case identifies Yum Brands, Inc. as a separate entity than

that of KFC. **(Exhibits 2, 3 and 4)**

Further, in Paragraph 6., attached as Exhibit 2 , Yum Brands, Inc.'s affidavit by Linda J. Gregg, shows

the distinct separation of the Owner and the Subsidiary. Paragraph 11 states further, "At no time has

YUM Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the

owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale, MA.

KFC Corporation, a corporate citizen in the Commonwealth of Massachusetts which avails itself of the

laws and benefits of the Commonwealth of Massachusetts; licensed to do business in the Commonwealth of

Massachusetts; does a constant, systemic and financially profitably business in the Commonwealth of

Massachusetts and in the plaintiff's community and that defendant has caused injury to a citizen of the

Commonwealth of Massachusetts, known to all in plaintiff's community and elsewhere as KFC, brings this

corporation under Massachusetts General Law.

It is evident that Yum had nothing to do with the injuries plaintiff sustained in the fall on KFC's property

on June 21, 2002. This plaintiff questions why this case was allowed to remain in the District Court and

moves this court to remand immediately. It is plaintiff's belief that magistrate judge Bowler held

proceedings in a case that was in the District Court improperly. Here, plaintiff questions judge Bowler's

impartiality that it may be seen to not promote public confidence in the integrity of the judicial system.

-7-

## III. CASE TAKEN UNDER ADVISEMENT NOT RULED ON IN OVER 150 DAYS

As defense attorney made prejudicial statements to the jury in his closing argument, plaintiff and plaintiff's former attorney placed motions before the court. Plaintiff outlined the statements made by the defendant, through counsel, such as, **"Plaintiff is running a Scam, Plaintiff has asked his Corporation for Millions of Dollars and Plaintiff had hit the Lottery, when she fell".** According to defendant's own witness, plaintiff was severely injured in the fall on defendant's property and that plaintiff is indeed still injured and unable to walk upstairs and walk more than 50 feet unassisted since the accident on June 21, 2002. Either defense attorney's statements are prejudicial, or they are not. It is quite clear that magistrate judge Bowler will not rule against attorney Holland and her actions show a bias toward this plaintiff. Magistrate Judge Bowler's actions are questionable and appear improper.

## IV. SEALING OF JURY NOTE SHOWING NAME AND NUMERICAL DIVISION Exhibit 6, 7

As plaintiff was strategically kept from the proceedings by her attorney, plaintiff is unaware as to the question or questions posed to the Judge. As plaintiff had a copy of the juror note in hand when she left the court on August 9, 2007, judge Bowler's actions, in sealing the jury note is questionable. On Page 28 of the jury instructions, the jury was told not to show name or numerical division, it appears that not only did certain jurors deliberate during the trial, sealing of the note is to hide something improper. As it would appear that perhaps the jury was deadlocked, could it be possible that someone told the jury what verdict to reach?

Further, during plaintiff's testimony, juror #6 found all of the plaintiff's testimony extremely funny and during defense counsel's closing argument, juror #6 agreed with defense attorney in the affirmative when the statements, "Plaintiff was running a Scam" was said and only shook his had negatively when defense stated that, "Plaintiff had asked for Millions of Dollars". Surely, juror #6 is the juror in question on jury note 1.

From an outsiders view. perhaps this same juror that deliberated during the trail, made up his mind long before entering the jury room. The sealing of the jury note, to an outsider, reveals something improper has been done in this trial. Plaintiff is the only person with any interest in this case and I have the note in my possession, why the need for Judge Bowler to seal it. It gives, the appearance of improper behavior by Judge Bowler.

If this process was so hard on the jury after speaking with Judge Bowler, how could they have rendered a decision within such a short timeframe after speaking with the court? Someone apparently spoke with and sounds like admonished the jury, and since plaintiff was strategically kept from the courtroom. and upon hearing the verdict, I feel very strongly that something improper happened regarding both notes.

Further, in 2006, plaintiff and defendant attended a session with an arbitrator, it is extremely ironic that the jury would reach the same conclusion that the arbitrator did even without the arbitrator seeing any medical evidence, reading any reports on plaintiff's injuries, that she continues to suffer from. Of course, the jury did add one additional dollar. Is it not impossible for someone to have given them the figure, after seeing what else has transpired in this case there is the appearance of impropriety.

## V. PLAINTIFF DENIED ACCESS TO THE COURT (455 b) Exhibit 8

On December 28, 2007, plaintiff filed with the court a Memorandum Of Law in Support of Remand. Seventy-one days later, this document has not been placed in the Pacer System for defendant to answer. It appears that plaintiff is being denied access to the courts which is further causing a hardship for this plaintiff. Again, the court is acting improperly. Here, the defendant can not answer what he can not see. Whether the memorandum of law is written by someone with a law degree or by this plaintiff's 90 days learning parts of the law, this document should have been treated as a legal document and posted.

-9-

The disappearance of plaintiff's motion appears improper.

Plaintiff has asked for a copy of the **jury verdict form**, the court says they don't have it. Plaintiff asked the court for a copy of a stipulation that plaintiff's former attorney says forbid him from asking questions regarding my injuries, the court does not have that stipulation. The plaintiff's public file has not been available since August of 2007. The fact that the file is not in the public view is questionable. If, as I have been told, Magistrate judges do not place their files with the clerk of the court, it is plaintiff's contention that that file will be missing if not missing already. As the court realizes that I want to see this file it appears improper that I have not been able to view the documents in this file.

