UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ZOO7 DEC 28  P 2: 08

GLORIA BROWN
PLAINTIFF,

V.

KFC CORPORATION
DEFENDANT.

CIVIL ACTION

NO.  05-CV-11167MBB


## MEMORANDUM OF LAW

### IN SUPPORT OF PLAINTIFF'S REQUEST FOR REMOVAL


The plaintiff in the above captioned civil action, places before this Honorable court a Memorandum of Law in support of her motion filed with the court on August 31, 2007 for vacating judgment, removing and remanding to Suffolk Superior Court as this court lacks subject matter jurisdiction and personal jurisdiction over the parties in this civil matter.


Procedural History

The plaintiff in this action suffered disabling, economical and non-economical injuries in a fall on Defendant Corporation's property on June 21, 2002 in the Commonwealth of Massachusetts.  Plaintiff's former attorney filed this action in Suffolk Superior Court on May 19, 2005 (05-1983), service of summons received on May 24, 2005 by defendant corporation's agent for service (*M.G.L. 227,5*). This case was moved by defendant corporation, to the Federal District Court in Massachusetts on the grounds of diversity of citizenship (*28 U.S.C. 1332*) on June 6, 2005.

On the face of plaintiff's complaint, the Federal District Court did not have original jurisdiction over this matter prior to this action being moved, as it does not *'arise under'* Federal Question Jurisdiction *28 U.S.C. 1331*. As Congress bestowed jurisdiction to the federal courts over "all cases in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority", this case does not raise a federal question.

Suffolk Superior Court did not reject this case as it appears to this plaintiff, there was no challenge to this move by plaintiff's former attorney rather, plaintiff's former attorney signed a Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction/Consent to the Exercise of Jurisdiction by a United States Magistrate Judge on July 12, 2005 (*see Exhibit 1*). As this document was signed on July 12, 2005, it does not affect jurisdiction as it is signed after removal and therefore, has no bearing on the jurisdictional issue raised on June 6, 2005 when the case was officially removed. It appears that subject matter jurisdiction can never be waived and that the judgment entered without subject matter jurisdiction in this case is void, 60 (b) (4).

## Jurisdiction of the Court

The jurisdiction in this case is governed under Massachusetts General Laws 223A, 1, 2, & 3. Plaintiff has requested on August 31, 2007 that this court, vacate the jury verdict, remove this case from the District Court and remand back to Suffolk Superior Court on the grounds that the District Court lacks subject matter jurisdiction, as there is no federal question of law to be decided by this court, and that the District Court lacks jurisdiction over the involved parties. The original jurisdiction of this action is with the State of Massachusetts as this is a State Law Claim.

Plaintiff's former attorney filed this case against the parent company Yum brands, Yum Brands then brought all of it's holding companies into the lawsuit and, it appears to this plaintiff, during a pre-trial Federal Rule 17 discovery conference, the 'real party in interest' KFC Corporation was named Fed. R. Civil. P. 41 (a) (1) (ii). (*See Exhibit 2.*) With removal of the Federal Question (diversity) this case should have moved immediately back to the original court jurisdiction, Suffolk Superior Court. *Caterpillar v. Lewis 519 US 61 6869 (1996.)*

As Yum was brought into this suit (*28 U.S. C. 1359*), the plaintiff is aware that Yum is incorporated under the laws of the State of North Carolina, with its principal place of business in Louisville, KY, and is a separate and distinct corporate entity from KFC. Yum conducts separate directors' meetings from those of KFC; has separate directors and employees; it's assets are distinct from those of KFC; it is not responsible for the assets and liabilities of KFC; is not a retailer selling KFC food products; does not own any KFC restaurants in the State of Massachusetts; and, has no control over the day-to-day activities of KFC, therefore, Yum is not and was not responsible for the accident occurring on June 21, 2002 on the property of KFC in Roslindale, MA and not a party to the action between Gloria Brown and KFC.

