```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

GLORIA BROWN,
    Plaintiff,

    v.                                               CIVIL ACTION NO.
                                                             05-11167-MBB

KFC CORPORATION,
    Defendant.

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S REQUEST FOR NEW TRIAL (DOCKET ENTRY # 102);**
**MOTION TO REDACT OR REMOVE INFORMATION IN THE PACER SYSTEM**
**<u>(DOCKET ENTRY # 98)</u>**

**June 13, 2008**

**BOWLER, U.S.M.J.**

    Pending before this court are the above styled motions. With respect to the motion to redact or remove certain information from the electronic document filing system ("ECF") (Docket Entry # 98), plaintiff Gloria Brown ("plaintiff") fails to identify where in the record the personal information was disclosed and the content of the personal information at issue. She therefore fails to overcome the presumed right of public access to the material filed or otherwise contained in the record in this case. See <u>In re Boston Herald, Inc.</u>, 321 F.3d 174, 180-181 (1st Cir. 2003) (discussing presumption of public access).

    In the alternative, this court is not an executive branch of the government and therefore not an agency within the meaning of the "Privacy Act," a citation by plaintiff that this court

assumes refers to 5 U.S.C. § 552a.  See 5 U.S.C. § 552(e) (defining agency).  If, however, plaintiff wishes to place sensitive or personal information under seal, she may file a motion identifying the material in the ECF system that she contends should be placed under seal and the exact place in the record that the information is disclosed in the ECF system.

    Turning to the motion for a new trial filed on October 4, 2007 (Docket Entry # 102), it is untimely as to all of the allegations and arguments set forth in items one through nine.  See Fed. R. Civ. P. 59(b).  Item ten seeks relief under Rule 60(b)(4), Fed. R. Civ. P., which is denied.  The exercise of diversity jurisdiction was proper as explained in the ruling on Docket Entry # 88.

    Item nine alleges the existence of a fraud upon the court based on certain deposition questions and motions seeking social security information.  Even if construed as a Rule 60(b)(3) motion, plaintiff did not object at her deposition to the questions which, in any event, were relevant and do not provide a basis for finding a fraud upon the court.  Moreover, the motions for the release of social security records and the execution of a consent form (Docket Entry ## 43 & 45) sought relevant information, see Robinson v. United States, 205 F.R.D. 104, 107 (W.D.N.Y. 2001) (allowing motion to compel social security records and ordering the plaintiff to provide the defendant with authorization permitting release of records in slip and fall

personal injury action); Boggess v. Gannett Corp., 2006 WL 3759541 at * 1 (W.D.Ark. Dec. 18, 2006) (noting, albeit in employment discrimination case, that social security records "bear directly on income"); Morris v. Arizona Beverage Co., L.L.C., 2004 WL 5333303 at * 1 (S.D.Fla. Feb. 13, 2004) (allowing motion requiring the plaintiff to sign release for production of social security records), and do not rise the level of a fraud upon the court.  See generally Fernandez v. Leonard, 963 F.2d 459, 462 (1st Cir. 1992) (setting out standard for when a fraud upon the court occurs).

## CONCLUSION

Accordingly, in light of the above discussion, the motion to redact or remove information in the ECF system or information otherwise contained in the record (Docket Entry # 98) as well as the motion for a new trial (Docket Entry # 102) are **DENIED**.

                                           /s/ Marianne B. Bowler
                                          **MARIANNE B. BOWLER**
                                          United States Magistrate Judge