**United States District Court**

**District of Massachusetts**

GLORIA BROWN
    Plaintiff,

v.                                         Civil Action 05-cv-11167 MBB

KFC CORPORATION
    Defendant.

**Plaintiff's Request for Relief from Judgment Federal Rule of Civil Procedure 60 b (For Attorney Misconduct (Fraud, Obstructing Justice, Tampering with Evidence, Perjury, False Statements to a Judge - Fraud Upon the Court), Lack of Jurisdiction By This Court To Render Judgment Under F.R.Civ. P. 1391 in the Matter between Gloria Brown v. KFC.**

It is the request of the plaintiff again, that this court void all proceedings held in the matter of Gloria Brown v. KFC Corporation, based on information presented to the court over the last ten months and this motion to the court based on:

### 1. Lack of Jurisdiction

The court lacks jurisdiction in the matter of Gloria Brown v. KFC Corporation as outlined in the Federal Rule Civil Procedure 1391 as this matter falls within the jurisdiction of Massachusetts General Law 214. Although plaintiff placed her Memorandum of Law in support of remand with the court on December 28, 2007, it finds its way to the Electronic Filing System in April of 2008. It appears that the court's failure to post plaintiff's motion (this and others) was designed to conceal the motion, and aid defendant. The defendant was also served the motion, registered mail. Thus, plaintiff's motion should be granted. Plaintiff's proof of mailing is outlined in Motion for Recusal placed with the court on March 13, 2008.

## 2. Yum Not A Party To This Case But Remains Listed In Court Records

Yum Brands, as outlined in an affidavit of L. Gregg, further acknowledges that Yum is not and has never been a party to the action thus the action heard on August 6, 2006 was solely between Gloria Brown and KFC. (See Exhibit of Linda J. Gregg, dated August 25, 2005, entered into court records on September 2, 2005). Again, Yum is not a party to this action and their name must be removed from the court's documents entered after September 2, 2005.

Under Federal Rule 1391 (a) and specifically (e) which states, "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts".

As plaintiff has stated numerous times, this court held a civil proceeding in which it lacked jurisdiction.

The jurisdiction for the events that occurred on June 21, 2002, on defendant KFC's property fall under the jurisdiction of Massachusetts General Laws, in that KFC avails itself of the laws of this state, does a constant and systemic business in this state in plaintiff's community, thus KFC does not escape jurisdiction, especially after Yum was removed. I would hope that this information along with plaintiff's Memorandum Of Law in Support, placed with the court on December 28, 2007 and entered into the system for defendant to see on April 7, 2008 will be addressed soon.

### 3. Attorney Misconduct

The Plaintiff in this action has shown clear and convincing evidence that defense attorney offered to this court false statements and committed perjury in motions before the court, thus he committed Fraud Upon The Court, yet the court fails to act and allows the defendant to violate plaintiff's constitutional rights, specifically due process and equal protection of the law.

### 4. Rule 60 (b)... Provides in part that 'on motion and upon such terms as are just, the court may relieve a party'.

This plaintiff is entitled to a new trial because of the fraud and perjury committed in this case by attorney Holland. Evidence has been presented to the court by motion of defense attorney providing false statements and fraud, and that those fraudulent, perjured statements still prevent plaintiff from gaining access to the court.

### 5. Alteration of Documents in the District Court

After this plaintiff began reviewing documents at the district court, it is quite apparent that not only a specific document (notation 88.1) was altered (which plaintiff has), in May 2008, plaintiff observed that the document history has been altered. As the plaintiff is aware that this action by the district court is done to mislead the plaintiff and anyone that would help her, the plaintiff has copies of the docket entries from December 28, 2007 when she placed her Memorandum Of Law with the court. Further, in February, plaintiff noticed again, that the docket entry sheets had been altered from the December version and has a copy of such, which is **entirely** different from the docket entry sheets printed in May of 2008. The actions of the district court are against this plaintiff's due process and equal protection of the law in violation of those clauses of the Fourteenth Amendment to the Constitution.

6. **Plaintiff's Motions Placed With The Court**

In viewing documents placed with the court, the docket entry of 9/10/07 (before alteration) states that on September 27, 2007 a hearing will be held on motions; 79, 80, 81, 82, 83, 89, 90, 91, 92 and 93. Motions 81 and 92 (at that time entered by the plaintiff) were not heard on September 27, 2007 as stated in the electronic order, and remain outstanding.

7. **Perjury Charge Against Attorney Holland**

Plaintiff notified the court in several documents, dated October 4, 2007 and December 28, 2007 that attorney Holland had presented false statements to the court. Not only has he placed false statements before the court, that the court acted upon, he commits perjury after altering plaintiff's deposition, plaintiff's due process rights violated. The seriousness of these accusations should have been addressed in a much more timely fashion.

Respectfully submitted,

_____/s/_____

Gloria Brown
80 Seminole Street
Hyde Park, MA  02136

June 13, 2008


**CERTIFICATE OF SERVICE**

**I, Gloria Brown, hereby certify that on June 16, 2008, I served this document to KFC Corporation and their counsel of record, Lawrence Holland, Legal Management Services, LLC, 55 Hammarlund Way, Middletown, RI  02842 by delivery and Registered Mail.**