## VI. IMPROPER STATEMENTS REGARDING PLAINTIFF'S CHARACTER (455 b).

At the close of the trial held on August 9, 2007, Judge Bowler made a statement that this plaintiff "Should not call the Jurors", and prior to reading the jury verdict, Judge Bowler made another statement that seemed more for a murder trial than a mere civil action.

First, the statement made by Judge Bowler was made to harass this plaintiff as Judge Bowler relied upon information she read in defense attorney's perjured documents (Document 43 and 45 with the court). As I have brought attorney Holland's actions into question, judge Bowler refuses to rule on his committing perjury in motions before the court, rather she shows her bias toward this plaintiff in making a statement that attacks plaintiff's character.

Next, prior to reading the jury verdict, Judge Bowler made a statement that, "No one should disrupt the court when she reads the verdict". Plaintiff was in court alone and the statement was made by Judge Bowler knowing that the jury verdict was based on prejudice and not on the weight of the evidence in this case. Judge Bowler's comments in this case show a bias toward this plaintiff.

-10-

## VII.   THE COURT REFUSES TO AID PLAINTIFF IN REDACTING SENSITIVE
## INFORMATION (455b)   43-3

In an act of retaliation against the plaintiff, by the defendant, plaintiff's social security number, date of birth, **MINOR** granddaughter's name, address, and telephone number, has been placed on the internet through the Pacer System. As this is an extremely outrageous action against the plaintiff and her family, it is a violation of the Social Security Number Act 552a, The Privacy Act and the E-Government Act of 2004 and the Children's On-Line Protection Policy.

The court refuses to assist the plaintiff in removing or redacting this sensitive information. Even with a letter from the SSA to judge Bowler reminding her of the confidentiality of this information, judge Bowler refuses to redact this information from the public view. The plaintiff placed a motion before the court asking that the court lend a hand in redacting her sensitive information and called Judge Bowler's chambers as late as February 27, 2008, for assistance, and was told that, "Judge Bowler was on vacation (may or may not be true) and that the court has other cases, they will get to mine!". For whatever reason, it appears Judge Bowler has a bias against me. I have no way to redact this information without the aid of the court, and why I should be denied assistance surely has something to do with this plaintiff asserting her rights to remand 05-11167 back to State court. **Exhibit 5 & 9**

Judge Bowler commented during the hearing on September 27, 2007 that she will not entertain any of this plaintiff's motions until she rules on the New Trial motions entered by the defense and plaintiff's former attorney, and that it appears that the plaintiff could continue to face severe identity theft while waiting for a ruling. Judge Bowler's actions appear improper. If it is against government rules to publish a person's sensitive identifying information, it should be a violation to, when you can redact it, leave it in the public view.

-11-

Plaintiff and her family have suffered immensely with problems of identity theft and cannot understand Judge Bowler's refusal to aid or respond. As I have never had any dealings with any courts and neither has any of my family members, after what has happened in this case, I have no problem now understanding why people spend years in jail for crimes they have not committed.

## CONCLUSION

Magistrate Bowler's actions toward this plaintiff, not only discriminatory, are also illegal. That a United States Magistrate Judge would go so far as to adjudicate a case that she has no authority to preside over, is outrageous and intolerable. Whether Judge Bowler looks the other way because defense counsel is an attorney or for some other prejudicial motive, this plaintiff has not had a fair or honest trial.

The Fourteenth Amendment declares that a State may not deprive any person of life, liberty or property without due process of law. Included within the rights protected by the Due Process Clause is a limit on where a defendant can be required to defend a lawsuit. In this case, the defendant should answer in State Court as opposed to making this a federal case. The defendant is held responsible under State law claims because of the personal jurisdiction over the defendant by the State in which he, under the name of KFC, transacts business within the state, does a constant, systemic, and financially profitable business in this state, and has committed a tortious act within this state, under the name of KFC.

Judge Bowler is aware that attorney Holland has fraudulently altered plaintiff's deposition and committed the act of perjury. Further, during closing argument made by attorney Holland, he stated that, "Plaintiff Was Wasting The Jury's Time". Attorney Holland's closing arguments were highly inflammatory and overkill on quantity, which in plaintiff's view, amounted to misconduct and that his conduct denied the plaintiff a fair trial and a just verdict, as there is no other reasonable explanation for the verdict other than prejudice.

-13-

Judge Bowler, now shields this attorney by failing to rule on the matter stagnant before the bench. Judge Bowler, aware of the motions placed before this court regarding attorney Holland's actions, is a clear indication that Judge Bowler is in violation of 455a, 455(b) (1).

In addition to defense counsel making false and perjured statements that have been viewed by all, his statements impair this plaintiff in obtaining legal assistance. As the Court is aware that Yum was removed from this case, documentation in the court records, fails to show that KFC is the defendant in this action. Two attorneys that I have contacted have informed me that KFC is not the defendant in this action, and that they are unable to assist me as Yum would fall under the diversity of citizenship claim.

Judge Bowler's actions show a definite prejudice toward this plaintiff and partiality toward the defendant and defense counsel. **Exhibits 10, 11 and 12\*.** That a judge would deny a plaintiff access to the court is a constitutional violation of this plaintiff's rights.

Based on information provided by way of this Motion for Recusal, I respectfully ask Judge Bowler to recuse herself from Civil Action 05-11167 under Federal Rules of Civil Procedure 455 (a) and 455 (b).