KFC Corporation, a corporate citizen in the Commonwealth of Massachusetts which avails its self of the laws and benefits of the Commonwealth of Massachusetts; being licensed to do business in the Commonwealth of Massachusetts; doing a constant, systemic and sustained business daily in the Commonwealth and in plaintiff's community; and, has caused tortuous injury to a citizen of the Commonwealth of Massachusetts, brings this corporation under Massachusetts General Laws (223 A). The District Court, albeit powerful, does not have jurisdiction over this case, as this is a State Law claim.

On September 27, 2007, plaintiff was present at a hearing to determine whether plaintiff's former attorney or the attorney for KFC should be granted or refused the right of a new trial. Plaintiff, unfamiliar with the law, retained this memorandum of law to allow the court to rule on the new trial arguments by both. Plaintiff is wrong in her assumption that the court is entitled to make such a determination as this court lacks the subject matter jurisdiction to preside over this case in its entirety and that the court need not take under advisement the new trial motions by either attorney.

WHEREFORE, the District Court lacking subject matter and personal jurisdiction over the parties in this action, must remand this case under 28 U.S.C 1447c, as this is a state law claim. All proceedings held in the matter between Gloria Brown and KFC are void (Rule 60 (b) (4). This case requires no further involvement by the District Court except to remand . Plaintiff makes this request of this court under her guaranteed Fourteenth Amendment right to Due Process and Equal Protection of the Law.

Respectfully submitted,

Gloria Brown
Pro Se
80 Seminole Street
Hyde Park, MA 02136
617-233-5465

**CERTIFICATE OF SERVICE**

I, Gloria Brown, certify that this document has been sent certified mail to KFC's attorney of record, Lawrence Holland, 55 Hammarlund Way, Middletown, RI 02842 on December 27, 2007.

-3-

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT    *Exhibit 1*

For the _____    District of _____ **Massachusetts** _____

Gloria Brown

Plaintiff

V.

Yum! Brands, Inc. and LOJON Property II, LLC

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: 05-11167-MLW
SCANNED

DATE: _7-13-05_

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| Gloria Brown | | July 12, 2005 |
| Yum! Brands, Inc. & Lojon Property II, LLC | | July 8, 2005 |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _MJ Bowler_
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_7/14/05_
Date

_Mark L Wolf by_ _____
United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GLORIA BROWN,<br>    Plaintiff | )<br>)<br>) | |
| | ) | |
| v. | )<br>) | CIVIL ACTION<br>NO. 05-CV-11167-MBB |
| | ) | |
| YUM! BRANDS, INC., ET AL.,<br>    Defendants | )<br>) | |

**STIPULATION OF DISMISSAL OF DEFENDANTS
YUM! BRANDS, INC., KFC OF AMERICA, INC.
AND KFC NATIONAL MANAGEMENT, INC. ONLY**

Plaintiff and defendants, by their attorneys, pursuant to Fed. R. Civ. P.

41(a)(1)(ii), hereby voluntarily stipulate to the dismissal of defendants Yum! Brands,

Inc., KFC of America, Inc., and KFC National Management, Inc. from this action.  Yum!

Brands, Inc., by its counsel, further stipulates that to the extent plaintiff obtains a final

judgment that exhausts the assets and/or insurance of KFC Corporation, Yum! Brands,

Inc. will satisfy the amount in excess of KFC Corporation's assets and/or insurance.

Respectfully submitted,

The Parties,
By their attorneys,

The plaintiff
By her attorneys

John N. Lewis
BBO# 298520
JOHN N. LEWIS & ASSOCIATES
21 Merchants Row, 5th Floor
Boston, MA  02109
(617) 523-0777

The Defendants,
By their Attorneys,

Lawrence R. Holland
BBO# 554839
Legal Management Services, LLC
55 Hammarlund Way
Middletown, RI 02842
(401) 843-8400