-14-

Respectfully submitted,

Gloria Brown, Pro Se
80 Seminole Street
Hyde Park, MA 02136
617-233-5465

*Plaintiff's signature, this date, on this document, is a declaration*

*that all statements made herein are true and signed under pains of*

*penalty for perjury this 12th day of March 2008.*

*Exhibit 12 -Plaintiff, concerned with the integrity of this court, is denied due process in filing this motion with the court.

Exhibit 13 - Is presented to the court to demonstrate that Judge Bowler knew that defense attorney Holland made false statements to the court in Document 45, specifically. Judge Bowler was given information about false statements in Plaintiff's Motion to Vacate (9/13/07) Exhibit 10.

Exhibit 14 - Is presented to show that attorney placed information with Judge Bowler that has led to the bias toward this plaintiff.

Exhibit 15 - (Paragraph 3) Is presented to show that there is a bias toward this plaintiff by Judge Bowler's remark about plaintiff calling the jurors.

-15-

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United Sta

# EXHIBIT 1

## UNITED STATES DISTRICT C

For the                    District of          **Massachusetts**

Gloria Brown

Plaintiff

V.

Yum! Brands, Inc. and LOJON Property II, LLC

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:   05-11167-MLW
SCANNED

DATE: _7-13-05_

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| Gloria Brown | | July 12, 2005 |
| Yum! Brands, Inc. & Lojon Property II, LLC | | July 9, 2005 |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _M.J. Bowler_
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_7/14/05_
Date                    United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT **ONLY IF** ALL PARTIES HAVE CONSENTED
ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# EXHIBIT 2

2 PAGES

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | Civil Action No.: 05-11167MLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YUM! BRANDS, INC. AND LOJON | ) | AFFIDAVIT |
| PROPERTY II, LLC | ) | |
| | ) | |
| Defendants. | ) | |

STATE OF KENTUCKY
COUNTY OF JEFFERSON

PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned authority in and for the above named jurisdiction, *Linda J. Gregg,* who, after being first duly sworn, stated upon her oath as follows:

1.  My name is *Linda J. Gregg* and I have personal knowledge of the matters and things stated in this affidavit.

2.  I am Assistant Secretary for YUM! Brands, Inc. I am fully familiar with the corporate structure of YUM! Brands, Inc., the type of business in which it is involved, and its relationship to KFC of America, Inc. and KFC Corporation.

3.  KFC of America, Inc. was and KFC Corporation is a wholly-owned subsidiary of YUM! Brands, Inc. However, YUM Brands, Inc. is and has been a separate and distinct corporate entity from KFC of America, Inc. and KFC Corporation.

4.  YUM! Brand, Inc. is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY.

5.  KFC of America, Inc. was a California corporation with its principal place of business in Louisville, Kentucky and was, on December 31, 2002 merged into KFC

Corporation, a Delaware corporation with its principal place of business in Louisville, Kentucky.

6.      The management of YUM! Brands, Inc. is and was separate and distinct from that of KFC of America, Inc. and KFC Corporation. YUM! Brands, Inc. conducts and conducted separate directors' meetings from those of KFC of America, Inc. and KFC Corporation and has separate directors and employees.

7.      YUM Brands, Inc.'s assets are and were distinct from those of KFC of America, Inc. and KFC Corporation and each corporation is responsible for its own assets and liabilities.

8.      YUM! Brands, Inc. is not a retailer selling KFC food products.

9.      YUM! Brands, Inc. does not directly own any KFC restaurants in the State of Massachusetts.

10.     YUM! Brands, Inc. did not and does not exercise control over the day-to-day activities of KFC of America, Inc. or KFC Corporation.

11.     At no time has YUM! Brands, Inc. operated, managed, controlled, conducted, maintained or supervised the premises, the owners or the employees of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA or any other location in the State of Massachusetts.

12.     On June 21, 2002, the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA was owned and operated by KFC of America, Inc.

13.     With the merger of KFC of America, Inc. into KFC Corporation on December 31, 2002, KFC Corporation became the owner and operator of the KFC restaurant located at 625 American Legion Highway, Roslindale (Boston), MA.

14.     The premises at 625 American Legion Highway, Roslindale (Boston), MA was transferred by KFC Corporation to LOJON PROPERTY II LLC on August 15, 2003.

FURTHER AFFIANT sayeth not.

Linda J. Gregg
YUM! Brands, Inc.
ITS: Assistant Secretary

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-11167-MBB |
| | ) | |
| YUM! BRANDS, INC., ET AL., | ) | |
| Defendants | ) | |

## STIPULATION OF DISMISSAL OF DEFENDANTS
## YUM! BRANDS, INC., KFC OF AMERICA, INC.
## AND KFC NATIONAL MANAGEMENT, INC. ONLY

Plaintiff and defendants, by their attorneys, pursuant to Fed. R. Civ. P.

41(a)(1)(ii), hereby voluntarily stipulate to the dismissal of defendants Yum! Brands,

Inc., KFC of America, Inc., and KFC National Management, Inc. from this action.  Yum!

Brands, Inc., by its counsel, further stipulates that to the extent plaintiff obtains a final

judgment that exhausts the assets and/or insurance of KFC Corporation, Yum! Brands,

Inc. will satisfy the amount in excess of KFC Corporation's assets and/or insurance.


Respectfully submitted,

The Parties,
By their attorneys,

The plaintiff
By her attorneys

John N. Lewis
BBO# 298520
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA  02109
(617) 523-0777

The Defendants,
By their Attorneys

Lawrence R. Holland
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN, | ) | **EXHIBIT 4** |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 05-CV-11167-MBB |
| | ) | |
| KFC CORPORATION, | ) | |
| Defendant | ) | |

## DEFENDANT'S STIPULATION AS TO LIABILITY ON
## PLANTIFF'S CLAIM FOR NEGLIGENCE

Defendant KFC Corporation, the sole remaining defendant in this action, by its

attorneys, hereby stipulates as to liability on plaintiff's negligence claim. Defendant

disputes all other issues in this case, including plaintiff's injuries, proximate causation

and the amount of plaintiff's damages.

Respectfully submitted,

Defendant,
By its Attorneys,

Lawrence R. Holland, Esq.
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400

Dated: March 7, 2007

UNITED STATES DISTRICT COURT ~~CLERKS OFFICE~~ FILED
DISTRICT OF MASSACHUSETTS

2007 SEP 19 ⊃ 3: 10

Gloria Brown
        Plaintiff,
    v.

**EXHIBIT 5**

~~7 PAGES~~

U.S. DISTRICT COURT
CIVIL ACTION NO. MASS.
05-11167-**MBB**

KFC Corporation
        Defendant.

## MOTION TO REDACT OR REMOVE
## INFORMATION IN THE PACER SYSTEM

433

The plaintiff in the Civil Action listed above requests this court to redact or remove sensitive, identifying, information entered into the pacer system without her knowledge, This information has been placed in the Pacer System in violation of the Privacy Act of 1974 (U.S. Code 5), and the Social Security Number Privacy Act of 2004.

As it is the opinion that this information was placed in the court records without regard to plaintiff's privacy or plaintiff as a person, and done so maliciously, plaintiff will contact all involved to ensure that this act does not continue.

It is plaintiff's contention that, since the court is now the keeper of the records placed therein, I would ask that the court make every effort to assist this plaintiff in preserving what is left of her identity.

Respectfully submitted,

Gloria Brown, Pro Se Litigant
80 Seminole Street
Hyde Park, MA  02136
617-233-5465

# EXHIBIT 6

Mr. Duffy

we are at a 6-1
vote ... what do
I do?!

████ will not agree

Cara Feeney

Juror Note #1
8/9/2007

**EXHIBIT 7**

Dear Judge Bowler,

I apologize for that note, I thought that Mr. Duffy would review it and give guidance. I feel awful for that note, it was a lack of responsibility on my part; it is just a trying process and it's difficult to reach a complete decision. Please forgive my lack of consideration.

Sincerely,
Cara Feeney

Juror Note #2
8/9/2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

# EXHIBIT 8

2007 DEC 28  ⊃ 2: 48

4 Pages

GLORIA BROWN
PLAINTIFF,

U.S. DISTRICT COURT
DISTRICT OF MASS.

V.

CIVIL ACTION

KFC CORPORATION
DEFENDANT.

NO.  05-CV-11167MBB


### MEMORANDUM OF LAW

### IN SUPPORT OF PLAINTIFF'S REQUEST FOR REMOVAL


The plaintiff in the above captioned civil action, places before this Honorable court a Memorandum of
Law in support of her motion filed with the court on August 31, 2007 for vacating judgment, removing
and remanding to Suffolk Superior Court as this court lacks subject matter jurisdiction and personal
jurisdiction over the parties in this civil matter.


Procedural History

The plaintiff in this action suffered disabling, economical and non-economical injuries in a fall on
Defendant Corporation's property on June 21, 2002 in the Commonwealth of Massachusetts.  Plaintiff's
former attorney filed this action in Suffolk Superior Court on May 19, 2005 (05-1983), service of
summons received on May 24, 2005 by defendant corporation's agent for service (*M.G.L. 227,5*). This
case was moved by defendant corporation, to the Federal District Court in Massachusetts on the
grounds of diversity of citizenship (*28 U.S.C. 1332*) on June 6, 2005.

On the face of plaintiff's complaint, the Federal District Court did not have original jurisdiction over this
matter prior to this action being moved, as it does not *'arise under'* Federal Question Jurisdiction *28
U.S.C. 1331*.  As Congress bestowed jurisdiction to the federal courts over "all cases in Law and Equity,
arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be
made, under their authority", this case does not raise a federal question.

Suffolk Superior Court did not reject this case as it appears to this plaintiff, there was no challenge to this move by plaintiff's former attorney rather, plaintiff's former attorney signed a Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction/Consent to the Exercise of Jurisdiction by a United States Magistrate Judge on July 12, 2005 (see *Exhibit 1*). As this document was signed on July 12, 2005, it does not affect jurisdiction as it is signed after removal and therefore, has no bearing on the jurisdictional issue raised on June 6, 2005 when the case was officially removed. It appears that subject matter jurisdiction can never be waived and that the judgment entered without subject matter jurisdiction in this case is void, 60 (b) (4).

## Jurisdiction of the Court

The jurisdiction in this case is governed under Massachusetts General Laws 223A, 1, 2, & 3. Plaintiff has requested on August 31, 2007 that this court, vacate the jury verdict, remove this case from the District Court and remand back to Suffolk Superior Court on the grounds that the District Court lacks subject matter jurisdiction, as there is no federal question of law to be decided by this court, and that the District Court lacks jurisdiction over the involved parties. The original jurisdiction of this action is with the State of Massachusetts as this is a State Law Claim.

Plaintiff's former attorney filed this case against the parent company Yum brands, Yum Brands then brought all of it's holding companies into the lawsuit and, it appears to this plaintiff, during a pre-trial Federal Rule 17 discovery conference, the 'real party in interest' KFC Corporation was named Fed. R. Civil. P. 41 (a) (1) (ii). (*See Exhibit 2*.) With removal of the Federal Question (diversity) this case should have moved immediately back to the original court jurisdiction, Suffolk Superior Court. *Caterpillar v. Lewis 519 US 61 6869 (1996.)*

As Yum was brought into this suit (*28 U.S. C. 1359*), the plaintiff is aware that Yum is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY, and is a separate and distinct corporate entity from KFC. Yum conducts separate directors' meetings from those of KFC; has separate directors and employees; it's assets are distinct from those of KFC; it is not responsible for the assets and liabilities of KFC; is not a retailer selling KFC food products; does not own any KFC restaurants in the State of Massachusetts; and, has no control over the day-to-day activities of KFC, therefore, Yum is not and was not responsible for the accident occurring on June 21, 2002 on the property of KFC in Roslindale, MA and not a party to the action between Gloria Brown and KFC.

-2-

KFC Corporation, a corporate citizen in the Commonwealth of Massachusetts which avails its self of the laws and benefits of the Commonwealth of Massachusetts; being licensed to do business in the Commonwealth of Massachusetts; doing a constant, systemic and sustained business daily in the Commonwealth and in plaintiff's community; and, has caused tortuous injury to a citizen of the Commonwealth of Massachusetts, brings this corporation under Massachusetts General Laws (223 A). The District Court, albeit powerful, does not have jurisdiction over this case, as this is a State Law claim.

On September 27, 2007, plaintiff was present at a hearing to determine whether plaintiff's former attorney or the attorney for KFC should be granted or refused the right of a new trial. Plaintiff, unfamiliar with the law, retained this memorandum of law to allow the court to rule on the new trial arguments by both. Plaintiff is wrong in her assumption that the court is entitled to make such a determination as this court lacks the subject matter jurisdiction to preside over this case in its entirety and that the court need not take under advisement the new trial motions by either attorney.

WHEREFORE, the District Court lacking subject matter and personal jurisdiction over the parties in this action, must remand this case under 28 U.S.C 1447c, as this is a state law claim. All proceedings held in the matter between Gloria Brown and KFC are void (Rule 60 (b) (4). This case requires no further involvement by the District Court except to remand . Plaintiff makes this request of this court under her guaranteed Fourteenth Amendment right to Due Process and Equal Protection of the Law.

Respectfully submitted,

Gloria Brown
Pro Se
80 Seminole Street
Hyde Park, MA  02136
617-233-5465

## CERTIFICATE OF SERVICE

I, Gloria Brown, certify that this document has been sent certified mail to KFC's attorney of record, Lawrence Holland, 55 Hammarlund Way, Middletown, RI 02842 on December 27, 2007

-3-

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

L. Holland
Legal Advancement Ser.
55 Hammerlund Way

Middletown, RI
02842

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7006 2150 0004 0954 9323

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

MIDDLETOWN RI 02842

| | |
|---|---|
| Postage | $ $0.59 | 0109 |
| Certified Fee | $2.65 | 20 |
| Return Receipt Fee (Endorsement Required) | $2.15 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $5.39 | 12/30/2007 |

Sent To
L. Holland Legal Mgat Svcs
Street, Apt. No.; or PO Box No.
55 Hammerlund Way
City, State, ZIP+4
Middletown, RI

7006 2150 0004 0954 9323

PS Form 3800, August 2006     See Reverse for Instructions

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

Gloria Brown
    Plaintiff
    v.

**EXHIBIT 9**

2001 SEP 24  P 1: 47
CIVIL ACTION NO.
05-11167 MBB
U.S. DISTRICT COURT
DISTRICT OF MASS.

KFC Corporation
    Defendant.

## MOTION TO REDACT OR REMOVE
## MINOR'S SENSATIVE INFORMATION IN THE PACER SYSTEM

The plaintiff in the Civil Action listed above requests this court to redact or remove sensitive, identifying, information entered into the Pacer System, without her legal guardian's knowledge in violation of the Privacy Act of 1974 (U.S. Code 5 ) and in violation of the **Children's On-line Privacy Protection Act of 1998** and the laws of decency.

This information, placed in the court records without regard to a minor child's privacy in this day and age is despicable.

It is plaintiff's contention that, since the court is now the keeper of the records placed therein, I would ask that the court make every effort to assist this plaintiff in preserving what is left of a child's privacy by redacting or removing information entered in violation of the law. Plaintiff, with permission from the court, will redact this information.

Respectfully submitted,

Gloria Brown, Pro Se Litigant
80 Seminole Street
Hyde Park, MA 02136
617-233-5465

*2/- page 2*

**United States District Court**
**District of Massachusetts**

## Notice of Electronic Availability of Case File Information
*AMENDED TO COMPLY WITH THE AUGUST 2, 2004 AMENDMENTS TO THE*
*E-GOVERNMENT ACT OF 2002*

The Office of the Clerk is now accepting electronically filed pleadings and making the content of these pleadings available on the court's Internet website via WebPACER. Any subscriber to WebPACER will be able to read, download, store and print the full content of electronically filed documents. The clerk's office will not make electronically available documents that have been sealed or otherwise restricted by court order.

In compliance with Local Rule (LR) 5.3, you should not include sensitive information in any document filed with the court unless such inclusion is necessary and relevant to the case. You must remember that any personal information not otherwise protected will be made available over the Internet via WebPACER. If sensitive information must be included, certain personal data identifiers must be partially redacted from the pleading, whether it is filed traditionally or electronically: Social Security numbers, financial account numbers, dates of birth and the names of minor children.

     a.    **Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.

     b.    **Names of minor children.** If the involvement of a minor child must be mentioned, only the initials of that child should be used.

     c.    **Dates of birth.** If an individual's date of birth must be included in a pleading, only the year should be used.

     d.    **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers should be used.

In compliance with the E-Government Act of 2002 and August 2, 2004 Amendments, a party wishing to file a document containing the personal data identifiers specified above may

    (a) file an unredacted document under seal pursuant to LR 7.2. This document shall be retained by the court as part of the record. Or
    (b) file a reference list under seal pursuant to LR 7.2. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its(their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete identifier. The reference list must be filed under seal, and may be amended as of right. It shall be retained by the court as part of the record.

The court may, however, still require the party to file a redacted copy for the public file.

✓ In addition, exercise caution when filing documents that contain the following.

1) Personal identifying number, such as driver's license number;
2) medical records, treatment and diagnosis;
3) employment history;
4) individual financial information; and
5) proprietary or trade secret information.

Counsel is strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. **If a redacted document is filed, it is the sole responsibility of counsel and the parties to be sure that all pleadings comply with the rules of this court requiring redaction of personal data identifiers. The clerk will not review each pleading for redaction.**

## SPECIAL NOTICE TO SOCIAL SECURITY ATTORNEYS

It is your responsibility to provide the U.S. Attorneys' office with the social security number of the plaintiff upon the filing of a new social security case.

UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2007 SEP 13  P 3 10

U.S. DISTRICT COURT
DISTRICT OF MASS.

Gloria Brown
    Plaintiff,

**EXHIBIT 10**

3 Pages

CIVIL ACTION NO:
05-11167-MBB

V.

KFC Corporation
    Defendant

## PLAINTIFF'S MOTION TO VACATE JUDGMENT
## REMOVE AND REMAND BACK TO STATE COURT
### Second Amended Motion

Plaintiff in Civil Case 05-11167-MBB requests this court to Overturn/Vacate the Judgment, Remove this case from the District Court and Remand Back to State Court on the following;

1.    Plaintiff, residing in the Commonwealth of Massachusetts at 80 Seminole Street, Hyde Park, MA sustained severe injuries after a fall at the KFC Restaurant located at 625 American Legion Highway, Roslindale, MA in the Commonwealth of Massachusetts.

2.    Defendant, KFC Corporation, having an enduring relationship in this state and regularly does, solicits business and engages in a continuous and systematic course of conduct, and derives substantial revenue from goods used or consumed in this state, allows this action to be heard in State Court and as such, defendant was duly served by complaint and summons at his Commonwealth of Massachusetts principal place of business as CT Systems Corporation, Boston, MA, this service was upon their registered agent, a citizen of the Commonwealth of Massachusetts, at that address under Title 28, U. S. Code 1391 (c).

3. Plaintiff's lawsuit filed in Suffolk Superior Court in May, 2005. As No Federal Question of Law needed to be decided in the District Court, this case was accepted at the State Court level on the face of the complaint. What now brings a federal question in this lawsuit?

4.      Defendant moved this case to District Court in June of 2005, on grounds of diversity of citizenship by joining parties that were not real parties of interest, but in doing so, enabled this case to be moved to ensure a better outcome for defendant for various reasons.

5.      During pre-trial conferences, stipulations were made by counsel for plaintiff and defendant, one of which was the stipulation as to who the real party of interest was, and is, KFC Corporation (Exhibit A).

6.      When joiners to this action, which were not "Real Parties of Interest" were removed, plaintiff asserts that:

   1.      This District Court did not and does not have jurisdiction over the real parties of interest in the suit tried before this court on August 6, 2007 as, Gloria Brown v. KFC Corporation;

   2.      There is No Federal Question of Law, Title 28, U. S. Code 1446 ( a ), to be addressed by this court and therefore, this case should be remanded back to State Court where the State has jurisdiction over the Corporation doing business in this State, and a Citizen of this State; and

   3.      Without Federal Question of Law and no jurisdiction over the subjects in this case, plaintiff under Title 28, U.S. Code 1441 ( c ) request that adherence to provision of that code provides, if at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded.

-2-

7.      Plaintiff takes offense to actions during pre-trial activities and other acts
surrounding fraudulent removing and alteration of plaintiff's sworn statements made
during deposition taken on May 11, 2006, KFC Corporation and it's counsel. Other
actions against this plaintiff have been defaming in nature by the act of placing written
documents before the presiding judge in this case, that were malicious and libelous and
harmful to this plaintiff *(Document 43 Defendant's Motion for an Order for Production of
Social Security Administration Records Concerning Plaintiff and Document 45,
Defendant's Motion for an Order Compelling Plaintiff to Execute and Provide to
Defendant A Social Security Administration Consent for Release of Information -
Exhibit's B and C)*, although the document requested was signed by plaintiff on July 23,
2006. Counsel and KFC will have to prove these allegations in a State court of law. The
actions taken against this plaintiff could be making it impossible for her to secure legal
counsel.

As the allegations stand, plaintiff will not seek sanctions under Federal Rule of Civil
Procedure 11 (b) (3) but will seek an alternate forum for redress.

The Plaintiff in this action request that this court will review this motion and rule
accordingly.

Respectfully submitted,


Gloria Brown, Pro Se Litigant
80 Seminole Street
Hyde Park, MA 02126
617-233-5465
Exhibit's A - B - C Included

## CERTIFICATE OF SERVICE
I, Gloria Brown, Pro Se Litigant, hereby certify that on September 11, 2007, I served
this document by Certified Mail (7007 1490 0003 0398 4395) to KFC Corporation,
through their counsel of record on August 9, 2007, L. Holland, Legal Management
Services, LLC, 55 Hammarlund Way, Middletown, RI 02842.

-3-

FILED
IN CLERKS OFFICE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2007 OCT -4 P 3: 04

U.S. DISTRICT COURT
DISTRICT OF MASS.

**EXHIBIT 11**

3 Pages

Gloria Brown
    Plaintiff

v.

KFC Corporation
    Defendant

CIVIL ACTION:
05-11167-MBB

## PLAINTIFF'S REQUEST FOR NEW TRIAL

Plaintiff in the above captioned civil action is requesting this Honorable Court to grant her a new trial based on the following:

1. Violation of plaintiff's 1st Amendment Right to Freedom of Speech.
2. Violation of plaintiff's 14th Amendment Right to Due Process.
3. Failure to name all defendants in this action F.R. Civil Procedure 19
4. Plaintiff's former attorney's silence in not notifying the court that plaintiff's sworn deposition had been altered. All harassing, oppressing and cruel statements and discussions have been removed (Exhibit 1).
5. Violation of plaintiff's 6th Amendment Right.
6. False evidence admitted in testimony of Dr. Feldmann allowed to stand without challenge.
7. Former Attorney of Record not present in court when the jury came in with questions. He stated to plaintiff that there was some issue.
8. Intentional, negligent misleading statements in closing argument by defense.

9. Fraud Upon The Court. Document 43 and Document 45 were created by the defense with reckless indifference to the truth and used to petition the court to act on false statements. Documents from the deposition relating to any questions asked of this plaintiff regarding Social Security Administration involvement ( Exhibit 2, page 24, 25,  26, 27, 28 & 29) are included with this motion.

10. Plaintiff under Federal Rule of Civil Procedure 60 (b) (4), again states that this court lacks jurisdiction.

Plaintiff in this action knows that the attorney for KFC deliberately, negligently and maliciously deceived the court and created facts to fit a need and then, used these fabricated documents to harm this plaintiff and to interfere with the impartiality of the court.

This plaintiff finds herself in the middle of a legal nightmare, an attorney on one side that is dishonest and deceitful in his motions before the court, and an attorney by his continued silence, allows this to happen.

This Plaintiff prays that this Honorable court not continue to take under advisement motion's from both these attorneys and to strike both the plaintiff's former attorney and the defendant' s motions for and against the plaintiff having a new trial. That the court allow her to amend her complaint to include the additional defendants, seal documents 43 and 45 from public view as they were intentionally and negligently placed before this court to harm this plaintiff, grant her a new trial or judgment as a matter of law on the merits of this case and against a attorney that would, under color of law, commit an extrinsic fraud as an alternative to the truth.  Plaintiff prays that this court will consider her motion to vacate, remove and remand.

-2-

Since this plaintiff is without counsel, not anything that I have said or will say in my own behalf should be attributed to my former attorney as he is removed from this case officially on August 17, 2007 by his own deed.

Respectfully submitted,

ORiginal-Signed

Gloria Brown, Pro Se Litigant
80 Seminole Street
Hyde Park, MA 02126
617-233-5465

October 3, 2007

## CERTIFICATE OF SERVICE

I, Gloria Brown, Pro Se Litigant, delivered this document to the District Court October 4, 2007 to be placed electronically in the Pacer System as a part of Civil Action 05-11167.

-3-

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**EXHIBIT 12**
**2 PAGES**

Gloria Brown
        Plaintiff,

        V.                                    CIVIL ACTION:
                                             05-cv-11167 (MBB)

Lawrence R. Holland, Jr. esq.
    (KFC Corporation)
        Defendant.


'PLAINTIFF IS RESTRICTED FROM FILING THIS MOTION AS

IT MAY DISAPEAR AS DID HER LAST MOTION FILED ON

' DECEMBER 28, 2007.'


## PLAINTIFF'S COMPLAINT FOR
## ATTORNEY MISCONDUCT
## AND REQUEST FOR EVIDENTIARY HEARING


**NOW COMES** the Plaintiff in the above titled action and presents
this motion to the court for attorney misconduct. As plaintiff
will file original documents in Suffolk Superior Court for
various acts committed against plaintiff, this court has
jurisdiction over matters involving violations against plaintiff

in Federal District Court, in the District of Massachusetts.

## Attorney Misconduct

1.   In Documents 43 and 45 placed before the court to obtain a subpoena, attorney Holland has violated Rules of Professional Conduct.  Attorney Holland requested a subpoena for information he had in his possession, it appears Judge Bowler overlooked that important factor. Attorney Holland's statements regarding the need for information, is in direct violation of Rules of Professional Conduct since he already had the information dated 7/23/06, when he filed the motion on 8/23/06.

## Civil Rights Violations (F.R.C.P 1983)

2. Plaintiff's Equal Protection of the Law and Due Process rights have been violation by defendant. By an Abuse of Process, in motion practice (Rule 11) and altering plaintiff's deposition of May 11, 2006.

## Violation of Federal Rule of Civil Procedure 1621

3. All Statements made in Documents 43 and 45 pertaining to case 05-11167-MBB concerning this plaintiff, were made with reckless disregard for the truth and authored with willful, and malicious intent to harm plaintiff in retaliation for her filing a lawsuit against KFC.

*Exhibit 13*

28

```
 1     A.    Y██ ████████████████ the Social Security
 2  Ad████████████████ did that. I d████████
 3     Q.    Di██████████████████ help you with the claim?
 4     A.    No.
 5     Q.    Yo██████████ on your own? Did ██████████st
 6  yo██████████ claim?
 7     A.    ████████████████████████
 8     Q.    Are you still receiving the payments?
 9     A.    Yes.
10     Q.    Ho███████████████████
11     A.    I do███████████
12     Q.    Wh██████████████████████
13     A.    First of the month.
14     Q.    Yo████████ remember --
15     A.    ███████████████████ry.
16     Q.    End█████████████?
17     A.    Mm-hm.
18     Q.    Yo██████ idea what the██████████s?
19     A.    No.
20     Q.    You can't approximate it for me?
21     A.    ██████████
22     Q.    ██████████
23     A.    ██████████
24     Q.    Have you ever made any other claims to the
```

LegaLink Boston, a Merrill Company
(617) 542-0039

Gloria Brown

# ExhiBit 13A

05/11/06

29

1    Social Security Administration for disability payments?

2         A.    No.

3         Q.    ▮▮▮▮▮▮▮▮▮▮ filed ▮▮▮▮

4    t▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5    i▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮?

6         A.    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Im sorry

7    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8    c▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9         ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was the ▮▮

10   I▮▮▮▮▮▮▮▮

11   ▮▮▮▮▮▮▮▮▮

12   ▮▮▮▮▮▮▮

13   Q.    Have you been ▮▮▮ th▮▮▮▮▮

14   ▮▮▮ es.

15   Q▮▮▮▮▮▮▮▮▮

16        A.    ▮▮▮▮▮▮▮▮▮▮▮▮▮ tion ▮

17   ▮▮ember the years.

18        Q.    Have you ever filed any claims or losses in

19   c▮▮▮▮▮▮▮▮▮▮▮▮▮ accidents?

20        A.    No.

21        Q.    ▮▮▮▮▮▮▮▮▮▮▮

22   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23        A.    No, I have not.

24        Q.    ▮▮▮▮▮▮▮▮▮▮▮ and ▮▮ ▮▮



*Exhibit 14*



Inbox
Junk
Drafts
Sent
Deleted
health form
Information
jlewis
things to ...

Today
Mail
Contacts
Calendar



Send    Save draft    Attach    Spell check    Set priority

Cancel

From:    gloriabrown~

To:    jLewis~

Subject:    RE: Brown v. KFC Corp.

✗ 🖿 🖿   Font Style ▾  Font Size ▾   **B**  *I*  <u>U</u>   ≡ ≡ ≡

≡ ≡ ≡ ≡      ✎ — ✐ A ▾





Rec'd your info. Mr. Lewis has not been removed from this case as of today. Gloria would also like, and request that she be informed when the HEARING will be before the judge. I would like at least 12 hours notice.

I would also ask if the firm knew about the defaming letter sent to the court to the judge concerning all of my past mental conditions, and all the times Mr. Holland told her I had been treated for my 'mental conditions' which was a lie. (Clearly, I have been wronged in this action.)

As you may or may not recall, I sent an email to the firm regarding holland changing my SWORN testimony during deposition. perhaps since it apparently was not brought before the court, he said and did what ever he wanted. I want you too or tell me how to have that crap sealed.

PLEASE let me know when the hearing is.

Also, if I was plugged, why would holland tell an one about the pictures? The pictures were taken because they kept asking an me to move so they could cover the hole and pretend it was covered when I arrived.

gb

>From: jLewis~
>To: gloriabrown~
>Subject: Brown v. KFC Corp.
>Date: Fri, 17 Aug 2007 13:55:37 GMT

http://bl111w.bl111.mail.live.com/mail/EditMessage...



**Windows Live Hotmail**    *Exhibit 15*    Page 1 of 2



| Inbox | New | Reply | Reply all | Forward | Delete |
| --- | --- | --- | --- | --- | --- |
| Junk | | | | | |
| Drafts | | Move to | | | Options |
| Sent | | | | | |
| Deleted | | | | | |

## (No Subject)

**g brown** (.....................)
Tue 11/27/07 1:53 PM
JLewis ..........com (jlewis................)

John or Larry,

I have left phone messages and have resorted to sending an e-mail as I have a few questions that need answers,

1. Can you provide me with a copy of the stipulation that you and holland agreed on please. I would like to see how it is worded as it appears that the trial I had was on liability, and damages, when in fact, you told me that they had already accepted liability through their negligence.

2. I just saw the information provided by Dr. Cioia and it is a fabrication of the truth. as I said before, in court, this person never examined me and that holland and company used these mis-statements against me in court. Do you have any other information from Cioia in your possession?, if so I will need what you have.

3. Document #45. Defendant's motion for an order compelling plaintiff to execute and provide to defendant a social security administration consent for release of information that was submitted to the court after I signed the original one on July 23, 2006. this document, had you read it, was filled with slanderous remarks. These remarks were attributed to my answer during the deposition of May 11, 2006. Holland in such a liar, he has committed perjury in document 43 and 45, and I just want to know if he sent it to you or did he send it directly to the judge? If you carefully read these documents, you will note why I took offense at the jury remaking about me calling the jury. She could have't holland said he believed that I was the person he was writing about. Thus the reason for the rift between us.

4. Do you have copies of both notes sent by the jury?

5. have you heard from judge bowler on the status of my form a.

Sincerely,

Gloria